FILED

OCT 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAFONZO R. TURNER,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>B. M. CASH, individual and Warden, in her official capacity; et al.,<br><br>　　　　Defendants - Appellees. | No. 14-56504<br><br>D.C. No. 2:14-cv-04758-UA-AGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief Judge, Presiding

Submitted October 14, 2015[**]

Before:　　SILVERMAN, BERZON, and WATFORD, Circuit Judges.

　　Lafonzo R. Turner, a California state prisoner, appeals pro se from the district court's order denying his request to proceed in forma pauperis ("IFP") in his 42 U.S.C. § 1983 action alleging various constitutional violations. We have

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion the denial of leave to proceed IFP, and review de novo a determination that a complaint lacks arguable substance in law and fact.  *Tripati v. First Nat. Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987).  We vacate and remand.

The district court properly concluded that Turner's complaint failed to state a claim.  *See id.* at 1370.  However, a case decided after the district court's ruling held that "a district court's denial of leave to proceed in forma pauperis is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile."  *Rodriguez v. Steck*, 795 F.3d 1187 (9th Cir. 2015) (order).  The district court did not determine whether amendment would be futile and did not give Turner leave to amend.  Moreover, it appears that Turner may have intended to allege an excessive force claim, which the district court did not address.  Accordingly, we vacate and remand for further proceedings.

**VACATED and REMANDED.**