UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAFONZO R. TURNER, | ) | NO. CV 14-4758-JVS (AGR) |
|         Plaintiff, | ) | |
| | ) | ORDER |
|     v. | ) | |
| B.M. CASH, et al., | ) | |
|         Defendants. | ) | |

On November 20, 2015, Plaintiff, a *pro se* state inmate, filed a civil rights complaint along with a motion for a Temporary Restraining Order ("TRO") and preliminary injunction. No defendant has yet been served.

Federal Rule of Civil Procedure 65 limits the circumstances under which a court may issue a TRO without notice to an opposing party. A court may issue a TRO without notice only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b).

The Defendants named in Plaintiff's complaint are the Warden and various prison officers and employees at California State Prison, Los Angeles County (CSP-LAC) in

Lancaster, California. (Complaint ¶¶ 1-20, Dkt. No. 20.) Plaintiff's complaint states that "[t]he events giving rise to the lawsuit took place in Lancaster State Prison." (*Id.* ¶ 21.)

Plaintiff seeks a TRO to enjoin Defendants to "take appropriate course of action to make Plaintiff single cell to ensure his safety and rehabilitative needs" and to "hold a classification hearing to make Plaintiff single cell . . . [to] ensure Plaintiff is not subjected to any cruel and unusual punishment by way of in cell fights and to assi[s]t in [] rehabili[ta]tive in cell conditions that are conducive [to] positive mental and physical health." (Proposed Order, Dkt. No. 21-1.)

Plaintiff acknowledges that he is now housed at California State Prison, Sacramento (CSP-SAC) and is no longer housed at CSP-LAC. (Plaintiff Decl., Dkt. No. 22 at ¶ 2.) His transfer renders his claims for injunctive relief moot. *See Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *see also Norsworthy v. Beard*, 802 F.3d 1090, 1092 (9th Cir. 2015).

For this same reason, Plaintiff has not stated any specific facts showing immediate and irreparable injury, loss or damage before the adverse party can be heard in opposition to his motion for a TRO. Nor has Plaintiff shown any reasons why notice to the Defendants should not be required. Fed. R. Civ. P. 65(b). Plaintiff has not shown that he is likely to suffer any irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008) (standards for preliminary injunction).

IT IS HEREBY ORDERED that Plaintiff's motion for TRO and preliminary injunction is DENIED.

Date: December 10, 2015

JAMES V. SELNA
United States District Judge