UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFONZO R. TURNER,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>B.M. CASH, et al.,<br><br>　　　　Defendants. | NO. CV 14-04758-JVS (AGR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　　The court submits this Report and Recommendation to the Honorable James V. Selna, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California.  For the reasons set forth below, the magistrate judge recommends that Plaintiff be granted leave to file the Proposed Second Amended Complaint; that all official capacity and due process claims in that complaint be dismissed without leave to amend; and that Defendants' motion to dismiss be denied in all other respects.

# I.

# PROCEDURAL BACKGROUND

On November 20, 2015, Plaintiff, proceeding pro se and in forma pauperis, filed a civil rights complaint under 42 U.S.C. § 1983. On December 9, 2015, Plaintiff filed a First Amended Complaint ("FAC"). The FAC named as defendants the following prison officials at California State Prison-Los Angeles County ("CSP-LAC"): Warden Cash; Captain Buechter; Captain Fortson; Lieutenant Cain; Lieutenant Fernandez (sued as "Galpon"); Lieutenant Cromwell; Sergeant K. Thomas; Correctional Officers N. Romero, Pollard, Puckett, Spencer, Fears, Godina (sued as "Gordina"), and Mendoza; and psychiatric technicians Lett and Crawford (sued as "Crowford"). Defendants Buechter, Cain, Cash, Crawford, Fortson, and Lett were sued in their individual and official capacities. The other defendants were sued solely in their individual capacity.

On March 22, 2016, Defendants filed a motion to dismiss the FAC under Fed. R. Civ. P. 12(b)(6). On May 6, 2016, Plaintiff filed an Opposition and a request to file an amended complaint, accompanied by a proposed Second Amended Complaint ("PSAC"). On May 19, 2016, Defendants filed a "Reply in Support of Motion to Dismiss First Amended Complaint and Partial Opposition to Plaintiff's Request to File Second Amended Complaint."

# II.

# ALLEGATIONS IN FAC

This action arises out of Plaintiff's cell extraction on June 26, 2010. Plaintiff alleges he was "peacefully protest[ing]" his cell management status in his cell. (FAC at 6.)[1] At about 9:00 a.m., psychiatric technicians Crawford and Lett came to his cell. (*Id.* at 5.) Plaintiff said custody intended "to torture and deprive [him] of all his basic human necessities by the use of unnecessary force." They said

---

[1] The PSAC clarifies that he was protesting his placement on management cell status. (PSAC ¶¶ 20-22.)

2

he was coming out of the cell one way or another. (*Id.* at 5.) At around 11:17 a.m., Fernandez (Galpon) and Cromwell also spoke with Plaintiff. (*Id.* at 10.)

At 12:45 p.m., Captain Fortson authorized the use of force, including chemical agents, to extract Plaintiff from his cell. (*Id.* at 6.) Plaintiff suffers from asthma and is a mental health patient. (*Id.*) At around 1:00 p.m., Lieutenant Cain ordered Sergeant Thomas to deploy pepper spray "every 1 to 2 minute[]s continually for 45 minutes." (*Id.* at 7.) Thomas sprayed pepper spray into Plaintiff's cell eleven times between 1:05 p.m. and 1:38 p.m. (*Id.* at 8-9.) He then instructed the cell extraction team to enter Plaintiff's cell. (*Id.* at 9.) Defendants Pollard, Romero, Puckett, Spencer, and Fears punched, kicked, and choked Plaintiff both before and after he was handcuffed, and Thomas stood by and encouraged them. (*Id.* at 9, 11-12.)

After Plaintiff was dragged out of his cell, Pollard, Romero, Puckett, Spencer, and Fears took his "basic human necessities," including his medical devices and legal property. (*Id.* at 12.) Godina was present during the cell extraction but did not intervene. (*Id.* at 13.) Plaintiff later saw him throwing away his law books, documents and personal effects. (*Id.*) When Plaintiff asked why, Godina told him: "This is what happen[]s when you disobey order[]s, write appeals, and ass[a]ult staff." (*Id.*)

Defendants Crawford, Cromwell, Fernandez and Lett were present during the cell extraction but did not intervene. (*Id.* at 5, 10, 13.) Afterwards Cromwell and Fernandez ordered their subordinates to take away all of Plaintiff's "basic human necessities," including his mattress, and did not stop them from throwing away his legal and other property. (*Id.* at 10.)

