XAVIER BECERRA
Attorney General of California
GRETCHEN K. BUECHSENSCHUETZ
Supervising Deputy Attorney General
DANIELLE R. HEMPLE
Deputy Attorney General
State Bar No. 287982
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 620-2559
  Fax:  (213) 897-7604
  E-mail:  Danielle.Hemple@doj.ca.gov
*Attorneys for Defendants*
*M. Buechter, A. Cain, B. Cash, L. Crawford,*
*T. Cromwell, A. Fears, J. Fernandez (Galpon),*
*C. Fortson, M. Godina, S. Lett, J. Mendoza,*
*B. Pollard, W. Puckett, N. Romero, C. Spencer,*
*and K. Thomas*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **LAFONZO R. TURNER,**<br><br>                        Plaintiff,<br><br>v.<br><br>**B. M. CASH, et al.,**<br><br>                      Defendants. | 2:14-cv-04758 JVS (AGR)<br><br>**ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Judge:     The Honorable<br>               Alicia G. Rosenberg<br>Trial Date:  Not set<br>Action Filed: June 19, 2014 |

     Defendants M. Buechter, A. Cain, B. Cash, L. Crawford, T. Cromwell, A. Fears, J. Fernandez (Galpon), C. Fortson, M. Godina, S. Lett, J. Mendoza, B. Pollard, W. Puckett, N. Romero, C. Spencer, and K. Thomas ("Defendant") answer the Second Amended Complaint ("SAC," ECF No. 94) filed by Plaintiff Lafonzo R. Turner ("Plaintiff") as follows. Unless expressly admitted, Defendants deny all factual allegations in the SAC to which a response is required under Federal Rule of

Civil Procedure 8(b)(1)(B); any admission made herein is limited to the exact language of the stated response.

1. The "Jurisdiction" section on page 1 of the SAC[1] sets forth conclusions of law to which no response is required; however, Defendants admit that jurisdiction is proper.

2. Answering paragraph 1 of the "Defendants" section on page 2, Defendants admit that Defendant B. Cash was employed as the Warden of California State Prison, Los Angeles County ("CSP-LAC"), located in Lancaster.

3. Answering paragraph 2 of the "Defendants" section on page 2, Defendants admit that Defendant C. Fortson was employed as a captain at CSP-LAC.

4. Answering paragraph 3 of the "Defendants" section on page 2, Defendants admit that Defendant M. Buechter was employed as a captain at CSP-LAC.

5. Answering paragraph 4 of the "Defendants" section on page 2, Defendants admit that Defendant A. Cain was employed as a lieutenant at CSP-LAC.

6. The "Previous Lawsuits" section on page 2 does not contain allegations asserted against Defendants and, therefore, no response is required.

7. Answering paragraph 5 of the "Defendants" section on page 3, Defendants admit that Defendant N. Romero was employed as a correctional officer at CSP-LAC.

8. Answering paragraph 6 of the "Defendants" section on page 3, Defendants admit that Defendant C. Spencer was employed as a correctional officer at CSP-LAC.

---

[1] References to page numbers of the SAC correspond to those designated by the Court's CM/ECF system.

9. Answering paragraph 7 of the "Defendants" section on page 3, Defendants admit that Defendant B. Pollard was employed as a correctional officer at CSP-LAC.

10. Answering paragraph 8 of the "Defendants" section on page 3, Defendants admit that Defendant A. Fears was employed as a correctional officer at CSP-LAC.

11. Answering paragraph 9 of the "Defendants" section on page 4, Defendants admit that Defendant W. Puckett was employed as a correctional officer at CSP-LAC.

12. Answering paragraph 10 of the "Defendants" section on page 4, Defendants admit that Defendant J. Mendoza was employed as a correctional officer at CSP-LAC.

13. Answering paragraph 11 of the "Defendants" section on page 4, Defendants admit that Defendant M. Godina was employed as a correctional officer at CSP-LAC.

