XAVIER BECERRA
Attorney General of California
GRETCHEN K. BUECHSENSCHUETZ
Supervising Deputy Attorney General
DANIELLE R. HEMPLE
Deputy Attorney General
State Bar No. 287982
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 620-2559
  Fax:  (213) 897-7604
  E-mail:  Danielle.Hemple@doj.ca.gov
*Attorneys for Defendants*
*M. Buechter, A. Cain, B. Cash, L. Crawford,*
*T. Cromwell, A. Fears, J. Fernandez (Galpon),*
*C. Fortson, M. Godina, S. Lett, J. Mendoza,*
*B. Pollard, W. Puckett, N. Romero, C. Spencer,*
*and K. Thomas*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LAFONZO R. TURNER,**<br><br>Plaintiff,<br><br>**v.**<br><br>**B. M. CASH, et al.,**<br><br>Defendants. | 2:14-cv-04758 JVS (AGR)<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT BASED ON PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:        The Honorable<br>               Alicia G. Rosenberg<br>Action Filed: June 19, 2014 |

**TO PLAINTIFF LAFONZO R. TURNER, PRO SE:**

**PLEASE TAKE NOTICE** that Defendants M. Buechter, A. Cain, B. Cash, L. Crawford, T. Cromwell, A. Fears, J. Fernandez (Galpon), C. Fortson, M. Godina, S. Lett, J. Mendoza, B. Pollard, W. Puckett, N. Romero, C. Spencer, and K. Thomas ("Defendants") hereby move this Court under Federal Rule of Civil Procedure 56 for summary judgment based on the failure of Plaintiff Lafonzo R. Turner ("Plaintiff"), to exhaust available administrative remedies prior to filing suit, as

1   required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

2   Defendants are entitled to judgment as a matter of law because there is no genuine

3   dispute of material fact that Plaintiff did not exhaust the available administrative

4   remedies as to his claims asserted in this lawsuit, which requires dismissal of this

5   action without prejudice.

6        This Motion is based on this Notice of Motion and Motion for Summary

7   Judgment; the accompanying Memorandum of Points and Authorities; the

8   [Proposed] Statement of Uncontroverted Facts and Conclusions of Law; the

9   Declaration of M. Voong; all pleadings and papers on file in this action; and such

10   other matters as the Court may deem appropriate. Pursuant to the Court's June 19,

11   2017 Order (ECF No. 112), because Plaintiff is currently in custody, no hearing

12   date is requested or noticed.

13   Dated:  July 7, 2017                          Respectfully submitted,

14                                                 XAVIER BECERRA
                                                   Attorney General of California
15                                                 GRETCHEN K. BUECHSENSCHUETZ
                                                   Supervising Deputy Attorney General
16

17

18                                                 /s/ Danielle R. Hemple
                                                   DANIELLE R. HEMPLE
19                                                 Deputy Attorney General
                                                   *Attorneys for Defendants*
20                                                 *M. Buechter, A. Cain, B. Cash,*
                                                   *L. Crawford, T. Cromwell, A. Fears,*
21                                                 *J. Fernandez (Galpon), C. Fortson,*
                                                   *M. Godina, S. Lett, J. Mendoza,*
22                                                 *B. Pollard, W. Puckett, N. Romero,*
                                                   *C. Spencer, and K. Thomas*

23

24

25

26

27

28

2

# TABLE OF CONTENTS

**Page**

Memorandum of Points and Authorities...................................................................1

Introduction ............................................................................................................1

Background..............................................................................................................1

     I.     Summary of Allegations in the Operative Complaint. .......................1

     II.    Procedural History ............................................................................3

Summary of Uncontroverted Facts.........................................................................4

Grounds for Motion ................................................................................................5

Standard on Motion ................................................................................................5

Argument.................................................................................................................7

     I.     Compliance with the Prison Litigation Reform Act's exhaustion requirement is a mandatory prerequisite to bringing federal claims in a prisoner civil rights action .................................................7

     II.    Plaintiff failed to exhaust his available administrative remedies regarding the claims brought in this action.........................................7

Conclusion.............................................................................................................10

i

1

# TABLE OF AUTHORITIES

2

3

**Page**

4

## CASES

5

*Albino v. Baca,*
   747 F.3d 1162 (9th Cir.) (en banc) ...................................................5, 6

