1  XAVIER BECERRA
   Attorney General of California
2  GRETCHEN K. BUECHSENSCHUETZ
   Supervising Deputy Attorney General
3  DANIELLE R. HEMPLE
   Deputy Attorney General
4  State Bar No. 287982
    300 South Spring Street, Suite 1702
5   Los Angeles, CA  90013
    Telephone:  (213) 620-2559
6   Fax:  (213) 897-7604
    E-mail:  Danielle.Hemple@doj.ca.gov
7  *Attorneys for Defendants*
   *M. Buechter, A. Cain, B. Cash, L. Crawford,*
8  *T. Cromwell, A. Fears, J. Fernandez (Galpon),*
   *C. Fortson, M. Godina, S. Lett, J. Mendoza,*
9  *B. Pollard, W. Puckett, N. Romero, C. Spencer,*
   *and K. Thomas*
10

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13

14  LAFONZO R. TURNER,                    2:14-cv-04758 JVS (AGR)

15                          Plaintiff,    **[PROPOSED] STATEMENT OF
                                          UNCONTROVERTED FACTS**
16                                        **AND CONCLUSIONS OF LAW**
            v.
17                                        Judge:       The Honorable
                                                       Alicia G. Rosenberg
18  B. M. CASH, et al.,                   Action Filed: June 19, 2014

19                          Defendants.

20

21      Defendants M. Buechter, A. Cain, B. Cash, L. Crawford, T. Cromwell, A.

22  Fears, J. Fernandez (Galpon), C. Fortson, M. Godina, S. Lett, J. Mendoza, B.

23  Pollard, W. Puckett, N. Romero, C. Spencer, and K. Thomas ("Defendants"),

24  pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56-1, lodge the

25  following statement of facts as to which they contend there is no genuine issue of

26  dispute, and which entitle them to summary judgment as a matter of law based on

27  the failure of Plaintiff Lafonzo R. Turner ("Plaintiff"), to exhaust administrative

28  remedies prior to bringing his federal claims in this lawsuit. Defendants identify

1

these facts as undisputed solely for the purpose of moving for summary judgment and reserve the right to contest all material facts at trial.

## STATEMENT OF UNCONTROVERTED FACTS

| No. | Uncontroverted Fact | Supporting Evidence |
|---|---|---|
| 1 | Plaintiff was a prisoner incarcerated by the California Department of Corrections and Rehabilitation ("CDCR") when the original Complaint in this action was lodged on June 19, 2014. | Compl. 1, 3 (ECF No. 20).[1] |
| 2 | This action, *Turner v. Cash*, No. 2:14-cv-04758 JVS (AGR), has been brought with respect to prison conditions under federal law. | *See generally* Compl.; First Am. Compl. (ECF No. 30); Second Am. Compl. (ECF No. 94). |
| 3 | This action proceeds on the operative Second Amended Complaint ("SAC") to the extent that it asserts Eighth Amendment claims under 42 U.S.C. § 1983 against Defendants in their individual capacities. | *See* Report & Recommendation of United States Magistrate Judge, Nov. 2, 2016 (ECF No. 89); Order Accepting Findings & Recommendations of United States Magistrate Judge, Dec. 5, 2016 (ECF No. 93). |
| 4 | The alleged factual basis of Plaintiff's claims involves a calculated cell extraction that took | *See generally* Second Am Compl. |

---

[1] Citations to page numbers of documents filed in this case refer to the pagination designated by the Court's CM/ECF system.

2

| No. | Uncontroverted Fact | Supporting Evidence |
|-----|---------------------|---------------------|
|  | place on June 26, 2010, while Plaintiff was incarcerated at California State Prison, Los Angeles County. Plaintiff alleges that Defendants Fears, Godina, Pollard, Puckett, Romero, Spencer, and Thomas used excessive force against him during the cell extraction. Plaintiff alleges that Defendants Cain, Crawford, Cromwell, Fernandez, Fortson, Lett, and Mendoza were present during the cell extraction, but they failed to intervene. Plaintiff alleges that Defendants Buechter and Cash "consented" to the excessive use of force and enforced policies that effectively ratified their subordinates' conduct.[2] | |
| 5 | At the latest, Plaintiff brought his claims related to the June 26, 2010 cell extraction when the Complaint was lodged on June 19, 2014. | *See generally* Compl. |

[2] By including this summary of Plaintiff's allegations, Defendants do not admit any of the allegations nor do they concede that the allegations are undisputed, material, or state cognizable claims for relief. This summary is presented for the limited purpose of establishing what Plaintiff has alleged in this action.

