XAVIER BECERRA
Attorney General of California
GIAM M. NGUYEN
Supervising Deputy Attorney General
MINA CHOI
Deputy Attorney General
State Bar No. 210514
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6608
  Fax:  (213) 897-7604
  E-mail:  Mina.Choi@doj.ca.gov
*Attorneys for Defendants*
*Cash, Puckett, Spencer, Fears, Buechter, Lett,*
*Godina, Cain, Pollard, Cromwell, Romero,*
*Fernandez (Galpon), Thomas, Jr., Fortson,*
*Mendoza, Spencer, and Crawford*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **LAFONZO R. TURNER,**<br><br>Plaintiff,<br><br>v.<br><br>**B. M. CASH, et al.,**<br><br>Defendants. | 2:14-cv-04758 JVS (AGR)<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT BASED ON NON-EXHAUSTION OF ADMINISTRATIVE REMEDIES**<br><br>Courtroom:    550 (5th Floor)<br>Judge:          The Honorable Alicia G. Rosenberg<br>Trial Date:<br>Action Filed: June 19, 2014 |

# TABLE OF CONTENTS

**Page**

Introduction ........................................................................................1

Evidentiary Objection .........................................................................1

Argument.............................................................................................2

I.    There Is No Genuine Dispute That the Inmate Appeals Process Was Available to Plaintiff. ..................................................2

    A.    Plaintiff's Submission of an Inmate Appeal Regarding Alleged Events On June 26, 2010, and Many Other Inmate Appeals Before and After June 26, 2010 Show That Remedies Were Available......................................4

        1.    Plaintiff's Frequent Utilization of the Appeals Process Both Before and After the June 26, 2010 Events Show That Remedies Were Available. ...............4

        2.    Plaintiff Filed an Inmate Appeal, Log No. LAC-A-10-1651, Relating to Alleged Events on June 26, 2010................................................................6

    B.    Plaintiff Did Not Attempt to Follow-Up on the Status of His Appeal, Log No. LAC-A-10-1651, After He Allegedly Mailed It to the Third Level of Review....................7

    C.    Plaintiff Did Not Reach a "Dead End" Like That Contemplated in Ross v. Blake. .............................................10

Conclusion.........................................................................................12

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Albino v. Baca*
    747 F.3d 1162 (9th Cir. 2014).........................................................1, 2

*Booth v. Churner*
    532 U.S. 731 (2001)...........................................................................10

*Jones v. Bock*
    549 U.S. 199 (2007)...........................................................................10

*Marella v. Terhune*
    58 F.3d 1024 (9th Cir. 2009) (per curiam) .........................................9

*Nunez v. Duncan*
    591 F.3d 1217 (9th Cir. 2010).........................................................8, 9

*Ross v. Blake*
    578 U.S. ___ (2016).....................................................................10, 11

*Sapp v. Kimbrell*
    623 F.3d 813 (9th Cir. 2010).........................................................3, 10

*Wilson v. Zubiate*
    No. 16-16621, 2017 WL 5897303 (9th Cir. Nov. 30, 2017).............11

**OTHER AUTHORITIES**

California Code of Regulations, Title 15
    § 3084, *et seq.*...................................................................................3
    § 3084.4 ...............................................................................................7

Defendants Cash, Puckett, Spencer, Fears, Buechter, Lett, Godina, Cain, Pollard, Cromwell, Romero, Fernandez (Galpon), Thomas, Jr., Fortson, Mendoza, Spencer, and Crawford (collectively, "Defendants") hereby submit their reply to Plaintiff's Opposition to Motion for Summary Judgment based on Plaintiff's failure to exhaust administrative remedies ("Opposition").