Mendoza video-recorded the cell extraction. (*Id.* at 12.) Plaintiff contends Mendoza intentionally pointed the camera away when Plaintiff was beaten. (*Id.*)

Plaintiff suffered lacerations, abrasions, and bruises to his face, head, arms, back and legs. (*Id.* at 4.) He experienced severe pain, was knocked

unconscious and was burned by excessive pepper spray. (*Id.*) The loss of his legal property caused him to lose a civil case and a criminal appeal. (*Id.*) Plaintiff's due process rights were violated when a disciplinary hearing was not conducted within applicable time limits. (*Id.*) He filed an administrative appeal regarding the incident, but it was lost or destroyed by CSP-LAC staff. (*Id.*)

The FAC contains ten overlapping claims asserting violations under the Eighth and Fourteenth Amendments. (FAC at 4-13.) Plaintiff seeks compensatory and punitive damages. (*Id.* at 14.)

## III.
## MOTION

Defendants contend that the only cognizable claims in the FAC are the Eighth Amendment claims against Cain, Cromwell, Crawford, Fears, Fernandez, Fortson, Godina, Lett, Mendoza, Pollard, Puckett, Romero, Spencer, and Thomas, in their individual capacity. (Opp. at 1, 16; Reply at 2 n.1.) They have moved to dismiss the following claims: (1) all due process claims; (2) Eighth Amendment claims against Buechter and Cash; and (3) all official capacity claims. (Opp. at 5-14.)

Plaintiff contends that the PSAC cures the deficiencies of the FAC. Defendants do not oppose granting Plaintiff leave to file the PSAC to the extent it asserts individual-capacity Eighth Amendment claims against Cain, Cromwell, Crawford, Fears, Fernandez, Fortson, Godina, Lett, Mendoza, Pollard, Puckett, Romero, Spencer, and Thomas, but contend that all other claims should be dismissed for the same reasons asserted against the FAC.

## IV.
## DISCUSSION

The court recommends that the PSAC be filed as a Second Amended Complaint ("SAC") and that Defendants' motion be deemed a motion to dismiss (1) all due process claims; (2) Eighth Amendment claims against Buechter and

4

Cash; and (3) all official capacity claims in the SAC. Because the parties have briefed the issues as to the PSAC, no purpose would be served by entertaining another round of motions.

### A. Plaintiff's Request for Leave to File the PSAC

"Courts may freely grant leave when justice so requires, and public policy strongly encourages courts to permit amendments." *Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008) (citing Fed. R. Civ. P. 15(a)(2)). Even so, leave to amend "is not to be granted automatically." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and quotation marks omitted). Rather, "[t]he court considers five factors in assessing the propriety of leave to amend — bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). These factors are not given equal weight. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id*.

Defendants do not oppose the filing of the PSAC to the extent it states individual capacity Eighth Amendment claims against Cain, Cromwell, Crawford, Fears, Fernandez, Fortson, Godina, Lett, Mendoza, Pollard, Puckett, Romero, Spencer, and Thomas. (Reply at 2 n.2.) They correctly point out that the PSAC states these claims in a more structured manner than the FAC. (*Id.* at 3.)

The PSAC continues to assert Eighth Amendment claims against Buechter and Cash, and due process claims against all defendants. It also asserts official capacity claims against all defendants. (Opp. at 2-3; *see* PSAC at 5.) The court deems the Defendants' motion as a motion to dismiss those claims in the PSAC.

### B. Defendants' Motion to Dismiss

#### 1. Legal Standards

To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (citations omitted).

In reviewing a complaint, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("labels and conclusions" or "formulaic recitation of the elements of a cause of action" are insufficient). A "naked assertion" without factual enhancement is insufficient. *Id.* at 557. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint is subject to dismissal. *Iqbal*, 556 U.S. at 679.

As a general rule, the court must limit its review to the operative complaint and may not consider facts presented in briefs or extrinsic evidence. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Materials submitted as part of the complaint are not "outside" the complaint and may be considered. *Id.*; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Even if documents are not physically attached to the complaint, they may be considered if their authenticity is uncontested and the complaint necessarily relies on them. *Lee,* 250 F.3d at 688.