14. Answering paragraph 12 of the "Defendants" section on page 4, Defendants admit that Defendant K. Thomas was employed at CSP-LAC.

15. Answering paragraph 13 of the "Defendants" section on page 5, Defendants admit that Defendant T. Cromwell was employed as a lieutenant at CSP-LAC.

16. Answering paragraph 14 of the "Defendants" section on page 5, Defendants admit that Defendant J. Fernandez (Galpon) was employed as a lieutenant at CSP-LAC.

17. Answering paragraph 15 of the "Defendants" section on page 5, Defendants admit that Defendant S. Lett was employed as a psychiatric technician at CSP-LAC.

///
///

18. Answering paragraph 16 of the "Defendants" section on page 5, Defendants admit that Defendant L. Crawford was employed as a psychiatric technician at CSP-LAC.

19. Answering the statement on page 5 that "ALL DEFENDANTS ARE SUED IN THEIR INDIVIDUA[L] & OFFICIAL CAPACITY [sic]," Defendants admit that they are sued in their individual capacities. Defendants deny that this case proceeds against them in their official capacities.[2]

20. Answering paragraph 1 on page 6, Defendants deny the allegations contained therein.

21. Answering paragraph 2 on page 6, Defendants deny the allegations contained therein.

22. Answering paragraph 17 on page 6, Defendants admit that on June 26, 2010, Plaintiff was in the custody of the California Department of Corrections and Rehabilitation at CSP-LAC. Defendants admit that Plaintiff was a participant in the Mental Health Services Delivery System at the CCCMS level of care.

23. Answering paragraph 18 on page 6, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

24. Answering paragraph 19 on page 6, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

25. Answering paragraph 19 on page 6, Defendants admit that at approximately 7:20 a.m. on June 26, 2010, Defendant Thomas approached Plaintiff's cell (Facility A, Building 4, Cell 136), which was solely occupied by Plaintiff.

---

[2] On December 5, 2016, the District Court dismissed without leave to amend all official-capacity claims in the SAC. (ECF No. 93.)

26. Answering paragraph 20 on page 6, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

27. Answering paragraph 21 on page 6, Defendants deny that any Defendant violated Plaintiff's due process rights. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, deny those allegations.

28. Answering paragraph 22 on pages 6–7, Defendants deny that they acted unlawfully. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, deny those allegations.

29. Answering paragraph 5, subparagraph a on page 6, Defendants admit the allegations contained therein.

30. Answering paragraph 5, subparagraph b on page 6, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

31. Answering paragraph 5, subparagraph c on page 6, Defendants deny the allegations contained therein.

32. Answering paragraph 5, subparagraph d on page 6, Defendants deny the allegations contained therein.

33. Answering paragraph 3, subparagraph 23 on page 7 of the SAC, Defendants admit that when Defendant Thomas approached Plaintiff's cell at approximately 7:20 a.m. on June 26, 2010, Defendant Thomas made several attempts to make contact with Plaintiff to find out why Plaintiff was covering his door. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, deny those allegations.

///

34. Answering paragraph 25 on page 7, Defendants admit that at approximately 7:50 a.m. on June 26, 2010, Defendant Cain ordered Plaintiff to remove the coverings from his cell door. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, deny those allegations.

35. Answering paragraph 26 on page 7, Defendants deny that they intended to deprive Plaintiff of his basic human needs. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, deny those allegations.

36. Answering paragraph 27 on page 7, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

37. Answering paragraph 28 on page 8, Defendants admit that Defendant Cain ordered Defendant Thomas to assemble a cell extraction team on June 26, 2010.

38. Answering paragraph 29 on page 8, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

39. Answering paragraph 30 on page 8, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

40. Answering paragraph 31 on page 8, Defendants deny that Defendant Fernandez told Plaintiff that Plaintiff was being denied due process. Defendants deny that Defendant Fernandez asked Plaintiff to comply with an unlawful order. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, deny those allegations.