6

*Anderson v. Liberty Lobby, Inc.,*
   477 U.S. 242 (1986)........................................................................ 6

7

8

*Brodheim v. Cry,*
   584 F.3d 1262 (9th Cir. 2009) ........................................................ 8

9

*Brown v. Valoff,*
   422 F.3d 926 (9th Cir. 2005) .......................................................... 8

10

11

*Cano v. Taylor,*
   739 F.3d 1214 (9th Cir. 2014) ........................................................ 8

12

*Celotex Corp. v. Catrett,*
   477 U.S. 317 (1986)........................................................................ 6

13

14

*Collier v. Brown,*
   635 F. Supp. 2d 1144 (C.D. Cal. 2009) ........................................... 8

15

*Draper v. Rosario,*
   836 F.3d 1072 (9th Cir. 2016) ........................................................ 8

16

17

*Ford v. Johnson,*
   362 F.3d 395 (7th Cir. 2004) .......................................................... 8

18

*Jones v. Bock,*
   549 U.S. 199 (2007)....................................................................5, 7

19

20

*Lira v. Herrera,*
   427 F.3d 1164 (9th Cir. 2005) .....................................................5, 7

21

*McKinney v. Carey,*
   311 F.3d 1198 (9th Cir. 2002) (per curiam)..................................5, 7

22

23

*Porter v. Nussle,*
   534 U.S. 516 (2002)........................................................................ 7

24

*Ross v. Blake,*
   578 U.S. ---, 136 S. Ct. 1850 (2016)............................................... 7

25

26

*Vaden v. Summerhill,*
   449 F.3d 1047 (9th Cir. 2006) ........................................................ 8

27

*Woodford v. Ngo,*
   548 U.S. 81 (2006)......................................................................... 7

28

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**RULES**

Federal Rule of Civil Procedure 56 ........................................................... 6

Federal Rule of Civil Procedure 56(a) ....................................................... 6

**CONSTITUTIONAL PROVISIONS**

U.S. Const. amend. VIII ...................................................................... 3, 4

U.S. Const. amend. XIV ......................................................................... 3

**FEDERAL STATUTES**

42 U.S.C. § 1983 ............................................................................ 4, 7

Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) .............. 1, 5, 6, 7, 8

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants M. Buechter, A. Cain, B. Cash, L. Crawford, T. Cromwell, A. Fears, J. Fernandez (Galpon), C. Fortson, M. Godina, S. Lett, J. Mendoza, B. Pollard, W. Puckett, N. Romero, C. Spencer, and K. Thomas ("Defendants") respectfully submit the following Memorandum of Points and Authorities in support of their Motion for Summary Judgment.

## INTRODUCTION

As a prison inmate bringing federal civil rights claims with respect to prison conditions, Plaintiff Lafonzo R. Turner ("Plaintiff") was required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), to exhaust available administrative remedies before initiating this action. His failure to do so requires dismissal of his claims and this action without prejudice.

## BACKGROUND

### I.   SUMMARY OF ALLEGATIONS IN THE OPERATIVE COMPLAINT.

The following summary of the allegations in the operative Second Amended Complaint ("SAC," ECF No. 94) is presented for the limited purpose of establishing the allegations and claims that Plaintiff was required to exhaust prior to bringing this lawsuit. Defendants do not admit the allegations, nor do they concede that the allegations are undisputed, material, or state cognizable claims for relief.

Starting on June 25, 2010, while incarcerated at California State Prison, Los Angeles County ("CSP-LAC"), Plaintiff "peaceful[ly] protest[ed] . . . unlawful cell management." (Second Am. Compl. ("SAC") ¶ 20.) On June 26, 2010, at 7:20 a.m., Defendant Thomas, a correctional sergeant, approached Plaintiff's cell, made derogatory remarks, and warned Plaintiff that officers would be coming into his cell. (*Id.* ¶¶ 19, 24.) At 7:45 a.m., Defendant Thomas returned to Plaintiff's cell with Defendant Cain, a correctional lieutenant, and asked Plaintiff to remove the covering from his cell door. (*Id.* ¶ 25.) Plaintiff expressed his willingness to comply but refused to "cuff-up" because he believed that he was being improperly deprived

1

of his property by placement on cell management status. (*Id.* ¶ 26.) Defendant Cain directed Defendant Thomas to assemble a cell extraction team. (*Id.* ¶ 28.)