| No. | Uncontroverted Fact | Supporting Evidence |
|---|---|---|
| 6 | At the time when Plaintiff's claims arose on June 26, 2010, the CDCR had an administrative appeal process whereby a prisoner under the CDCR's jurisdiction, such as Plaintiff, could appeal any departmental decision, action, condition, or policy that had an adverse effect upon the inmate's welfare. | Decl. of M. Voong, Chief, Office of Appeals, in Supp. of Defs.' Mot. for Summ. J. Based on Pl.'s Failure to Exhaust Administrative Remedies ("Voong Decl.") ¶ 5; Cal. Code Regs. tit. 15, § 3084.1(a) (2009).[3] |
| 7 | The CDCR's Office of Appeals ("OOA"), formerly known as the Inmate Appeals Branch ("IAB"), receives and processes all non-medical inmate appeals submitted to the third and final level of the CDCR's administrative appeal process. | Voong Decl. ¶¶ 3, 3 n.1. |
| 8 | To administratively exhaust the CDCR's appeal process that was in effect prior to January 28, 2011, an appeal typically had to be both accepted for review at the third level | Voong Decl. ¶¶ 4, 10; Cal. Code Regs. tit. 15, §§ 3084.5(d), 3084.5(e)(2) (2009). |

[3] All citations to Title 15 of the California Code of Regulations refer to the version in effect and updated as of October 15, 2009, which is materially different than the current version of the code.

4

| No. | Uncontroverted Fact | Supporting Evidence |
|-----|---------------------|---------------------|
|     | and provided with a decision, which constituted the CDCR director's decision on the appeal. | |
| 9   | Eight appeals from Plaintiff were accepted for third-level review between June 26, 2010, and June 19, 2014, and subsequently provided a decision. | Voong Decl. ¶¶ 11–13, Ex. A. |
| 10  | None of the appeals referenced in No. 9, above, pertain to allegations that Plaintiff was subjected to excessive force on June 26, 2010, in connection with a calculated cell extraction. | Voong Decl. ¶¶ 13, 13(a)–(h), 14, Exs. B–H, J. |
| 11  | No decisions on appeals submitted by Plaintiff to the third level, which would exhaust Plaintiff's administrative remedies, were issued between June 26, 2010, and June 19, 2014. | Voong Decl. ¶ 14. |

## CONCLUSIONS OF LAW

| No. | Conclusion of Law | Supporting Evidence |
|-----|-------------------|---------------------|
| 12 | Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring an action with respect to prison conditions under 42 U.S.C. § 1983 or other federal law before first exhausting available administrative remedies. | 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007). |
| 13 | To properly exhaust administrative remedies, a prisoner must complete the administrative grievance process in accordance with the prison's procedural rules. | *Woodford v. Ngo*, 548 U.S. 81, 84, 90 (2006). |
| 14 | Dismissal of a claim without prejudice is proper when a prisoner-plaintiff has not satisfied the PLRA's pre-suit exhaustion requirement. | *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005) (citing *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) (per curiam)). |
| 15 | To exhaust the CDCR's generally available administrative remedies concerning the claims brought in this lawsuit, Plaintiff was required to submit an appeal that was accepted for third-level review and obtain a third-level decision on that appeal, which constituted the CDCR director's decision, or to have | Cal. Code Regs. tit. 15, §§ 3084.5(d), 3084.5(e)(2) (2009); *Draper v. Rosario*, 836 F.3d 1072, 1077 n.2 (9th Cir. 2016); *Brodheim v. Cry*, 584 F.3d 1262, 1265 (9th Cir. 2009); *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005); *Collier v. Brown*, 635 F. Supp. 2d 1144, 1151 (C.D. Cal. 2009). |

| No. | Conclusion of Law | Supporting Evidence |
|---|---|---|
|  | received all available relief at a lower level. |  |

Dated:  July 7, 2017

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
GRETCHEN K. BUECHSENSCHUETZ
Supervising Deputy Attorney General


/s/ Danielle R. Hemple
DANIELLE R. HEMPLE
Deputy Attorney General
*Attorneys for Defendants
M. Buechter, A. Cain, B. Cash,
L. Crawford, T. Cromwell, A. Fears,
J. Fernandez (Galpon), C. Fortson,
M. Godina, S. Lett, J. Mendoza,
B. Pollard, W. Puckett, N. Romero,
C. Spencer, and K. Thomas*

LA2016600251
62448855.doc

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Lafonzo R. Turner v. B. M. Cash, et al.**

No.:   **2:14-cv-04758 JVS (AGR)**

I declare:

I am employed in the Office of the Attorney General.  I am 18 years of age or older and not a party to this matter; my business address is 300 South Spring Street, Suite 1702, Los Angeles, CA  90013.

On July 7, 2017, I served the attached **[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as follows:

Lafonzo R. Turner
CDCR G-05794
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA  93960

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 7, 2017, at Los Angeles, California.

| | |
|---|---|
| Danielle R. Hemple | *Danielle R. Hemple* |
| Declarant | Signature |

LA2016600251
62455667.doc