## INTRODUCTION

Plaintiff does not dispute that he never received a decision from the Third Level regarding his excessive force and failure-to-intervene claims against Defendants. Instead, Plaintiff contends that he should be excused from the exhaustion requirement for his excessive force and failure to intervene claims because his submitted appeals regarding his allegations against Defendants were lost and/or stolen and therefore, the administrative appeals process was unavailable. (ECF No. 123 at 1-2 (Plaintiff's "Motion for Notice and Request for Defendants Motion for Summary Judgment to be Denied . . .").) Plaintiff's unsupported allegations do not create a genuine dispute that Plaintiff is excused from the exhaustion requirement. Because there is no genuine dispute that Plaintiff failed to exhaust his administrative remedies, and that he was not excused from doing so, Defendants' motion should be granted and judgment entered in favor of Defendants.

If, after consideration of the parties' papers and documentary evidence, the Court determines that a material dispute of fact exists regarding Plaintiff's exhaustion of administrative remedies, Defendants request a fact-finding hearing before the Court to determine Plaintiff's failure to exhaust administrative remedies, as described in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014)

## EVIDENTIARY OBJECTION

In the Opposition, Plaintiff submits evidence unrelated and immaterial to the exhaustion of his excessive force and failure to intervene claims against Defendants. Therefore, Defendants request that the Court decline to consider

extrinsic evidence unrelated and irrelevant to the exhaustion issue. (*See* ECF No. 136 (Statement of Genuine Issues in Opposition to Motion for Summary Judgment) and ECF No. 136-1 (Declaration in Support to Defendants Motion for Summary Judgment).)

## ARGUMENT

### I.   THERE IS NO GENUINE DISPUTE THAT THE INMATE APPEALS PROCESS WAS AVAILABLE TO PLAINTIFF.

The burden is now on Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (2014) (en banc). It is not disputed that Plaintiff submitted an inmate grievance related to events that allegedly occurred on June 26, 2010. (ECF No. 136 at 130; Declaration of J. Curiel, Appeals Coordinator at CSP-LAC, in Supp. of Def.'s Reply Brief ("Decl. Curiel") at ¶ 9(a), Ex. A). Nor is it disputed that Plaintiff never received a decision on this inmate grievance at the Third Level. (Declaration of M. Voong in Supp. of Def.'s Mot for Summ. J. ("Decl. Voong") at ¶¶ 13-14.) Thus, in addition to the fact that this inmate grievance did not address the issues raised in Plaintiff's present lawsuit, this grievance was also never exhausted. And it is also undisputed that Plaintiff was required to comply with the grievance process. (Title 15, Section 3084, *et seq.*; Defs.' Statement of Undisputed Material Facts (SUF) ¶¶ 6-11.) Now, however, Plaintiff attempts to create an issue of fact that he was excused from having to exhaust the grievance process, based on the screen-outs and cancellations of his other appeals unrelated to the June 26, 2010 allegations, because the administrative appeals process was allegedly unavailable to him in 2010-2011. (ECF No. 136 at 33-54, 86-96, 133-137.)

The evidence Plaintiff submits in opposition to Defendants' motion—his and other inmates' declarations, screen-out letters to his inmate appeals that are unrelated to the alleged June 26, 2010 events, a copy of portions of Title 15 of the

California Code of Regulations, and a copy of a Special Report from the Office of the Inspector General—does not demonstrate that Plaintiff's remedies were unavailable in 2010-2011.

Plaintiff was required to exhaust his administrative remedies because the administrative appeals process was available to him, as described in the California Code of Regulations, Title 15, Section 3084, *et seq.* (SUF ¶¶ 6-11; Decl. Curiel, ¶¶ 4-9.) Plaintiff submitted an administrative inmate grievance, log no. LAC-A-10-1651, regarding alleged events on June 26, 2010. (ECF No. 136 at 98,130-131[1]; Decl. Curiel, ¶¶ 9(a), Ex. A.) Plaintiff, however, failed to comply with institutional and regulatory procedures as to his appeal, log no. LAC-A-10-1651, when he failed to exhaust his claims against Defendants to the third and final level of review prior to filing his lawsuit. (Decl. Curiel, ¶ 9(a), Ex. A; SUF ¶¶ 9-11.)