A *pro se* complaint is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Before dismissing a *pro se* civil rights complaint

6

for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is clear the deficiencies cannot be cured by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Nevertheless, "[u]nder Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

### 2. Fourteenth Amendment Claims

Plaintiff asserts each of his claims under the Fourteenth as well as Eighth Amendment. Liberally construed, the PSAC attempts to state due process claims based on (1) the June 26, 2010 cell extraction, (2) the confiscation of Plaintiff's property after the cell extraction, (3) the mishandling of his administrative appeal, and (4) failure to hold a disciplinary hearing. Plaintiff fails to state a due process claim under any of these theories.

#### a. Cell Extraction

"There are no procedural due process protections related to cell extractions." *Vickers v. Thompson*, 1:15-cv-00129-DLB (PC), 2016 WL 310160, at *5 (E.D. Cal. Jan. 26, 2016); *Parks v. Falge*, No. 3:06-cv-00405-RJC-VPC, 2008 WL 763240, at *4 (D. Nev. Mar. 19, 2008) (dismissing due process claim based on pepper spray during cell extraction). Plaintiff's excessive force claim based on the June 26, 2010 cell extraction arises under the Eighth Amendment and cannot be recast as a procedural due process claim. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1093-94 (9th Cir. 1986) (rejecting inmate's attempt to parlay Eighth Amendment claim into due process claim because, among other things, "[n]o amount of process can justify subjecting a prisoner to cruel and unusual punishment"), *overruled on other grounds by Sandin v. Conner,* 515 U.S. 472 (1995). Nor can Plaintiff assert a substantive due process claim on this basis. He is a convicted prisoner entitled to the protections of the Eighth

7

Amendment and must bring his excessive force claims under that Amendment. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.") (internal quotation marks and citation omitted).

Because these deficiencies cannot be cured by amendment, it is recommended that this claim be dismissed without leave to amend.

### b. Deprivation of Property

Plaintiff complains about destruction of his personal property after his cell extraction. (*E.g.*, PSAC ¶ 57.)

An unauthorized intentional deprivation of property under color of state law does not violate due process if state law provides a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir. 1994). The Ninth Circuit has held that California law provides an adequate post-deprivation remedy for property deprivations caused by public officials. *Id.* It is immaterial whether a plaintiff succeeds in obtaining redress through these remedies; it is their mere existence that bars him from pursuing a § 1983 due process claim. *Willoughby v. Luster,* 717 F. Supp. 1439, 1443 (D. Nev. 1989); *see Dennison v. Ryan*, 522 Fed. Appx. 414, 418 (9th Cir. 2013) (inmate's inability to access grievance procedure regarding property loss did not render postdeprivation remedy inadequate under *Hudson*).

In his Opposition, Plaintiff cites *Zinermon v. Burch*, 494 U.S. 113 (1990). (Opp. at 2.) *Zinermon* clarified that post-deprivation remedies do not satisfy due process when the deprivation is authorized and predictable and pre-deprivation process is practicable. *Id.* at 129-32; *Zimmerman v. City of Oakland*, 255 F.3d 734, 738-39 (9th Cir. 2001). Plaintiff does not contend that the unauthorized

confiscation was carried out pursuant to established state procedures. *See Hudson,* 468 U.S. at 532-33.

Plaintiff's claim cannot be cured by amendment. It is recommended that this claim be dismissed without leave to amend.[2]

### c. Administrative Appeal

To the extent Plaintiff asserts a due process claim based on his allegation that unidentified CSP-LAC prison officials lost or destroyed his administrative appeal, he fails to state a claim. Plaintiff has no constitutionally protected interest in the prison grievance system. *See Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.

---

[2] Plaintiff may also be attempting to state a claim for interference with his right of access to courts. "To state this type of access-to-courts claim, an inmate must plausibly allege active interference and actual injury." *Hathaway v. Cote*, 622 F. App'x 701, 702 (9th Cir. 2015) (citing *Silva v. DiVittorio*, 658 F.3d 1090, 1102-03 (9th Cir. 2011)). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (quoting *Lewis v. Casey*, 518 U.S. 343, 348 (1996)). Here, Plaintiff has alleged active interference in that his legal books and papers were confiscated or destroyed. (FAC at 12, 13.) He attempts to allege actual injury by alleging that the confiscation of his legal property resulted in the loss of "both a civil action and [a] criminal appeal." (FAC at 4.) He does not identify these cases further, but in the PSAC he alleges that he "lost civil case # [blank] and his first habeas corpus challenging the criminal conviction of his unlawful incarceration." (PSAC ¶ 61.)