///

1  41. Answering paragraph 32 on page 8, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

42. Answering paragraph 33 on page 9, Defendants admit that Defendant Fortson ordered Plaintiff to remove the coverings from his cell. Defendants deny that Defendant Fortson asked Plaintiff to comply with an unlawful order. Defendants lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, deny those allegations.

43. Answering paragraph 34 on page 9, Defendants admit that Defendant Fortson authorized the cell extraction of Plaintiff on June 26, 2010. Defendants admit that Defendants Cain and Thomas identified themselves to Plaintiff. Defendants admit that Defendant Cain read the cell extraction admonishment to Plaintiff. Defendants lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, deny those allegations.

44. Answering paragraph 35 on page 9, Defendants admit the allegations contained therein.

45. Answering paragraph 36 on page 9, Defendants deny the allegations contained therein.

46. Answering paragraph 37 on page 9, Defendants admit that at approximately 1:06 p.m. on June 26, 2010, Defendant Thomas deployed a burst of MK-9 cell buster into Plaintiff's cell.

47. Answering paragraph 38 on page 9, Defendants admit that at approximately 1:08 p.m. on June 26, 2010, Defendant Thomas deployed a burst of MK-9 cell buster into Plaintiff's cell.

///
///

1    48.  Answering paragraph 39 on page 10, Defendants admit that at approximately 1:09 p.m. on June 26, 2010, Defendant Thomas deployed a burst of MK-9 cell buster into Plaintiff's cell.

49.  Answering paragraph 40 on page 10, Defendants admit that at approximately 1:13 p.m. on June 26, 2010, Defendants Fears and Stewart utilized the X-10 Barricade Removal Device to move Plaintiff's mattress. Defendants admit that at approximately the same time, Defendant Thomas deployed a burst of Z-505 pepper spray into Plaintiff's cell.

50.  Answering paragraph 41 on page 10, Defendants admit that at approximately 1:16 p.m. on June 26, 2010, Defendant Thomas deployed a burst of Z-505 pepper spray into Plaintiff's cell.

51.  Answering paragraph 42 on page 10, Defendants admit that at approximately 1:20 p.m. on June 26, 2010, Defendant Thomas deployed one T-16 grenade into Plaintiff's cell.

52.  Answering paragraph 43 on page 10, Defendants admit that at approximately 1:24 p.m. on June 26, 2010, Defendants Fears and Stewart utilized the X-10 Barricade Removal Device. Defendants admit that at approximately the same time, Defendant Thomas deployed a burst of Z-505 pepper spray into Plaintiff's cell.

53.  Answering paragraph 44 on page 10, Defendants admit that at approximately 1:27 p.m. on June 26, 2010, Defendants Fears and Stewart utilized the X-10 Barricade Removal Device. Defendants admit that at approximately the same time, Defendant Thomas deployed a burst of Z-505 pepper spray into Plaintiff's cell. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, deny those allegations.

54.  Answering paragraph 45 on page 11, Defendants deny the allegations contained therein.

55. Answering paragraph 46 on page 11 of the SAC, Defendants admit that at approximately 1:30 p.m. on June 26, 2010, Defendant Thomas deployed a T-16 grenade into Plaintiff's cell.

56. Answering paragraph 47 on page 11, Defendants admit that at approximately 1:38 p.m. on June 26, 2010, Defendants Fears and Stewart utilized the X-10 Barricade Removal Device. Defendants admit that at approximately the same time, Defendant Thomas deployed a burst of Z-505 pepper spray into Plaintiff's cell.

57. Answering paragraph 48 on page 11, Defendants admit the allegations contained therein.

58. Answering paragraph 49 on pages 11–12, Defendants admit that members of the cell extraction team entered Plaintiff's cell at approximately 1:48 p.m. on June 26, 2010. Defendants deny the remaining allegations contained in this paragraph.