At 9:00 a.m., Defendants Crawford and Lett, both psychiatric technicians, came to Plaintiff's cell and asked him to exit voluntarily. (*Id.* ¶ 29.) Defendants Crawford and Lett walked away after speaking with Plaintiff for approximately one-and-a-half minutes, telling him that he "was coming out one way or another." (*Id.*) At 11:00 a.m., Defendant Cromwell, a correctional lieutenant, explained Plaintiff's rights to him and again asked him to "cuff-up." (*Id.* ¶ 30.) At 12:00 p.m., Defendant Fernandez, also a correctional lieutenant, came to Plaintiff's cell and requested his compliance. (*Id.* ¶ 31.) At 12:30 p.m., Defendant Fortson, a correctional captain, explained Plaintiff's rights to him, asked him to comply with cell management status, and warned him that he would otherwise be subjected to a cell extraction. (*Id.* ¶¶ 32–33.)

At 1:00 p.m., Defendant Fortson authorized the cell extraction. (*Id.* ¶ 33.) Defendants Cain and Thomas read Plaintiff the cell extraction admonishments. (*Id.*) Defendant Thomas deployed chemical agents into Plaintiff's cell at 1:05 p.m., 1:06 p.m., 1:08 p.m., 1:09 p.m., 1:13 p.m., 1:16 p.m., 1:20 p.m., 1:24 p.m., 1:27 p.m., 1:30 p.m., and 1:38 p.m. (*Id.* ¶¶ 35, 37–44, 46–47.) At 1:43 p.m., Defendant Thomas "instructed the cell extraction team to enter Plaintiff's cell," which they did at 1:48 p.m. (*Id.* ¶¶ 48–49.)

Defendants Romero and Pollard entered the cell and repeatedly struck Plaintiff in the head and upper body with batons, as Defendant Spencer used his shield to pin Plaintiff down. (*Id.* ¶¶ 50, 52.) Defendants Fears, Godina, and Puckett entered the cell and began to punch, kick, and strike Plaintiff. (*Id.* ¶ 53.) After Plaintiff was placed in leg restraints and handcuffs, Defendants continued to strike Plaintiff for approximately two-and-a-half minutes. (*Id.* ¶ 54.)

Defendants Cain, Fortson, Fernandez, Cromwell, Lett, and Crawford were present during the cell extraction, but they failed to intervene. (*Id.* ¶ 36.) Defendant

2

1   Mendoza, a correctional officer, video recorded the cell extraction but did not

2   intervene. (*Id.* ¶ 55.) Defendant Cash, CSP-LAC's warden, and Defendant Buechter,

3   a correctional captain, "consented" to the excessive use of force and enforced

4   policies that effectively ratified their subordinates' conduct. (*Id.* ¶ 56.)

5        Plaintiff alleges that he suffered cuts and bruises to his face, chest, back, arms,

6   and legs, as well as chest pain from the use of chemical agents, and emotional

7   distress. (*Id.* at 18.)

8   **II.   PROCEDURAL HISTORY**

9        Plaintiff's original Complaint in this action was lodged on June 19, 2014.

10  (ECF No. 20.) On August 7, 2014, the District Court denied Plaintiff's request to

11  proceed without prepayment of the filing fee, on the ground that the Complaint

12  failed to state a claim. (ECF No. 3.) Plaintiff appealed to the Ninth Circuit, which

13  on October 23, 2015, vacated and remanded, finding that the District Court had not

14  determined that amendment would be futile and yet did not afford Plaintiff leave to

15  amend. (ECF No. 17.)

16       Plaintiff filed a First Amended Complaint ("FAC") on December 9, 2015,

17  asserting claims under the Eighth and Fourteenth Amendments. (ECF No. 30.)

18  After service of the FAC, Defendants moved for partial dismissal on March 22,

19  2016. (ECF No. 68.) While Defendants' motion was pending, Plaintiff lodged a

20  proposed SAC. (ECF No. 81.) On December 5, 2016, the District Court accepted

21  the findings and recommendations of the Magistrate Judge regarding Defendants'

22  motion and Plaintiff's request for leave to amend. (ECF No. 93.)

23       Pursuant to the District Court's order, this action is now proceeding on the

24  SAC (ECF No. 94) to the extent that it asserts Eighth Amendment claims against

25  Defendants in their individual capacities, having dismissed all official-capacity and

26  due-process claims without leave to amend. (ECF Nos. 89, 93.) Defendants

27  answered the SAC on June 16, 2017. (ECF No. 111.)