The undisputed evidence shows that Plaintiff was aware of the inmate appeals process, because he used this process to exhaust many other administrative grievances unrelated to the subject action, to the third and final level of review. (SUF ¶¶ 9; Decl. Voong, ¶¶ 13(a)-13(h).) Because Plaintiff was aware of the grievance process during the applicable time period (2010-2011)—and actually availed himself of the process with respect to submitting appeals—the administrative appeals process was available to him, and he was required to exhaust his claims against Defendants before filing suit. (SUF ¶¶ 9-11; Decl. Curiel, ¶ 9(a), Ex. A and ¶ 11, Ex. B.) Plaintiff's non-compliance with the prison's grievance procedures and regulations do not render the administrative remedies "effectively unavailable," and his unexhausted claims are therefore barred. *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010).

---

[1] The references to Plaintiff's Opposition to Defendants' Motion for Summary Judgment are the page numbers assigned to the electronically-filed version.

**A.  Plaintiff's Submission of an Inmate Appeal Regarding Alleged Events On June 26, 2010, and Many Other Inmate Appeals Before and After June 26, 2010 Show That Remedies Were Available.**

Plaintiff attempts to create a dispute of fact by asserting that the administrative appeals process was unavailable to him because he alleges that he was not provided with appeal forms, pens or pencils, and his documents and evidence relating to the June 26, 2010 events were stolen and/or lost and his other unrelated appeals were screened out. (ECF No. 123 at 1-2; ECF No. 136-1 at 1, 3.) In Plaintiff's declaration in support of his opposition to Defendants' motion, he states that he asked for "602 appeals everyday of his return 6.27.10 to and beyond 7.11.10 but was confronted with t[h]reats that Plaintiff was not supposed to have anything" since he was on cell management status. (ECF No. 136-1 at 1.) In the same declaration, Plaintiff also provides conflicting testimony that he was able to get "2 pen-fillers and 602 appeals from [his] neighbor [with a fishing line out of his boxes], now on 6.29.2010 [plaintiff] filed said 602 appeal regarding the 6.26.2010 incident." (*Id.* at 8, ¶ 28.) Plaintiff further states that on July 13, 2010, he received the said appeal returned back to him in the same condition he sent it out, that he again submitted it on July 29, 2010, and that he thereafter received a screen-out of the appeal stating that it failed to meet the time constraints. (*Id.* at p. 8 ¶ 29.) Plaintiff attaches a copy of his inmate appeal, log no. LAC-A-10-1651, relating to the June 26, 2010 events to his Statement of Genuine Issues in Opposition to Motion for Summary Judgment, and Plaintiff contends that he mailed the said appeal to the Third Level, but never received the appeal back and, thus, Defendants prevented him from exhausting. (*Id.*)

**1.  Plaintiff's Frequent Utilization of the Appeals Process Both Before and After the June 26, 2010 Events Show That Remedies Were Available.**

Plaintiff attempts to create a dispute of fact by asserting that the appeals process was unavailable to him. The evidence, however, establishes that Plaintiff

utilized the administrative appeals process on many occasions as he submitted appeals prior to and after the June 26, 2010 events. (*See* Decl. Voong, ¶ 13(a), Ex. B; ¶ 13(b), Ex. C; ¶13(c), Ex. D; ¶ 13(d), Ex. E; and ¶ 13(e), Ex. F.) Plaintiff admits that he "was in fact an avid user of the appeal system at CSP Los Angeles who filed over 186 appeals . . ." and that he "has been writing CDCR Appeals for over 20 yrs." (ECF No. 136-1 at 3, ¶ 12 and at 5, ¶ 19.) For example, Plaintiff submitted an inmate appeal, log no. LAC-A-10-00854, on or about May 18, 2010 and thereafter, received a Second Level Response on June 23, 2010 after the appeal bypassed to the second level, and then he submitted the appeal to the Third Level on or about June 25, 2010, one day before the June 26, 2010 events. (Decl. Voong, ¶ 13(a), Ex. B.) Plaintiff submitted another inmate appeal, log no. LAC-10-01002, on or about May 31, 2010 and thereafter, appealed it and received a Third Level Decision on February 16, 2011. (*Id.* at ¶ 13(c), Ex. D.)