The records of Plaintiff's relevant civil rights and habeas actions demonstrate that they were dismissed for reasons unrelated to loss of his legal papers. *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that we may take judicial notice of judicial proceedings in other courts."). In *Turner v. Sacramento County Sheriff*, No. CV 09-117 WBS KJN P (E.D. Cal.), the magistrate judge recommended granting summary judgment on Plaintiff's excessive force claims based on his failure to raise a genuine dispute regarding whether he was in custody when the incident occurred and regarding any policy or practice of the sheriff's department. (*Id.,* Dkt. No. 108 [also at *Turner v. Sacramento County Sheriff*, 2011 WL 1811028 (E.D. Cal. May 10, 2011].) The district court accepted the recommendation on July 11, 2011, and the Ninth Circuit affirmed. (*Id.,* Dkt. Nos. 114, 125.) Plaintiff's habeas petition, *Turner v. Cash*, Case No. C 12-0381-LHK (PR), was dismissed as untimely on December 18, 2012. (*Id.,* Dkt. No. 19 [also at *Turner v. Cash*, 2012 WL 6597379 (N.D. Cal. Dec. 18, 2012)].) According to the dismissal order, even assuming Plaintiff received equitable tolling from June 26, 2010, the cell extraction date, through June 6, 2011, when he received his legal property, the petition was still untimely. *Turner*, 2012 WL 6597379, at *3-4. Accordingly, Plaintiff cannot allege actual injury.

9

1988) ("There is no legitimate claim of entitlement to a grievance procedure."); *see also Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure"). For this reason, he cannot assert a due process claim based solely on the handling of his grievances. *See McCoy v. Roe*, 509 Fed. Appx. 660, 660 (9th Cir. 2013) (affirming dismissal of claims arising from defendants' processing of grievances).

Given that this claim cannot be cured by amendment, it is recommended this claim be dismissed without leave to amend.

### d. Disciplinary Hearing

Due process entitles a prisoner to the following procedural protections at a disciplinary hearing: (1) 24-hour advance written notice of the disciplinary charge; (2) an impartial hearing body; (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in the prisoner's defense; (4) assistance from staff or another inmate if the prisoner is illiterate or the issues are complex; and (5) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563–572 (1974).

However, a prisoner is entitled to these procedural protections only if the disciplinary action implicates a protected liberty interest. *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003); *see Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake.") A prisoner has a state-created liberty interest in good time credits that affect the length of his incarceration. *Wolff*, 418 U.S. at 556-57. When no forfeiture of time credits is involved, the prisoner must show a liberty interest arising from an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Plaintiff has alleged neither a liberty interest nor any violation of the *Wolff* procedural safeguards. To the extent Plaintiff alleges that a disciplinary hearing was held outside applicable time constraints, time limits established by state regulations do not implicate Plaintiff's federal due process rights. The Due Process Clause requires only compliance with the procedures outlined in *Wolff*; it does not mandate that prisons comply with their own more generous rules. *Walker v. Sumner*, 14 F.3d 1415, 1419-1420 (9th Cir. 1994) (explaining that if state procedures rise above floor set by Due Process clause, state could fail to follow its own procedures yet still provide sufficient process to survive constitutional scrutiny), *overruled on other grounds by Sandin*.

In his Opposition and PSAC, Plaintiff contends he was placed on 10 days of cell management status without a hearing after three disciplinary violation reports. (Opp. at 2; PSAC ¶¶ 20-22, 59-61.) Under Cell Management Status, an inmate is restricted in the amount of property he has in his cell. (PSAC ¶ 22; *see Williams v. Verduzco*, 2006 U.S. Dist. LEXIS 49927, *8 (E.D. Cal. July 19, 2006).