59. Answering paragraph 50 on page 12, Defendants deny the allegations contained therein.

60. Answering paragraph 51 on page 12, Defendants deny the allegations contained therein.

61. Answering paragraph 52 on page 12, Defendants deny the allegations contained therein.

62. Answering paragraph 53 on page 12, Defendants admit that Defendant Puckett placed Plaintiff into leg restraints on June 26, 2010. Defendants deny the remaining allegations contained in this paragraph.

63. Answering paragraph 54 on page 12, Defendants admit that Defendant Romero placed Plaintiff into handcuffs on June 26, 2010. Defendants deny the remaining allegations contained in this paragraph.

///
///

64. Answering paragraph 55 on page 13, Defendants admit that Defendant Mendoza videotaped the cell extraction on June 26, 2010. Defendants deny the remaining allegations contained in this paragraph.

65. Answering paragraph 56 on page 13, Defendants deny the allegations contained therein.

66. Answering paragraph 57 on page 13, Defendants deny the allegations contained therein.

67. Answering paragraph 58 on page 13, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

68. Answering paragraph 59 on page 14, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

69. Answering paragraph 60 on page 14, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

70. Answering paragraph 61 on page 14, Defendants deny the allegations contained therein.

71. Answering paragraph 1 on page 15, Defendants deny the allegations contained therein.

72. Answering paragraph 2 on page 15, Defendants deny the allegations contained therein.

73. Answering paragraph 3 on page 15, Defendants admit that any participation of Defendants Cash, Fortson, Buechter, Cain, Fernandez, and Cromwell in the cell extraction that took place at CSP-LAC on June 26, 2010, was under the color of law.

///

///

74. Answering paragraph 62 on page 15, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

75. Answering paragraph 63 on page 15, Defendants deny the allegations contained therein.

76. Answering paragraph 64 on page 15, Defendants deny the allegations contained therein.

77. Answering paragraph 65 on page 15, Defendants deny the allegations contained therein.

78. Answering paragraph 66 on page 15, Defendants deny the allegations contained therein.

79. Answering paragraph 1 on page 16, Defendants deny the allegations contained therein.

80. Answering paragraph 2 on page 16, Defendants deny the allegations contained therein.

81. Answering paragraph 3 on page 16, Defendants admit that any participation of Defendants Thomas, Romero, Pollard, Fears, Puckett, Mendoza, and Godina in the cell extraction that took place at CSP-LAC on June 26, 2010, was under the color of law.

82. Answering paragraph 67 on page 16, Defendants deny the allegations contained therein.

83. Answering paragraph 68 on page 16, Defendants deny the allegations contained therein.

84. Answering paragraph 69 on page 16, Defendants deny the allegations contained therein.

85. Answering paragraph 70 on page 16, Defendants deny the allegations contained therein.

///

86. Answering paragraph 1 on page 17, Defendants deny the allegations contained therein.

87. Answering paragraph 2 on page 17, Defendants deny the allegations contained therein.

88. Answering paragraph 3 on page 17, Defendants admit that any participation of Defendants Lett and Crawford in the cell extraction that took place at CSP-LAC on June 26, 2010, was under the color of law.

89. Answering paragraph 71 on page 17, Defendants deny the allegations contained therein.

90. Answering paragraph 72 on page 17, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

91. Answering paragraph 73 on page 17, Defendants deny the allegations contained therein.

92. Answering the statement on page 17 that "THE ALLEGATIONS CONTAINED IN PARAGRAPHS 1 THROUGH 73 INCLUSIVE ARE HEARBY [sic] INCORPORATED BY REFFERANCE [sic]," Defendants incorporate by reference their responses in paragraphs 1–92 of this Answer.

93. Answering paragraph 74 on page 17, Defendants deny the allegations contained therein.

94. Answering paragraph 75 on page 18, Defendants deny the allegations contained therein.

95. Answering paragraph A of the "Prayers for Relief" section on page 18, Defendants deny the allegations contained therein.

96. Answering paragraph B of the "Prayers for Relief" section on page 18, Defendants deny that Plaintiff is entitled to the form of relief requested or to any form of relief.