28       / / /

## SUMMARY OF UNCONTROVERTED FACTS

This action has been brought with respect to prison conditions under federal law. ([Proposed] Statement of Uncontroverted Facts & Conclusions of Law ("SUF") No. 2.) It proceeds to the extent that the operative SAC asserts Eighth Amendment claims under 42 U.S.C. § 1983 against Defendants in their individual capacities. (SUF No. 3.) Plaintiff's claims are premised on allegations concerning a calculated cell extraction that took place on June 26, 2010, while Plaintiff was incarcerated at CSP-LAC. (SUF No. 4.) Plaintiff alleges that Defendants Fears, Godina, Pollard, Puckett, Romero, Spencer, and Thomas used excessive force against him during the cell extraction. (*Id.*) Plaintiff alleges that Defendants Cain, Crawford, Cromwell, Fernandez, Fortson, Lett, and Mendoza were present during the cell extraction, but they failed to intervene. (*Id.*) Plaintiff alleges that Defendants Buechter and Cash "consented" to the excessive use of force and enforced policies that effectively ratified their subordinates' conduct. (*Id.*) At the latest, Plaintiff brought these claims when the original Complaint was lodged on June 19, 2014, while he was a prisoner incarcerated by the California Department of Corrections and Rehabilitation ("CDCR"). (SUF Nos. 1, 5.)

At the time when Plaintiff's claims arose on June 26, 2010, the CDCR had an administrative appeal process whereby a prisoner under the CDCR's jurisdiction, such as Plaintiff, could appeal any departmental decision, action, condition, or policy that had an adverse effect upon the inmate's welfare. (SUF No. 6.) The CDCR's Office of Appeals ("OOA"), formerly known as the Inmate Appeals Branch ("IAB"), receives and processes all non-medical inmate appeals submitted to the third and final level of the CDCR's administrative appeal process. (SUF No. 7.) To administratively exhaust the CDCR's appeal process that was in effect prior to January 28, 2011, an appeal typically had to be both accepted for review at the third level and provided with a decision, which constituted the CDCR director's decision on the appeal. (SUF No. 8.)

Eight appeals from Plaintiff were accepted for third-level review between June 26, 2010, when Plaintiff's claims in this lawsuit arose, and June 19, 2014, when the original Complaint, which brought these claims, was lodged, and subsequently provided a decision. (SUF Nos. 1, 4–5, 9.) However, none of these appeals pertain to allegations that Plaintiff was subjected to excessive force on June 26, 2010, in connection with a calculated cell extraction. (SUF No. 10.) Therefore, no decisions on appeals submitted by Plaintiff to the third level, which would exhaust administrative remedies, were issued between June 26, 2010, and June 19, 2014. (SUF No. 11.)

**GROUNDS FOR MOTION**

The undisputed facts demonstrate that Plaintiff did not exhaust available administrative remedies with respect to any of his claims before bringing them in this lawsuit, in violation of the PLRA's exhaustion requirement. This action must therefore be dismissed without prejudice.

**STANDARD ON MOTION**

The PLRA requires that "a prisoner confined in any jail, prison, or other correctional facility" exhaust all available administrative remedies before initiating a civil action with respect to prison conditions. 42 U.S.C. § 1997e(a). Unexhausted claims must be dismissed without prejudice. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005) (citing *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) (per curiam)).

The demonstration of exhaustion is not a pleading requirement; rather, a plaintiff's failure to exhaust administrative remedies is an affirmative defense that a defendant must raise and prove. *Jones v. Bock*, 549 U.S. 199, 204 (2007). Excluding "the rare event that a failure to exhaust is clear on the face of the complaint," *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir.) (en banc), the proper procedural vehicle for a defendant to raise the exhaustion affirmative defense is

1   through a motion for summary judgment under Rule 56 of the Federal Rules of
2   Civil Procedure, *id.* at 1168.