Around the time period Plaintiff filed his appeal, log no. LAC-A-10-1651 (with a submitted date of October 1, 2010), Plaintiff also filed two appeals, log no. LAC-10-1509 (dated October 14, 2010) and log no. LAC-10-1524, and thereafter exhausted these two appeals to the Third Level. (Decl. Voong, ¶ 13 (d), Ex. E; ¶13 (e), Ex. F.) Defendants have met their burden by establishing that Plaintiff had available administrative remedies that he could have reasonably pursued. Despite Plaintiff's assertion that he was prevented from appealing the claims relating to the June 26, 2010 events, he is not excused from the exhaustion requirement because of his lack of diligence to determine the whereabouts of his appeal. *See infra,* Section IB.

Here, despite the availability of the grievance process, as evidenced by Plaintiff's submission of multiple inmate grievances, Plaintiff failed to properly exhaust his excessive force and failure-to-intervene claims against Defendants prior to bringing suit. His claims are therefore barred.

### 2.    Plaintiff Filed an Inmate Appeal, Log No. LAC-A-10-1651, Relating to Alleged Events on June 26, 2010.

The evidence, however, establishes that the appeal log no. LAC-A-10-1651 (dated October 1, 2010) regarding alleged events on June 26, 2010, was received by the inmate appeals office on or about November 24, 2010. (Decl. Curiel, ¶ 9(1), Ex. A; ¶ 11, Ex. B at 7.) The appeal was assigned for review on November 29, 2017 and bypassed to the second level of review. (Decl. Curiel, ¶ 9(a), Ex. A at 2.) Plaintiff's appeal, log no. LAC-A-10-1651, related to the Rules Violation Report (RVR), dated June 26, 2010, for "Willfully Resisting any Peace Officer in the Performance of Duty." (*Id.* at 9(a), Ex. A.) In the appeal, Plaintiff claimed several issues: (1) violation of his due process rights by the Senior Hearing Officer (SHO) during Plaintiff's RVR hearing; (2) denial of access to the court without due process; (3) that the RVR was written up as an attempt to cover the fact that LAC was "subjecting prisoners to cruel and unusual punishment and corporal punishment primarily because prisoners [were] accused of refusing to accept assigned housing and or a cellmate"; (4) that LAC staff was manipulating the Integrated Housing Policy and the Integrated Housing Codes; (5) excessive force from staff by means of chemical and physical force; and (6) refusal by the SHO to allow Plaintiff to call relevant witnesses. (*Id.*) Plaintiff's appeal requested that his RVR be dismissed, that he be compensated for his injuries, and that he be immediately transferred because the "officials in A4 keep retaliating against [him] for the incident at hand." (*Id.*)

Plaintiff's appeal, log no. LAC-A-10-1651, was cancelled and denied after Plaintiff elected not to participate in the interview process for his appeal. (Decl. Curiel, ¶ 9(a), Ex. A.) On January 6, 2011, Correctional Lieutenant Frank attempted to interview Plaintiff about his appeal to give him the opportunity to provide any additional information or documentation, but Plaintiff elected not to participate in the interview process. (*Id.*) Plaintiff's refusal to participate was witnessed by