Plaintiff must allege facts showing that his deprivations on cell management status imposed an atypical and significant hardship in relation to ordinary incidents of prison life. *Sandin*, 515 U.S. at 484; *see Wilkinson*, 545 U.S. at 221. Plaintiff alleges that, in June 2010, he was deprived of all clothing except a T-shirt and underwear, bedding, legal materials, canteen, access to the recreation yard, and medical devices. (PSAC ¶ 22.) These allegations are insufficient to allege a liberty interest. *See Ekene v. Cash*, No. CV 10-7878-DDP (DTB), 2011 WL 7971746, at *1, 5-6 (C.D. Cal. Sept. 13, 2011) (10-day placement on management cell status involving deprivation of "legal papers, clothing, blankets, bedsheets, toiletries, and Bible" did not give rise to liberty interest), *accepted by*, 2012 WL 1951100 (C.D. Cal. May 30, 2012); *Demerson v. Woodford,* No. 1:08-cv-00144-SMS PC, 2009 WL 498199, at *4 (E.D. Cal. Feb. 29, 2009) (dismissing

11

due process claim for failure to allege facts showing liberty interest in not being placed on management cell status).

Because this claim cannot be cured by amendment, it is recommended that this claim be dismissed without leave to amend.[3]

### 3. Eighth Amendment Claims Against Cash and Buechter

Defendants contend that Plaintiff fails to state Eighth Amendment claims against Cash and Buechter.

Each government official "is only liable for his or her own misconduct." *Iqbal,* 556 U.S. at 677. Supervisory officials are not liable under § 1983 for the actions of their subordinates on any theory of vicarious liability. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989). A defendant may be held liable as a supervisor under § 1983 if there exists either (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). The causal connection may be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, that the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. *Id.* at 1207–08. "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation;

---

[3] The PSAC repeatedly mentions "equal protection." (PSAC ¶¶ 36, 45, 64, 66, 68.) The Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To state an equal protection claim under § 1983, a plaintiff must allege that the defendant acted with an intent or purpose to discriminate because of the plaintiff's membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The PSAC does not allege that Plaintiff was treated differently from similarly situated inmates and therefore fails to state an equal protection claim under any theory.

or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1208 (citation omitted).

Plaintiff argues that the PSAC cures the deficiencies of his Eighth Amendment claims against Cash and Buechter. (Opp. at 3.) The PSAC alleges that Cash and Buechter, as supervisors, failed to train and "during Plaintiff's incident had prior knowledge and consented to said use of force." (PSAC ¶ 56.)

Although Plaintiff's factual allegations are not a model of clarity, Plaintiff appears to be alleging that Cash and Buechter failed to train officers in cell extraction and consented to the use of force against him during the cell extraction. It is recommended that Defendants' motion to dismiss the Eighth Amendment claims against Cash and Buechter be denied without prejudice to renewal upon motion for summary judgment.

### 4. Official Capacity Claims

Plaintiff has sued Buechter, Cain, Cash, Crawford, Fortson, and Lett in their official as well as individual capacity.

A suit against a state officer in his or her official capacity is "another way of pleading an action against [the] entity of which [the] officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citations omitted). "Suits against state officials in their official capacity therefore should be treated as suits against the State." *Id.*

In *Will v. Michigan Department of State Police*, 491 U.S. 58, 64-66 (1989), the Supreme Court held that states and state agencies are not "persons" subject to civil rights suits under § 1983. Moreover, the Eleventh Amendment prohibits federal jurisdiction over claims against a state unless the state has consented to suit or Congress has abrogated its immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). California has not consented to be sued under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a state's Eleventh Amendment immunity. *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (citing *Atascadero State Hosp.*

*v. Scanlon,* 473 U.S. 234, 241 (1985) and *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985)).

Although the Eleventh Amendment does not bar official capacity claims against state officials for prospective injunctive relief to end a continuing violation of federal law, *see Ex parte Young*, 209 U.S. 123, 155-57 (1908), the PSAC seeks only damages. (PSAC at 19.) In fact, Plaintiff cannot seek injunctive relief from CSP-LAC officials because he has been transferred to another prison. *See Dilley v. Gunn,* 64 F.3d 1365, 1368-69 (9th Cir. 1995) (transfer to another prison generally moots inmate's claims for injunctive relief).

Accordingly, it is recommended that Plaintiff's official capacity claims be dismissed without leave to amend.[4]

## V.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the district court issue an order (1) accepting this Report's findings and recommendation; (2) granting Plaintiff leave to file the PSAC as a Second Amended Complaint; (3) granting in part and denying in part Defendants' motion to dismiss; (4) dismissing all official capacity claims and due process claims in the Second Amended Complaint without leave to amend; and (5) denying the motion to dismiss in all other respects.

DATED: November 2, 2016

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

---

[4] In light of the court's recommendation, it is unnecessary to reach Defendants' qualified immunity argument.