///

97. Answering paragraph C of the "Prayers for Relief" section on page 18, Defendants deny that Plaintiff is entitled to the form of relief requested or to any form of relief.

98. Answering paragraph D of the "Prayers for Relief" section on page 18, Defendants deny that Plaintiff is entitled to the form of relief requested or to any form of relief.

99. Answering paragraph 4 on page 18, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

100. Answering the "Request for Relief" section on page 19, Defendants deny that Plaintiff is entitled to the form of relief requested or to any form of relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

As separate and affirmative defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff did not exhaust the available administrative remedies provided by the California Department of Corrections and Rehabilitation prior to bringing this lawsuit; therefore, his federal claims are barred under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

### SECOND AFFIRMATIVE DEFENSE

Defendants did not deprive Plaintiff of any clearly established right, privilege, or immunity guaranteed to him by the Constitution or laws of the United States. In light of established law, Defendants reasonably believed that their conduct was lawful. Defendants therefore assert their qualified immunity from monetary liability.

### THIRD AFFIRMATIVE DEFENSE

Defendants acted within the scope of their discretion with due care, in good-faith fulfillment of his responsibilities under applicable statutes, rules, regulations, and practices, reasonably under all circumstances known to them, and with the

good-faith belief that their actions comported with all applicable federal and state laws.

## FOURTH AFFIRMATIVE DEFENSE

Defendants' actions were reasonably related to achieving legitimate penological goals.

## FIFTH AFFIRMATIVE DEFENSE

Each Defendant cannot be held individually liable for the acts or omissions of another person; therefore, they are not liable for damages based on vicarious liability.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff suffered any injuries or damages from the facts alleged in the SAC, such injuries or damages were the result of Plaintiff's own negligent, unlawful, or deliberate actions, and he is thereby estopped from seeking relief for such injuries or damages.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any injuries or damages, Plaintiff failed to mitigate such injuries or damages, thereby precluding or limiting recovery for such injuries or damages.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants did not act with malicious intent to deprive Plaintiff or any other person of any constitutional right or to cause any other injury; therefore, Defendants are not liable for compensatory, punitive, exemplary, or any other damages.

## NINTH AFFIRMATIVE DEFENSE

Defendants assert that, to the extent that Plaintiff seeks attorney's fees, his entitlement to such fees is limited in whole or in part by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(d).

///

///

## TENTH AFFIRMATIVE DEFENSE

Because the SAC contains vague and conclusory allegations, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, Defendants may seek to amend this Answer to assert additional affirmative defenses if and after Plaintiff's allegations and theories of liability become clear.

## PRAYER

Defendants pray for judgment as follows:

(a) That Plaintiff take nothing by this action and that judgment be rendered in favor of Defendants;

(b) That Defendants be awarded costs of suit and attorney's fees; and

(c) That Defendants be awarded such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by jury in this action.

Dated: June 16, 2017

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
GRETCHEN K. BUECHSENSCHUETZ
Supervising Deputy Attorney General

/s/ Danielle R. Hemple
DANIELLE R. HEMPLE
Deputy Attorney General
*Attorneys for Defendants*
M. Buechter, A. Cain, B. Cash, L. Crawford, T. Cromwell, A. Fears, J. Fernandez (Galpon), C. Fortson, M. Godina, S. Lett, J. Mendoza, B. Pollard, W. Puckett, N. Romero, C. Spencer, and K. Thomas

LA2016600251
62305152.doc

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Turner, R, Lafonzo v. B. M. Cash, et al.** | No. | **2:14-cv-04758 JVS (AGR)** |

I hereby certify that on **June 16, 2017**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

# ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On **June 16, 2017**, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Lafonzo R. Turner, G-05794
Salinas Valley State Prison
P.O. Box 1050
Salinas, CA  93960-1050
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 16, 2017**, at Los Angeles, California.

| | |
|---|---|
| J. Garcia | */s/ J. Garcia* |
| Declarant | Signature |

48170-286-LA2016600251
62433927.doc