3        Under Rule 56, summary judgment should be granted "if the movant shows
4   that there is no genuine dispute as to any material fact and the movant is entitled to
5   judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might
6   affect the outcome of a case under the applicable substantive law. *Anderson v.*
7   *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Irrelevant or unnecessary factual
8   disputes are not material. *Id.* A dispute about a material fact is "genuine" if there is
9   a sufficient evidentiary basis for a reasonable factfinder to find in favor of the
10  nonmoving party. *Id.*

11       The party moving for summary judgment bears the initial burden of
12  demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v.*
13  *Catrett*, 477 U.S. 317, 323 (1986). In the specific context of moving for summary
14  judgment based on the failure to comply with the PLRA's exhaustion requirement,
15  "the defendant's burden is to prove that there was an available administrative
16  remedy, and that the prisoner did not exhaust that available remedy." *Albino*, 747
17  F.3d at 1172. If the defendant satisfies this initial burden, "the burden shifts to the
18  prisoner to come forward with evidence showing that there is something in his
19  particular case that made the existing and generally available administrative
20  remedies effectively unavailable to him." *Id.* If the undisputed evidence, construed
21  in the light most favorable to the prisoner, demonstrates a failure to exhaust
22  available administrative remedies, then summary judgment should be granted. *Id.* at
23  1166. However, if material facts related to exhaustion remain disputed and
24  summary judgment is not deemed appropriate, the court rather than a jury should
25  decide the disputed factual issues in a preliminary proceeding. *Id.*

26       / / /
27       / / /
28       / / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ARGUMENT**

**I.   COMPLIANCE WITH THE PRISON LITIGATION REFORM ACT'S EXHAUSTION REQUIREMENT IS A MANDATORY PREREQUISITE TO BRINGING FEDERAL CLAIMS IN A PRISONER CIVIL RIGHTS ACTION.**

The PLRA mandates that no action under 42 U.S.C. § 1983 or other federal law with respect to prison conditions "shall be brought . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A claim must be dismissed without prejudice if a prisoner-plaintiff has not satisfied the PLRA's pre-suit exhaustion requirement. *Lira*, 427 F.3d at 1170 (citing *McKinney*, 311 F.3d at 1200).

The PLRA requires "proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 84 (2006), which in accordance with the principles of administrative law, "demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90. Although "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court," *Jones*, 549 U.S. at 211 (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)), an inmate must only exhaust remedies that are available, *Ross v. Blake*, 578 U.S. ---, 136 S. Ct. 1850, 1855 (2016).

**II.   PLAINTIFF FAILED TO EXHAUST HIS AVAILABLE ADMINISTRATIVE REMEDIES REGARDING THE CLAIMS BROUGHT IN THIS ACTION.**

As a prisoner in the custody of the CDCR, Plaintiff was required to exhaust the CDCR's available administrative-appeal procedures for his federal claims regarding prison conditions before asserting them in this action. Because the undisputed evidence demonstrates that he failed to comply with this requirement, his claims must be dismissed without prejudice.

The events alleged in this action occurred prior to January 28, 2011, when the CDCR's administrative appeal procedures underwent significant revision. (*See* Decl. of M. Voong, Chief, Office of Appeals, in Supp. of Defs.' Mot. for Summ. J. Based on Pl.'s Failure to Exhaust Administrative Remedies ("Voong Decl.") ¶ 4.) Prior to

January 28, 2011, the appeal process consisted of an informal level of review and three formal levels of review. (SUF Nos. 6–10.) To exhaust the CDCR's generally available administrative remedies concerning the claims brought in this lawsuit, Plaintiff was required to submit an appeal that was accepted for third-level review and obtain a third-level decision on that appeal, which constituted the CDCR director's decision. (SUF No. 9.) *Brodheim v. Cry*, 584 F.3d 1262, 1265 (9th Cir. 2009) ("The Third Formal Level, also referred to as the 'Director's Level,' is the final avenue for administrative appeal."). Plaintiff's "obligation to exhaust 'available' remedies persist[ed] as long as *some* remedy remain[ed] 'available,'" *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005), which under typical circumstances meant until he received a final, third-level decision, *Draper v. Rosario*, 836 F.3d 1072, 1077 n.2 (9th Cir. 2016); *Collier v. Brown*, 635 F. Supp. 2d 1144, 1151 (C.D. Cal. 2009).

Here, however, the evidence demonstrates that Plaintiff did not exhaust his administrative remedies concerning the allegations and claims raised in this action. The time period during which Plaintiff could have exhausted by obtaining a third-level decision was between June 26, 2010, when his claims arose, and June 19, 2014, when the original Complaint, which brought these claims, was lodged. *See Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014) (describing the PLRA's exhaustion requirement as "a precondition to suit"); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006) ("'[A]n action is "brought" for purposes of § 1997e(a) when the complaint is tendered to the district clerk,'" rather than when it might be "subsequently filed.") (quoting *Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004)).