another officer, and the lack of cooperation was considered an "Appeal System Abuse in accordance with CCR Title 15, § 3084.4[2]." (*Id.*) The appeal was forwarded to the Appeals Coordinator for cancellation. (*Id.*) Additionally, the appeal was denied after an assigned staff member reviewed the appeal, the RVR, and the issues contained therein and found that Plaintiff failed to provide any information that would warrant vacating the findings of the SHO. (*Id.*) The Second Level Response to Plaintiff's appeal, log no. LAC-A-10-1651, was signed by Lonnie Jackson, Jr., Chief Deputy Warden (A) at CSP-LAC, and dated January 14, 2011. (*Id.*) Thereafter, the Second Level Response was returned to Plaintiff on January 18, 2011. (*Id.*) After receiving the Second Level Response to his appeal, Plaintiff neither appealed the cancellation or the Second Level Response to the Third Level of review. (Def.'s SUF ¶¶ 9-11; Decl. Voong, ¶ 12, Ex. A, ¶ 13 (a)-(h) and ¶ 14; Decl. Curiel, ¶ 11, Ex. B.) As a result, Plaintiff's excessive force and failure-to-intervene claims against Defendants should be dismissed because he failed to pursue these claims through the Third Level and, therefore, did not properly exhaust the claims. (*Id.*)

### B.   Plaintiff Did Not Attempt to Follow-Up on the Status of His Appeal, Log No. LAC-A-10-1651, After He Allegedly Mailed It to the Third Level of Review.

Plaintiff attempts to create an issue of fact, stating that he did not receive a response after he mailed the appeal, log no. LAC-A-10-1651, to the Third Level of review and that this is just another example of Defendants "having complete control of [the] 602 appeal availability to exhaust at (LAC)." (ECF No. 136 at 98, Ex. II, 130-131.) The prison's records show that Plaintiff's appeal, log no. LAC-A-1651,

---

[2] Title 15 of the California Code of Regulations, Section 3084.4 Appeal System Abuse

. . .

(d) Lack of cooperation. An appellant's refusal to be interviewed or cooperate with the reviewer shall result in cancellation of the appeal.

was cancelled and returned to Plaintiff on January 18, 2011. (ECF No. 136 at 131; Decl. Curiel, ¶ 9(a), Ex. A.) Plaintiff received the Second Level Response to his appeal on January 18, 2011; he cannot legitimately dispute receipt of this document, because he attached this appeal in his Statement of Genuine Issues in Opposition to Motion for Summary Judgment. (ECF No. 136 at 98, 130-131.)

More importantly, Section H of the appeal form for log no. LAC-A-10-1651 is empty; there is nothing written by Plaintiff stating the reasons for his dissatisfaction with the Second Level Response/Cancellation, and there is no date showing when he allegedly submitted to the Third Level of review. (ECF No. 135 at 98, 130-131; Decl. Curiel, ¶ 9(a), Ex. A.) In his other properly exhausted appeals to the third level of review, he *always completed Section H[3] or Section F[4]* of the appeal forms with his reasons and explanation for requesting a Director's Level of Review. (*See* Decl. Voong (ECF No. 116-2), ¶ 13(a), Ex. B at 8-9; ¶13 (b), Ex. C at 5, 7; ¶ 13(c), Ex. D, at 5, 7; ¶ 13(d), Ex. E, at 5, 7; ¶ 13(e), Ex. F, at 5, 7; ¶ 13(f), Ex. G, at 5, 9; and ¶ 13(g), Ex. H, at 5, 9.) Plaintiff also provided a copy of an unrelated and unexhausted appeal, log no. PBSP-16-02469, where he completed Section F appealing the Second Level response, in his Statement of Genuine Issues in Opposition to MSJ. (ECF No. 136 at 86-88.) This evidence shows that the appeals process was readily available to Plaintiff and that Plaintiff failed to properly comply with the appeals process and utilize it to exhaust his appeal, log no. LAC-A-10-1651, to the Third Level of review.

Plaintiff's argument that he mailed his appeal, log no. LAC-A-10-1651, to the third level and did not hear back does not excuse exhaustion, or make administrative remedies unavailable to him. (ECF No. 136 at 98.) Plaintiff was required to make reasonable efforts to exhaust his administrative remedies. *Nunez v.*

---

[3] Section H for Inmate Appeal Form (CDC 602) (12/87).

[4] Section F for Inmate Appeal Form (CDC 602) (Rev. 08/09).