Eight appeals from Plaintiff were accepted for third-level review—a prerequisite to obtaining a third-level decision—between June 26, 2010, and June 19, 2014, and subsequently provided with a third-level decision. (SUF Nos. 8–9.) None of these appeals pertain to, or serve to exhaust, the claims raised in this action regarding the use of excessive force on June 26, 2010. (SUF No. 10; Voong Decl.

¶ 13(a), Ex. B (Appeal No. LAC-10-00854 concerning allegations that non-party Correctional Officer Wood pepper sprayed Plaintiff on May 17, 2010); *id.* ¶ 13(b), Ex. C (Appeal No. LAC-10-01114 concerning allegations that a Rules Violation Report, dated June 18, 2010, was improperly adjudicated on June 25, 2010); *id.* ¶ 13(c), Ex. D (Appeal No. LAC-10-01002 concerning access to legal materials); *id.* ¶ 13(d), Ex. E (Appeal No. LAC-10-01509 concerning allegations that a Rules Violation Report, dated August 16, 2010, was improperly adjudicated); *id.* ¶ 13(e), Ex. F (Appeal No. LAC-10-01524 concerning allegations that non-party Correctional Officer Wood fabricated a Rules Violation Report against Plaintiff); *id.* ¶ 13(f), Ex. G (Appeal No. LAC-11-00589 concerning allegations that a Rules Violation Report, dated June 30, 2011, was improperly adjudicated); *id.* ¶ 13(g), Ex. H (Appeal No. PBSP-12-01651 concerning damage to Plaintiff's television allegedly caused by staff at Pelican Bay State Prison); *id.* ¶ 13(h), Ex. J (Appeal No. SAC-14-00698 concerning Plaintiff's personal property allegedly lost by prison staff during February 2014).) Accordingly, no decisions on appeals submitted by Plaintiff to the third level, which would exhaust administrative remedies, were issued during the relevant time period. (SUF No. 11.)

It is therefore undisputed that Plaintiff did not exhaust his claims in this lawsuit at the third and final level of CDCR review. Rather, Plaintiff filed the instant lawsuit instead of first availing himself of all of CDCR's internal administrative procedures. Although an administrative remedy remained available to Plaintiff in the form of a third-level decision, he failed to exhaust that remedy as to the claims he now seeks to litigate. Therefore, this action must be dismissed without prejudice.

/ / /

/ / /

/ / /

/ / /

9

1

**CONCLUSION**

2          For the reasons set forth above, this action should be dismissed without

3   prejudice based on Plaintiff's failure to exhaust available administrative remedies.

4   Dated:  July 7, 2017                              Respectfully submitted,

5                                                     XAVIER BECERRA
                                                      Attorney General of California
6                                                     GRETCHEN K. BUECHSENSCHUETZ
                                                      Supervising Deputy Attorney General
7

8                                                     /s/ Danielle R. Hemple
9                                                     DANIELLE R. HEMPLE
                                                      Deputy Attorney General
10                                                    *Attorneys for Defendants*
                                                      *M. Buechter, A. Cain, B. Cash,*
11                                                    *L. Crawford, T. Cromwell, A. Fears,*
                                                      *J. Fernandez (Galpon), C. Fortson,*
12                                                    *M. Godina, S. Lett, J. Mendoza,*
                                                      *B. Pollard, W. Puckett, N. Romero,*
13                                                    *C. Spencer, and K. Thomas*

14  LA2016600251
    62451548.doc
15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Lafonzo R. Turner v. B. M. Cash, et al.**

No.:   **2:14-cv-04758 JVS (AGR)**

I declare:

I am employed in the Office of the Attorney General.  I am 18 years of age or older and not a party to this matter; my business address is 300 South Spring Street, Suite 1702, Los Angeles, CA  90013.

On July 7, 2017, I served the attached **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT BASED ON PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES; MEMORANDUM OF POINTS AND AUTHORITIES** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as follows:

Lafonzo R. Turner
CDCR G-05794
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA  93960

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 7, 2017, at Los Angeles, California.

| Danielle R. Hemple | _Danielle C. Hemple_ |
|---|---|
| Declarant | Signature |

LA2016600251
62455634.doc