*Duncan*, 591 F.3d 1217 (9th Cir. 2010). Plaintiff provided many documents with his Statement of Genuine Issues that show that he has responded to and followed-up on appeals that were rejected, incomplete, and/or unclear. (ECF No. 136 at 33-54, 133, 135.) Plaintiff, likewise, should have followed-up on the status of his appeal, log no. LAC-A-10-1651, when he allegedly did not hear back or receive any documents or response from the Third Level, but Plaintiff failed to do to. Instead, Plaintiff argues that the inmate appeals process was unavailable to him.

Plaintiff contends that he submitted his appeal, log no. LAC-A-10-1651, and that he received the appeal back from the Second Level of review, and he "mail[ed] this appeal to the Third Level of Appeal, but never he[a]rd or received his appeal back." (ECF No. 136 at 98, Ex. II.) However, Plaintiff did not make a bona fide effort to obtain review of his grievance, such that review was "effectively unavailable." (*See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (excusing exhaustion when the inmate "took reasonable and appropriate steps to exhaust his . . . claim and was precluded from exhausting, not through his own fault but by the Warden's mistake")); *Marella v. Terhune*, 58 F.3d 1024, 1027 (9th Cir. 2009) (per curiam) (excusing inmate's failure to exhaust, because he pursued some relief but was informed by prison personnel that no remedies were available). Here, while Plaintiff filed an appeal relating to the disciplinary report from the June 26, 2010 events, he does not provide any evidence that he made a reasonable effort to follow through on his excessive force and/or failure-to-intervene claims against Defendants. Rather than showing that he was diligent in following-up on the said appeal with the Third Level, Plaintiff remained unreasonably idle by saying that he simply never received any response back even though he was pursuing other unrelated appeals at the same time[5]. (*See* ECF No. 136 at 98, 130-131.)

---

[5] Around the time period Plaintiff filed his appeal, log no. LAC-A-10-1651 (with a submitted date of October 1, 2010), Plaintiff filed two appeals, log no. LAC-10-1509 (dated October 14, 2010) and log no. LAC-10-1524, and thereafter exhausted these two appeals to the Director's Level. (Decl. Voong at ¶ 13 (d), Ex. E; ¶ 13 (e), Ex. F.)

Even accepting Plaintiff's contention that he submitted the appeal relating to the June 26, 2010 events to the Third Level of review, no genuine dispute exists that the administrative grievance process remained available to him, because Plaintiff utilized the remedy to submit other appeals. Administrative remedies remain "available," as long as relevant administrative officials have the authority to take some action. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). Here, prison officials had the authority to take some action regarding his appeal, had Plaintiff submitted the appeal to the Third Level or had he followed-up on the allegedly submitted appeal. (ECF No. 136 at 98, 130-131; Decl. Curiel, ¶¶ 9-11; Decl. Voong, ¶¶ 10, 12-14.)

Plaintiff has not met his burden of demonstrating that the grievance process was unavailable to him through no fault of his own. *Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010) (determining that exhaustion was not excused because prison officials did not improperly screen any grievances). Plaintiff did not complete the grievance process in accordance with the procedural rules, and has not demonstrated that he was obstructed from doing do because procedures for processing grievances were not followed. *See Jones v. Bock*, 549 U.S. 199, 218 (2007) ("[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined . . . by the prison grievance process itself.") Plaintiff's claim that the appeals process was unavailable to him and that he was prevented from exhausting should be rejected.

### C. Plaintiff Did Not Reach a "Dead End" Like That Contemplated in *Ross v. Blake*.

Plaintiff makes reference and cites to *Ross v. Blake*, 578 U.S. ___, 136 S. Ct. 1850 (2016) throughout his unsupported Declaration to argue that he reached a "dead end" and therefore, administrative remedies were unavailable to him. Plaintiff misunderstands the *Ross* decision.

In *Ross*, the Supreme Court explained that administrative remedies are effectively unavailable when "officers [are] unable or consistently unwilling to provide any relief to aggrieved inmates," such that a grievance procedure "despite what regulations or guidance materials may promise . . . operates as a simple dead end[.]" *Ross*, 136 S. Ct. at 1859. The Court went on to list examples of when an inmate had reached a "dead end." *Id.* Those examples include when "a prison handbook directs inmates to submit their grievances to a particular administrative office—but in practice that office disclaims the capacity to consider those petitions," or "if administrative officials have apparent authority, but decline ever to exercise it." *Id.*

There is no evidence that Plaintiff reached such a "dead end."[6]  To the contrary, Plaintiff filed and received a cancellation/denial letter from the Second Level of appeal to his inmate appeal, log no. LAC-A-10-1651, on January 18, 2011. (ECF No. 136 at 130-131; Decl. Curiel, ¶ 9(a), Ex. A.) Thereafter, Plaintiff could have appealed the denial/cancellation of his inmate appeal, log no. LAC-A-10-1651, to the Third Level of review. This is not the "dead end" that the Court in *Ross* contemplated. *See Wilson v. Zubiate*, No. 16-16621, 2017 WL 5897303, at *1 (9th Cir. Nov. 30, 2017) (inmate-plaintiff was not at a "dead end" when he "failed to appeal CDCR's third-level cancellation decision[,]" because he had not "shown that prison officials were unable or consistently unwilling to provide any relief to an inmate seeking to appeal a cancellation decision").

Because Plaintiff did not reach a "dead end," and does not argue that either of the other two exceptions outlined in *Ross* apply here, he is not excused from exhausting his administrative remedies before filing suit. There is no genuine

---

[6] The Ninth Circuit analyzed whether the inmate-plaintiff there had reached a "dead end" in CDCR's administrative grievance process in *Wilson v. Zubiate*, 2017 WL 5897303, *1. The court concluded that the plaintiff had not because there was no evidence "that prison officials were 'unable or consistently unwilling to provide any relief' to an inmate seeking to appeal a cancellation decision." *Id.* at *1 (*citing Ross*, 136 S. Ct. at 1859). Similarly, there is no such evidence here.

1   dispute that administrative remedies remained available to Plaintiff, or that Plaintiff

2   failed to exhaust his administrative remedies prior to filing suit and, therefore,

3   Defendants are entitled to judgment as a matter of law.

4                                          **CONCLUSION**

5          For the reasons discussed above, and in Defendants' moving papers,

6   Plaintiff's SAC should be dismissed for failure to exhaust his administrative

7   remedies prior to filing suit.

8

9

10  Dated:  September 13, 2018                          Respectfully submitted,

11                                                      XAVIER BECERRA
                                                        Attorney General of California
12                                                      GIAM M. NGUYEN
                                                        Supervising Deputy Attorney General
13

14                                                      /s/ Mina Choi

15

16                                                      MINA CHOI
                                                        Deputy Attorney General
17                                                      *Attorneys for Defendants*
                                                        *Cash, Puckett, Spencer, Fears,*
18                                                      *Buechter, Lett, Godina, Cain,*
                                                        *Pollard, Cromwell, Romero,*
19                                                      *Fernandez (Galpon), Thomas, Jr.,*
                                                        *Fortson, Mendoza, Spencer, and*
20                                                      *Crawford*

21  LA2016600251
    53071588.docx

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name:   **Lafonzo R. Turner v. B. M. Cash, et al.**      No.   **2:14-cv-04758-JVS-AGR**

I hereby certify that on **September 13, 2018**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT BASED ON NON-EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On **September 13, 2018**, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Lafonzo R. Turner
CDCR# G-05794
Corcoran State Prison
P.O. Box 3459
Corcoran, CA 93212**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 13, 2018**, at Los Angeles, California.

|  |  |
|---|---|
| K. Hynds | /s/ K. Hynds |
| Declarant | Signature |

LA2016600251
53071729.docx