1  XAVIER BECERRA
   Attorney General of California
2  GIAM M. NGUYEN
   Supervising Deputy Attorney General
3  MINA CHOI
   Deputy Attorney General
4  State Bar No. 210514
   300 South Spring Street, Suite 1702
5  Los Angeles, CA 90013
   Telephone: (213) 269-6608
6  Fax: (213) 897-7604
   E-mail: Mina.Choi@doj.ca.gov
7  Attorneys for Defendants
   Cash, Puckett, Spencer, Fears, Buechter, Lett,
8  Godina, Cain, Pollard, Cromwell, Romero,
   Fernandez (Galpon), Thomas, Jr., Fortson,
9  Mendoza, Spencer, and Crawford

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **LAFONZO R. TURNER,**<br><br>Plaintiff,<br><br>v.<br><br>**B. M. CASH, et al.,**<br><br>Defendants. | 2:14-cv-04758 JVS (AGR)<br><br>**REPLY DECLARATION OF J. CURIEL, APPEALS COORDINATOR, IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>Courtroom:<br>Judge:      The Honorable Alicia G. Rosenberg<br>Trial Date: None<br>Action Filed: 6/19/2014 |

I, J. Curiel, hereby declare as follows:

1.    I am not a party to this action. I make the following declaration in support of Defendants' Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies. I make the following declaration of facts based upon my own knowledge, except those matters expressly based on information and belief, which I believe to be true. If called, I can testify competently to the facts

1

1  contained in this declaration.

2      2.      I am employed as a Correctional Counselor II by the California

3  Department of Corrections and Rehabilitation (CDCR) and as the Appeals

4  Coordinator at California State Prison, Los Angeles County (LAC), in Lancaster,

5  California. As Appeals Coordinator, I receive all inmate appeals submitted at the

6  institutional level. I am familiar with CDCR's inmate appeals process and the

7  processing of inmate appeals at LAC. Any inmate grievance relating to LAC must

8  be filed through the LAC appeals office.

9      3.      The California Code of Regulations, Title 15, § 3084.1(a), Right to

10 Appeal, states, "Any inmate or parolee under the department's jurisdiction may

11 appeal any policy, decision, action, condition, or omission by the department or its

12 staff that the inmate or parolee can demonstrate as having a material adverse affect

13 upon his or her health, safety, or welfare."

14     4.      Before January 28, 2011, there were four levels of appeal review: one

15 (1) informal and three (3) formal levels.  The informal level of review required the

16 complaining inmate and involved staff to attempt to resolve the grievance

17 informally.  If the inmate was not satisfied with the informal level response, he

18 could submit the appeal for formal review.  The first formal level of review was

19 conducted by the division head or his/her designee.  If the inmate was not satisfied

20 with the first formal level response, he could submit the appeal for a second level of

21 review.  The second level of review was conducted by the institution head or his/her

22 designee.  If the inmate was not satisfied with the second level response, he could

23 elevate the appeal to the third level of review, which was conducted by the chief of

24 the Inmate Appeals Branch in Sacramento, California.  This constituted the CDCR

25 Secretary's decision on an appeal, and completed the exhaustion process.

26     5.      After January 28, 2011, the administrative appeal regulations were

27 revised significantly.  Three of the most prominent changes include the manner of

28 initial submission of the appeal, the requirement to identify involved staff by name

1   and title, and time frames for submission.  First, concerning the initial submission

2   of the appeal, the inmate is no longer required to attempt informal review of the

3   appeal with the staff member involved in the action or decision being appealed.

4   Instead, the inmate is required to submit the appeal directly through institutional

5   mail to the appeals coordinator's office for receipt and processing.  Cal. Code

6   Regs., tit. 15, §§3084.2(c), 3084.7(a).  Upon receipt, the appeals coordinator makes

7   a determination whether the appeal has been properly submitted, or must be

8   rejected or cancelled because of errors, omissions, duplication of a prior appeal,

9   presentation of multiple, unrelated issues, or other violations of the regulations.  If

10  the appeal is accepted for review, it is processed through the same three formal

11  levels of review described above in paragraph 4, except that the Inmate Appeals

12  Branch in Sacramento, California, is now the "Office of Appeals," where appeals

13  are resolved at the third and final level of review.  A decision by the Chief of the

14  Office of Appeals constitutes the final decision of the Secretary of CDCR, and

15  completes the administrative process.  The second major change is that the inmate

16  is required to identify, by name and title or position, each staff member alleged to

17  be involved in the action or decision being appealed, along with the dates each staff

18  member was involved in the issue being appealed.  Cal. Code Regs., tit. 15, §

19  3084.2(a)(3).  If the inmate does not have this information, he must provide any

20  other available information that would assist the appeals coordinator in identifying

21  the staff member.  *Id.*  The third major change is that the inmate now has 30

22  calendar days to submit the appeal from the occurrence of the event or decision

23  being appealed, or upon first knowledge of the action or decision being appealed.

24  Cal. Code Regs., tit. 15, § 3084.8(b).

25         6.      Because the inmate's claims relate to an event or occurrence on June

26  26, 2010, before the amendments to the relevant regulations, the earlier version of

27  the regulations apply, as they were in effect at the time the events alleged occurred.

28  Appeals submitted after January 28, 2011, the effective date of the revised

3

1   regulations, however, are processed in accordance with the new regulations.

2         7.     Currently, when an appeal is submitted to the appeals coordinator's

3   office for review, it is immediately assigned a log number—regardless of its

4   disposition—for tracking purposes and to prevent inmates from alleging that staff

5   lost or destroyed the appeal.  If an appeal is not properly or timely submitted, it is

6   not assigned for processing, but is instead rejected and returned to the inmate with

7   written instructions on how to cure the defects, if possible.  In 2010, during the

8   period of time relevant to Plaintiff's claims, appeals that were screened out or

9   rejected were not assigned a log number.

10        8.     The California Attorney General's Office requested that this Office

11  research its records to ascertain whether inmate Lafonzo Turner, CDCR No.

12  G05794 ("Plaintiff"), filed any inmate appeals while incarcerated at California State

13  Prison, Los Angeles County (CSP-LAC) related to his allegations that on or about

14  June 26, 2010:

15        (a)    Plaintiff was subjected to excessive force by Defendants

16  Thomas Romero, Pollard, Fears, Puckett, Mendoza, and Godina during a cell

17  extraction while incarcerated at CSP-LAC;

18        (b)    Defendants Lett and Crawford failed to protect Plaintiff; and

19        (c)    Defendants Cash, Fortson, Buechter, Cain, Fernandez, and

20  Cromwell permitted the excessive force.

21        9.     A thorough search of our records, which are kept in the ordinary

22  course of business at or near the time this Office receives an inmate appeal,

23  revealed the following:

24        (a)    On or about January 14, 2011, Plaintiff's appeal log no. LAC-A-

25  10-01651 was cancelled and denied at the second level of review[1].  That appeal

26  addressed Plaintiff's allegations that on June 26, 2010, he received a CDC 115,

27  Rules Violation Report (RVR), log no. S10-06-0067, for the specific act of

28       [1] The first level of review was bypassed in this case.

1   "Willfully Resisting any Peace Officer in the Performance of Duty." Plaintiff

2   claimed that he was denied due process and access to the courts and that the RVR

3   was written up as an attempt to cover the fact that CSP-LAC is "subjecting

4   prisoners to cruel and unusual punishment and corporal punishment primarily

5   because prisoners are accused of refusing to accept assigned housing or a cellmate."

6   Plaintiff also claimed that the staff used excessive force with chemical and physical

7   force. Plaintiff requested that the RVR be dismissed and that he be compensated for

8   his injuries and transferred. That appeal was cancelled and denied because

9   Correctional Lieutenant Frank attempted to interview Plaintiff on January 6, 2011

10  to give Plaintiff the opportunity to provide any additional information or

11  documentation, but Plaintiff elected not to participate in the interview process.

12  Plaintiff's refusal to participate in the interview and lack of cooperation were

13  considered an Appeal System Abuse in accordance with CCR Title 15, § 3084.4.

14  The appeal was forwarded to the Appeal's Coordinator for cancellation. A true and

15  correct copy of that appeal (including attached documents) and second level

16  decision is attached hereto as **Exhibit "A"**.

17       10.   A thorough search by my staff for appeals submitted by Plaintiff which

18  were screened out revealed, other than the appeal listed in paragraph 9(a) above, no

19  CDCR Form 602 appeals received from Plaintiff regarding the allegations brought

20  in this action.

28       / / /

11.   Documents and data entries are maintained in our office pertaining to inmate appeals and are prepared at or near the time of their occurrence by persons with knowledge of the circumstances or events. A true and correct copy of the appeal history of inmate Lafonzo Turner is attached hereto as "**Exhibit B**."

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed on September 5 2018, at Lancaster, California.

J. Curiel, Appeals Coordinator, LAC

LA2016600251
53052471.docx

# EXHIBIT A

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
CALIFORNIA STATE PRISON-LOS ANGELES COUNTY
SECOND LEVEL RESPONSE

Appellant's Name & CDC No.:   Turner (G05794)
Appeal Log No.:   LAC-A-10-01651
Interviewed By:   B. Frank, Disciplinary Lieutenant
Appeal Issue:   Disciplinary
Appeal Decision:   Cancelled/Denied

APPEAL ISSUE:

You are submitting this appeal relative to CDC-115, Rules Violation Report (RVR),
Log # S10-06-0067, dated 6/26/2010, for the specific act of "Willfully Resisting any
Peace Officer in the Performance of Duty."

In your appeal you claim that as the result of a RVR hearing conducted by Senior
Hearing Officer (SHO), Lieutenant R. Harris, you claim that several of your due process
rights were either ignored or simply violated.  Specifically, you claim the following:

- Appellant claims that he was denied access to the court without due process.
- Appellant claims that the RVR was written up as an attempt to cover the fact
  that LAC is "subjecting prisoners to cruel and unusual punishment and
  corporal punishment primarily because prisoners are accused of refusing to
  accept assigned housing and or a cellmate."
- Appellant claims that LAC staff is manipulating the Integrated Housing Policy
  (IHP) and the Integrated Housing Codes (IHC).
- Appellant claims that staff used excessive force by means of chemical and
  physical force.
- Appellant claims that the SHO did not allow him to call relevant witnesses.

APPEAL REQUEST:
You request that the RVR be dismissed.  You also request to be compensatedyou're
your injuries and to be immediately transferred because the officials in A4 keep
retaliating against you for the incident at hand.

REGULATIONS:
The rules governing this issue are:  California Code of Regulations (CCR), Title 15,
Section(s) 3006, 3084, 3315, 3320, and 3323; and DOM Article 5, Inmate Discipline.

INTERVIEW:
Correctional Lieutenant B. Frank attempted to interview you on 1/6/2011, to give you the
opportunity to provide any additional information or documentation.  You elected not to
participate in the interview process.  Your refusal to participate was witnessed by
Correctional Officer G. Estrada.  This lack of cooperation is considered an Appeal
System Abuse in accordance with CCR Title 15, § 3084.4.  This appeal will be
forwarded to the Appeal's Coordinator for cancellation.

SECOND LEVEL RESPONSE
LAC-A-10-01651
Page 2

## APPEAL RESPONSE:

The First Level of Review was bypassed in this case. Lieutenant B. Frank was assigned to review this appeal at the Second Level. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented, in accordance with California State Prison – Los Angeles County, Operational Procedures, the CCR Title 15, and the Department Operations Manual (DOM).

## FINDINGS:

The assigned staff member reviewed the appeal, the RVR, and the issue contained therein. A review of the RVR revealed that you were charged with violating CCR, Section(s) 3005(c), for the specific act of "Willfully Delaying any Peace Officer in the Performance of Duty." In accordance with CCR Title 15, Section 3323, the charge was classified as a Division "D" offense.

The date of discovery of the RVR was 6/26/2010. You received your copy of the RVR on 7/30/2010, which was not within 15 days of the date of discovery. The hearing was conducted on 8/26/2010, which was within 30 days of the date of RVR service. Time constraints *were not met* in accordance with CCR Section 3320(a) and (b).

In accordance with CCR Title 15, Section 3320(c)(2), you were provided with copies of the following documents at least 24 hours prior to the hearing: CDC 115 (Rules Violation Report), CDC 115A (Serious Rules Violation Report), CDC 115 (Summary of Disciplinary Procedures [Back Page]), 115A (Summary of Disciplinary Procedures and Inmate Rights [Back Page]), CDC 837 (Crime/Incident Report w/Supps &7219s), Investigative Employee Report, Notice of Outcome of Referral for Prosecution.

The RVR was not referred for District Attorney Prosecution.

An Investigative Employee was not assigned in accordance with CCR Title 15, Section 3315(d)(1).

A Staff Assistant was not assigned in accordance with CCR Title 15, Section 3315(d)(2).

You are a participant in the Mental Health Services Delivery System (MHSDS) at the CCCMS level of care.

The hearing was held on 8/26/2010 at approximately 1330 hours. The RVR reflects that you made a personal appearance before Correctional Lieutenant R. Harris; and entered a plea of Not Guilty.

The SHO found you guilty of the RVR based on the preponderance of evidence presented at the hearing, in accordance with CCR Section 3320(l). Specifically, the documentation submitted by the Reporting Employee that stated, you were ordered to remove the door coverings and be placed in handcuffs. You refused the orders and

SECOND LEVEL RESPONSE
LAC-A-10-01651
Page 3

therefore, Captain Fortson gave authorization to utilize force to extract you from the cell. Additionally, the reports (CDC-837's) submitted by Correctional Sergeant K. Thomas, Jr. and Officer Pollard reiterated the reporting employee's report; that you resisted a peace officer.

The SHO assessed 0 days loss of credit in accordance with CCR Section 3323(h).

All due process requirements regarding this RVR have not been met due to the time constraint violation noted at the commencement of the hearing.

Penalties assessed are appropriate and in compliance with current department policy and regulations.

Appellant claims that he was denied access to the court without due process. Appellant presented no evidence in the appeal to support this claim.

Appellant claims that the RVR was written up as an attempt to cover the fact that LAC is "subjecting prisoners to cruel and unusual punishment and corporal punishment primarily because prisoners are alleged of refusing to accept assigned housing and or a cellie." Appellant presented no evidence in the appeal to support this claim.

Appellant claims that LAC staff is manipulating the Integrated Housing Policy (IHP) and the Integrated Housing Codes (IHC). Appellant presented no evidence in the appeal to support this claim.

Appellant claims that staff used excessive force by means of chemical and physical force. Appellant presented no evidence in the appeal to support this claim.

Appellant claims that the SHO did not allow him to call relevant witnesses. The SHO denied the appellant's witnesses, in accordance with CCR Title 15 § 3315(e)(1)(B), after determining that they had no relevant or additional information to add to the proceedings.

<u>APPEAL DECISION:</u>

Based on the above, this appeal is Denied at the Second Level of review, in that you have failed to provide any information that would warrant vacating the findings of the SHO.


LONNIE D. JACKSON, JR.                          DATE
Chief Deputy Warden (A)
California State Prison–Los Angeles County

LAFONZO R. TURNER
G-05799                                                    S10-06-0067

CONTINUEATION

WILLFULLY RESISTING PEACE OFFICER

CRUEL AND UNUSUAL PUNISHMENT & CORPERAL PUNISHMENT PRI-
MARILY BECAUSE PRISONER ARE ALLEDEE OF REFUSING TO
ACCEPT ASSIGNED HOUSING AND/OR A CELLY BUT IN TRUTH
LAC/SGT. R FRANKLIN ARE MINEPULATING THE I.H.A
I.H.P. & THE I.H.C JOHNSON V. CALIFORNIA CASE IN
RETALIATION OF THAT SUIT & SUBJECTING PRISONERS
TO HOUSE WITH WHOEVER C/O'S BRING TO THERE CELL REGARD-
LESS OF SAID PRISONER STATING HE IS NOT COMPAT-
BLE & HE HAS SAFETY CONCERN..PRISONERS AT LAC ARE
BEING GIVEN R.V.R.'S FOR FIRST TIME THEY SAY THEY
ARE NOT COMPATIBLE AND GIVEN SHU'S, PLACED ON CELL MAN-
AGEMENT STATUS WHICH IS SOMEWHAT WHAT HAPPEN TO
APPEALLANT BUT APPEALLANT HAD A CELLY BUT HE & HIS
CELL APPEALLANT FELT IN FEAR FOR HIS SAFETY FROM
SO HE LOCK HIM OUT & IN RETURNE SGT. R. FRANKLIN SET
INTO AFFECT A CHAIN OF EVENT TO LEAD TO HIM SGT.
R. FRANKLIN JUSTIFYING PLACING APPEALLANT ON CELL MAN-
AGEMENT STATUS. (TO WIT SGT. R. FRANKLIN HAD APPEALL-
ANT WROTE UP FOR LOCKING OUT MY CELLY, THEN HAD C/O
POLLARD WRITE APPEALLANT UP FOR ASKING FOR HIS
STATE REQUIRED ISSUE OF SYRUP & STATING ON THE R.V.R.
THAT APPEALLANT HELD THE TRAY & THEN SGT. R. FRANKLIN
ORDER C/O DUFFY TO ASK ME TO ACCEPT THE SAME CELLY I
HAD LOCKED OUT FOR SAFETY CONCERNS & HAD APPEALL-
ANT GIVEN A R.V.R. FOR REFUSING A CELLY SETTING ME UP
AS A PROGRAM FAILURE & WITHOUT ANY AUTHORIZATION ACCEPT-
ING A CELL MANAGEMENT STATUS ON APPEALLANT TILL THIS
DAY APPEALLANT HAS NOT RECIEVED ANY NOTICE OF AUTOR-
IZATION BY A CPT. OR A DICIPLAINARY HEARING, OR AN CLASS-
IFICATION COMITY HEARING TO AUTHORIZE APPEALLANTS BE-
ING PLACED ON CELL MANAGEMENT STATUS OR BE GIVEN DUE
PROCESS OF THE LAW. ASWELL & FURTHERMORE EXCESSIVE FORCE BY
MEANS OF CHEMICALS & PHYSICAL FORCE CPT. FORTSON TALKS TO ME &
TOLD ME CUSTODY WAS NOT ALLOWED TO TAKE MY LEGAL PROPERTY THAT
I HAD BEEN PLACED ON CELL MANAGEMENT BY THE CPT. OF THE DAY
M. BUECHTER, BUT WHEN I ASKED TO BE SHOWN DOCUMENTATIO
OF THIS I WAS NOT SHOWN & I FILED A INMATE REQUEST
FOR AN OLSIN REVIEW TO RECOVER ALL DESCIPLINARY
DOCUMENTS & 115 FINAL DISPOSITION ECT. & COUNSELOR BERRUI:
GAVE ME ALL AVAILIBLE R.V.R'S & THERE WAS NO AUTHOR-
IZATION 128 OR ANYTHING SIGNED BY ANY CPT.-ASWELL
APPEALLANT WAS DENIED BY LT. HARRISS THE CALLING OF
RELIVENT WITNESS. FURTHERMORE LT. HARRIS IS CONTINUESTLY
HEARING 95% PERCENT OF MY R.V.R'S THIS IS NO FAIR OR
IMPARTIAL THE SAME SHO 95% OF THE TIME CAN NOT BE FAIR
AND CAN NOT HELP BUT TO FORM A BIAS OPINION AFTER FIND-
ING APPEALLANT GUILTY. OVER 5 TIME ALREADY IN FIVE DIFFERENT
R.V.R OR MORE & MENTAL HEALTH WAS NOT FAIR BECAUSE APPEALLANT
WAS NOT ON HIS MEDS FOR 2 DAY'S & MY MENTAL HEALTH DID PLAY APART.

⇩ OVER ⇩

＊EVIDENCE ＊

1. R.V.R DUTFY.
2. RVR POLLARD.
3. DECLARATION

ASWELL I DID NOT REFUSE TO SIGN. AS ACCEPTING C/o J. VENAGAS C/o J-VENAGAS HAS REPEATEDLY DONE THIS & LIED & NOT DONE AN ENVESTIGATION DENINE ME EVIDENCE, WITNESS STATE- MENTS & STATING FALSE STATEMENTS BY ME IN HIS REPORTS FURTHERMORE C. M. BELL DID NOT ASSIST ME & TO MADE FALSE ENTRY S IN HER REPORT THAT I REFUSED TO SIGN AND M. BELL DID NOT HELP ME WITH UNDERSTANDING THIS PROCESS AT ALL. & ALLOWED ME TO BE MINIP UPLATED BY C/o J. VENAGAS & CT. HARRIS.

L. R. Turner

STATE OF CALIFORNIA

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region

1.

2. LAC - A - 10 - 1651

Log No.

2nd Level Review #1 DIVD

DEPARTMENT OF CORRECTIONS

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | | | UNIT/ROOM NUMBER |
|------|--------|-----------|---|---|------------------|
| LAFONZO R. TURNER | G-05799 | / / | | / / | A4 - 148 |

A. Describe Problem: ON FRI JUN 25, 2010 AT 10:00 AM C/o SPRN & C/o DIAZ CAME TO MY CELL TELLING ME I WAS BEING PLACED ON CELL MANAGEMENT STATUS & TO CUFF UP. AT WHICH TIME I SAID FOR WHAT. & I WAS TOLD AGAIN I WAS GONNA HAVE ALL MY PROPERTY & CLOTHING TAKEN & I EXPLAINED TO SGT. R. FRANKLIN I HAD A RIGHT TO ACCESS TO THE COURTS & DUE PROCESS FOR THE TAKEING OF MY PROPERTY, CLOTHEING & BEDING & THAT THIS WAS (CF) CRUEL PUNISHMENT AND I WANTED TO SPEAK WITH A CAPTIN & LT. CASN, LT. CROMWELL & LT. GALPON SPOKE TO ME & NONE ADDRESSING MY DUE PROCESS & RIGHT TO BE FREE FROM TORTURE SO I BOARDED UP MY CELL DOOR BECAUSE I WAS FEELING SUICIDAL & I YELLED THIS OVER & OVER & FROM 2nd WATCH TO 3rd WATCH ON THE 25 OF JUNE I STAYED BOARD ED UP & ON 1st WATCH C/o CUNIGIT HAD TO CALL A SGT. TO MAKE SURE I WAS ALIVE BECAUSE I WAS BOARDED UP. ON JUNE 26, 2010 SGT. K. THOMAS & LT. CASN TALKED TO ME & IN R.V. R IT STATE SUCH AT 0750 AND LT. CASN WAS INFORMED AT THIS POINT THAT I WAS BEING THREATEN WITH TORTURE & DENIAL OF ACCESS TO THE COURT WITHOUT DUE PROCESS AND/OR NO REASON AT ALL TO WHICH HE HIM SELF ALSO COMPORTED TO & TOLD ME TO CUFF UP & INTURN WROTE THIS FABRICATED R.V.R TO COVER TO FACT THAT LAC IS SUBJECTING PRISONERS TO

If you need more space, attach one additional sheet.   ( SEE ATTACHED )

B. Action Requested: 1. FOR THIS R.V.R. TO BE FULLY DISMISSED. 2nd I WOULD LIKE TO BE COMPENSATED FOR MY INJURIES. 3 TO BE IMMEDIATELY TRANSFER ED BECAUSE OFFICERS IN A4 KEEP RETALIATING ON ME FOR THIS INCIDENT.

Inmate/Parolee Signature: M Lafonzo R Turn   Date Submitted: 10-1-10

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: ___ BYPASS ___

Staff Signature: _____   Date Returned to Inmate: _____

NOV 2 4 2010

JUL 9 20

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____   Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

PHC-A-10-1651

First Level      ☐ Granted      ☐ P. Granted      ☐ Denied      ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

BYPASS
BYPASS

Staff Signature: _____          Title: _____      Date Completed: _____
Division Head Approved:                                              Returned
Signature: _____                 Title: _____      Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

BYPASS

Signature: _____                                    Date Submitted: _____

Second Level   ☐ Granted   ☐ P. Granted   ☒ Denied   ☒ Other   Cancelled

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 11/29/10   Due Date: 1/7/11
☐ See Attached Letter

Signature: _____                                    Date Completed: 1/6/11
Warden/Superintendent Signature: _____             Date Returned to Inmate: JAN 18 2011

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____                                    Date Submitted: _____

For the Director's Review, submit all documents to:   Director of Corrections
                                                       P.O. Box 942883
                                                       Sacramento, CA 94283-0001
                                                       Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
                                                                      Date: _____

CDC 602 (12/87)

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

October 26, 2010

*TURNER, G05794*
*FAB400000000148L*

Log Number: LAC-A-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You may only submit one (1) non-emergency appeal within a seven-calendar day period.*

*REFILE IN 7 DAYS.*

J. Curiel/R. Thomas
Appeals Coordinator/Appeals Supervisor
Correctional Counselor II
California State Prison - Los Angeles County

NOTE: Please make the changes or corrections requested and resubmit the original appeal within fifteen working days. Once an appeal has been cancelled that appeal may not be resubmitted. However a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation decision is granted.

PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE

☐ EOP   ☒ CCCMS   ☐ CLEAR

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

## RULES VIOLATION REPORT

804 to records on _____ By: _____

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG N° |
|---|---|---|---|---|---|---|
| G05794 | TURNER, LAFONZO | | | LAC | FAB4-136L | S10-06-0067 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005(b) | Willfully Resisting any Peace Officer in the Performance of Duty | FAB4-136 | 6/26/10 | 0745 Hrs. |

CIRCUMSTANCES

On Saturday, June 26, 2010 at approximately 0745 hours, I was informed by Sergeant K. Thomas that Inmate Turner (G05794 in FAB4-136L) had barricaded himself in his cell by covering the cell door and was unresponsive. At 0750 hours I made verbal contact with Inmate Turner and ordered him to remove the door coverings and be placed in handcuffs. Inmate Turner continued to refuse orders to take down the barricade. I ordered Sergeant Thomas to assemble a cell extraction team and I notified the Administrative Officer of the Day Captain C. Fortson of the incident. Captain Fortson gave authorization to utilize force to extract Inmate Turner if he continued to refuse orders. After a cool down period of approximately three hours, at 1300 hours I read Inmate Turner his cell extraction admonishment and ordered Sergeant Thomas to conduct the cell extraction. Sergeant Thomas gave continuous orders for Inmate Turner to remove the barricade. Inmate Turner refused. Sergeant Thomas utilized OC pepper spray cell buster, Z505, and T16 grenades and the X-10 barricade removal device over the next 45 minute period. At approximately 1345 hours, the cell extraction team made entry into the cell. The Team utilized Physical Force out of my line of sight to gain compliance of Inmate Turner. Inmate Turner was escorted to the AD-Seg yard for decontamination and medical evaluation. Due the injuries to inmate Turner's facial area I conducted an inmate report of finding interview at this time. Inmate Turner stated that he was suicidal and was escorted to the Correctional Treatment Center for Mental Health evaluation without further incident.

Inmate Turner is a participant in the Mental Health Services Delivery System (MHSDS) at the Correctional Clinical Case Management System (CCCMS) level of care.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ► A. Cain, Correctional Lieutenant | 6-29-10 | HCA Lieutenant | THU/FRI |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| | 6/25/10 | DATE  N/A | LOC.  N/A | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | 'D' | | ► M. Buechter, Facility Captain | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |
| ☐ SERIOUS | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | | 7-30-10 | 1035 | ☑ SUMMARY OF DISCIPLINARY PROCEDURES (115 Back Page) |
| ☒ INCIDENT REPORT LOG NUMBER: AC-A04-10-06-0349 | BY: (STAFF'S SIGNATURE) | DATE 8-16-10 | TIME 1029 | ☑ SUMMARY OF DISCIPLINARY PROCEDURES AND INMATE RIGHTS (115A Back Page) |
| | | | | BY: (STAFF'S SIGNATURE)   DATE 7-30-10   TIME 1035 |

HEARING

Mental Health Assessment       10-13-10       DA Outcome

X _____ 6/26/10  1315       X _____ 6-5-10  0946

(REFER TO RULES VIOLATION REPORT – PART C FOR HEARING PORTION)

| REFERRED TO   ☐ CLASSIFICATION   ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) R. Harris | SIGNATURE ► | DATE 8/6/10 | TIME 1745 |
| REVIEWED BY: (SIGNATURE) M. Buechter, Facility Captain | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ► T. Miguel, Associate Warden (CDO) | DATE 10-5-10 | DATE 10-2-10 |
| COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE 10-4-10 | TIME |

5 (7/88)                                                                      REV04151OHCSLAC

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| G05794 | TURNER, LAFONZO | 3. 05(b) | 6/26/10 | LAC | S 10-06-0067 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT   ☐ YES   ☒ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | N/A |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | N/A |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| N/A | N/A |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement | ▶ N/A | N/A |

### STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED   ☐ WAIVED BY INMATE | ▶ I/M REFUSED TO SIGN | |
| ☑ ASSIGNED   DATE 7/30/10   NAME OF STAFF M. Bell   M-Bell | | |
| ☐ NOT ASSIGNED   REASON NO TABE SCORE | | |

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED   ☐ WAIVED BY INMATE | ▶ I/M REFUSED TO SIGN | |
| ☒ ASSIGNED   DATE 7/30/10   NAME OF STAFF V J.Vallegas | | |
| ☐ NOT ASSIGNED   REASON | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE

None REQUEST

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER_____   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

I did Not receive c/o Puckett's Report. I waive My right to review this report And The SHO will not use this report for his Adjudication. I wish to proceed with the hearing x ___TURNER___

OCT 21 2010

| | INVESTIGATOR'S SIGNATURE | DATE 7-30-10 |
|---|---|---|
| ☑ COPY OF CDC 115-A GIVEN INMATE   BY: (STAFF SIGNATURE) ▶ x | | TIME 1035   DATE 7-30-10 |

CDC 115-A (7/88)                  – If additional space is required use supplemental pages –                  REV04I510HCSLAC

STATE OF CALIFORNIA                                                     DEPARTMENT OF CORRECTIONS AND REHABILITATION
RULES VIOLATION REPORT - PART C                                                                    PAGE 01  OF 02

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| G05794 | TURNER, LAFONZ'O | S10-06-0067 | LAC | 6/25/10 |

[X] SUPPLEMENTAL   [ ] CONTINUATION OF:  [ ] CDC 115 CIRCUMSTANCES  [ ] HEARING  [ ] I.E. REPORT  [X] OTHER: E.C. CHECKLIST

# EFFECTIVE COMMUNICATION

*Effective communication means providing the inmate, to the extent possible, the means to understand and participate in the disciplinary process to the best of their ability. This may be accomplished through reasonable accommodation or assignment of a staff assistant. If the inmate's Test of Adult Basic Education (TABE) score is 4.0 or lower, employees are required to query the inmate to determine whether or not assistance is needed to achieve effective communication. The employee is required to document on appropriate CDCR forms his/her determination of whether the inmate appeared to understand, the basis for that determination and how it was made. For contacts involving due process, employees shall give priority to the inmate's primary means of communication, which may include but is not limited to: auxiliary communication aids, sign language interpreter, and bilingual interpreter (§CCR 3000)*

---

### THE STAFF MEMBER REVIEWING THE 'DECS' REPORT FOR POSSIBLE EFFECTIVE COMMUNICATION ISSUES SHALL COMPLETE THIS SECTION.
*(The disciplinary officer shall place a copy of the 'DECS' Offender Details Report in the RVR file for review)*

[X] **No issues are present that require the use of equally effective communication methods**

*NOTE: If there are no issues present, no further entries are required on this document*

'S' HAS A TABE SCORE OF: _None_

The following issues are present which may require the use of equally effective communication methods:

| | | |
|---|---|---|
| [ ] Hearing impairment | [ ] Vision impairment | [ ] Speech impairment |
| [ ] EOP | [ ] Developmental Disability (DD1/DD2/DD3) | [ ] TABE 4.0 or lower |
| [ ] MHCB | [ ] Learning Disability | [ ] Foreign Language Speaking |

Primary method of communication (Refer to DECS Report or Central File and query inmate) _____

Alternate method of communication (Refer to DECS Report or Central File and query inmate) _____

*NOTE: The primary method of communication shall normally be used to ensure effective communication in due process proceedings. If unable to use primary means of communication, staff shall explain the circumstances necessitating this.*

| SIGNATURE OF EMPLOYEE WHO COMPLETED THIS SECTION | PRINTED NAME OF EMPLOYEE | DATE SIGNED |
|---|---|---|
| X _____ | X M.Bell | 7/30/10 |

---

### THE STAFF MEMBER ISSUING THE INITIAL COPY SHALL COMPLETE THIS SECTION.

Assistance Provided To Ensure Effective Communication:

| | | |
|---|---|---|
| [ ] Use of Text Magnifier | [ ] Read Documents to "S" | [ ] Lip Reading |
| [ ] Foreign Language Interpreter | [ ] Sign Language Interpreter | [ ] Written Notes (see attached noted) |
| [ ] Simple English | [ ] S" was wearing his hearing aid(s) | [ ] Other _____ |

[X] "S" stated he did not need any assistance for effective communication

Method Used To Determine Communication Was Effective:

| | | |
|---|---|---|
| [ ] "S" reiterated in his own words what was explained | [ ] "S" asked appropriate questions regarding the information provided | |
| [X] "S" provided appropriate substantive responses to questions asked | [ ] "S" did not appear to understand the communication, even though the primary method of communication was used. | |
| [ ] Other _____ | | |

| SIGNATURE OF EMPLOYEE WHO COMPLETED THIS SECTION | PRINTED NAME OF EMPLOYEE | DATE SIGNED |
|---|---|---|
| X _____ | X M.Bell | 7/30/10 |

---

| [X] COPY OF CDC 115-C GIVEN TO INMATE WITH FINAL COPY OF RVR | GIVEN BY: (Staff's Signature) _____ | DATE SIGNED 10/14/10 | TIME SIGNED 0900 |
|---|---|---|---|

CDC 115-C (5/95)                                                           REV041610HCSOSP 99 3505

STATE OF CALIFORNIA

RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE 02 OF 02

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| G05794 | TURNER, LAFONZO | S10-06-0067 | LAC | 8/26/10 |

☒ SUPPLEMENTAL   ☐ CONTINUATION OF:   ☐ CDC 115 CIRCUMSTANCES   ☐ HEARING   ☐ I.E. REPORT   ☒ OTHER: E.C. CHECKLIST

---

### THE INVESTIGATIVE EMPLOYEE (if assigned) SHALL COMPLETE THIS SECTION

**Assistance Provided To Ensure Effective Communication:**

☐ Use of Text Magnifier ☐ Read Documents to "S' ☐ Lip Reading
☐ Foreign Language Interpreter ☐ Sign Language Interpreter ☐ Written Notes (see attached noted)
☐ Simple English ☐ S" was wearing his hearing aid(s) ☐ Other _____
☐ "S" stated he did not need any assistance for effective communication

**Method Used To Determine Communication Was Effective:**

☐ "S" reiterated in his own words what was explained     ☐ "S" asked appropriate questions regarding the information provided
☐ "S" provided appropriate substantive responses to questions asked     ☐ "S" did not appear to understand the communication, even though the
☐ Other _____     primary method of communication was used.

| SIGNATURE OF EMPLOYEE WHO COMPLETED THIS SECTION | PRINTED NAME OF EMPLOYEE | DATE SIGNED |
|---|---|---|
| X | Venegas, J. | 8-3-10 |

---

### THE HEARING OFFICIAL (HO/SHO) SHALL COMPLETE THIS SECTION

NOTE: The HO/SHO shall query the inmate regarding the need for the use of effective communication methods at the commencement of the hearing. The HO/SHO shall review any effective communication factors noted herein and address them in the hearing portion of the RVR.

**Assistance Provided To Ensure Effective Communication:**

☐ Use of Text Magnifier ☐ Read Documents to "S' ☐ Lip Reading
☐ Foreign Language Interpreter ☐ Sign Language Interpreter ☐ Written Notes (see attached noted)
☒ Simple English ☐ S" was wearing his hearing aid(s) ☒ Other Staff Assistant
☐ "S" stated he did not need any assistance for effective communication

**Method Used To Determine Communication Was Effective:**

☒ "S" reiterated in his own words what was explained     ☐ "S" asked appropriate questions regarding the information provided
☒ "S" provided appropriate substantive responses to questions asked     ☐ "S" did not appear to understand the communication, even though the
☐ Other _____     primary method of communication was used.

| SIGNATURE OF EMPLOYEE WHO COMPLETED THIS SECTION | PRINTED NAME OF EMPLOYEE | DATE SIGNED |
|---|---|---|
| X | R. HARRIS | 8/26/10 |

---

### THE OFFICER ISSUING THE FINAL COPY TO THE INMATE SHALL COMPLETE THIS SECTION

**Assistance Provided To Ensure Effective Communication:**

☐ Use of Text Magnifier ☐ Read Documents to "S' ☐ Lip Reading
☐ Foreign Language Interpreter ☐ Sign Language Interpreter ☐ Written Notes (see attached noted)
☐ Simple English ☐ S" was wearing his hearing aid(s) ☐ Other _____
☐ "S" stated he did not need any assistance for effective communication

**Method Used To Determine Communication Was Effective:**

☐ "S" reiterated in his own words what was explained     ☐ "S" asked appropriate questions regarding the information provided
☐ "S" provided appropriate substantive responses to questions asked     ☐ "S" did not appear to understand the communication, even though the
☐ Other _____     primary method of communication was used.

| SIGNATURE OF EMPLOYEE WHO COMPLETED THIS SECTION | PRINTED NAME OF EMPLOYEE | DATE SIGNED |
|---|---|---|
| X | | |

---

| ☑ | COPY OF CDC 115-C GIVEN TO INMATE WITH FINAL COPY OF RVR | GIVEN BY: (Staff's Signature) | DATE SIGNED 10/1/10 | TIME SIGNED 0900 |
|---|---|---|---|---|

CDC 115-C (5/95)

REV04161OHCSOSP 99 35082

STATE OF CALIFORNIA

RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE _1_ OF _1_

| CDC NUMBER | INMATE'S NAME | | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|---|
| G05794 | Turner | | S10-06-0067 | CSP-LAC | 07/30/10 |

☐ SUPPLEMENTAL  ☐ CONTINUATION OF: ☐ CDC 115 CIRCUMSTANCES  ☐ HEARING  ☒ I.E. REPORT  ☐ OTHER: _____

## INVESTIGATIVE EMPLOYEE'S REPORT

On 07/30/10, I, Correctional Officer J. Venegas was assigned as the Investigative Employee for RVR Log Number S10-06-0067. A. Cain, Correctional Lieutenant submitted the RVR on Turner, G05794 charging him with a violation of the California Code of Regulations, Title 15, section 3005(c). I informed Turner of my assignment and advised him that my role as the IE is as a fact finder for the Senior Hearing Officer (SHO). Turner had no objection to my serving in this capacity. N. Bell, Correctional Officer, was assigned as the SA and was present to assist Turner during the interview to ensure effective communication was achieved.

DEFENDANT'S STATEMENT: Inmate Turner made the following statement "I don't want no I.E. it lost I don't care."

REPORTING EMPLOYEE'S STATEMENT: A. Cain, Correctional Lieutenant provided the following testimony: Refer to RVR.

STAFF WITNESS: NO STAFF WITNESSES WERE INTERVIEWED.

INMATE WITNESS: NO INMATE WITNESSES WERE INTERVIEWED

INVESTIGATIVE EMPLOYEE'S COMMENTS: This concludes my report as the Investigative Employee.

---

### THE FOLLOWING PERTAINS TO WITNESSES FOR THE DISCIPLINARY HEARING. THIS SUPERCEDES ANY PRIOR WITNESS REQUESTS (INCLUDING THOSE LISTED ON THE 115A)

Turner did not request that the Reporting Employee (R/E) be available as a witness at his disciplinary hearing.

Turner did not request that the Investigative Employee (I/E) be available as a witness at his disciplinary hearing.

Turner did not request that any other staff be available as a witness at his disciplinary hearing.

Turner did not request any Inmates as witnesses at his disciplinary hearing.

---

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| J. Venegas, Correctional Officer | 8-3-10 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | 8-3-10 | 1100 |

OCT 21 2010

CDC 115-C (8/08)

401 OSP 99 25082

STATE OF CALIFORNIA

RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE __1__ OF __4__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| G05794 | Turner | S10-06-0067 | CSP-LAC | 08-26-10 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF: ☐ CDC 115 CIRCUMSTANCES   ☒ HEARING   ☐ I.E. REPORT   ☐ OTHER: _____

PLEA: Not Guilty                                                FINDING: Guilty

**HEARING CONVENED:** On 08-26-10 at approximately 1330 hours, Inmate Turner made a personal appearance before Correctional Lieutenant R. Harris, Senior Hearing Officer (SHO), for the purpose of adjudicating this Rules Violation Report. Turner stated he was in good health and ready to proceed with this hearing.

**DOCUMENT ISSUANCE:** Turner did not receive a 24-hour preparation period following the issuance of the Officer Puckett's report. As evidenced by his signature on the CDC-115A, Turner waived the 24 hour preparation period and requested that the hearing continue.  Turner acknowledged that he had received copies of the following documents on the dates indicated:

| FORM NO. | DESCRIPTION | DATE ISSUED |
|---|---|---|
| CDC-115 | Rules Violation Report | 07-30-10 |
| CDC-115A | Serious Rules Violation Report | 07-30-10 |
| CDC-115 | Summary of Disciplinary Procedures (Back Page) | 07-30-10 |
| CDC-115A | Summary of Disciplinary Procedures and Inmate Rights (Back Page) | 07-30-10 |
| CDC-837 | Crime/Incident Report W/Supps & 7219's (Log #Lac-A04-10-06-0349) | 08-16-10 |
| CDC-115C | Investigative Employee Report | 08-03-10 |
| N/A | Notice of Outcome of Referral for Prosecution | 08-05-10 |

These reports were reviewed with Turner in the hearing.  Turner is charged with Willfully Resisting any Peace Officer in the Performance of Duty, a Division 'D' Offense.  Turner was advised that the charged offense is a violation of CCR §3005 Conduct, subparagraph (b) Obeying Orders.  CCR §3005(b) states, "Inmates and parolees must promptly and courteously obey written and verbal orders and instructions from department staff, and from employees of other agencies with authorized responsibility for the custody and supervision of inmates and parolees."  Turner acknowledged understanding the charge and the evidence being presented.

**DISTRICT ATTORNEY:** On 08-04-10, the Los Angeles County District Attorney's Office declined prosecution of this case based upon the following: Does Not meet the requirements of the DA Referral Agreement. Inmate Turner has been notified of this decision.

**TIME CONSTRAINTS:** Time constraints have not been met which shall preclude denial or forfeiture of credits in the event of a guilty finding.  Specifically, Turner did not receive a copy of the CDC-115 within 15 days of discovery of the charged offense, per CCR 3320(a).

**CONFIDENTIAL INFORMATION:** There was no confidential information to be considered.

**PHOTOGRAPH/VIDEOTAPE EVIDENCE:** There were no photographs or videotapes presented as evidence at this hearing.

**MENTAL HEALTH INFORMATION:** On 08-17-10, a Mental Health Assessment Request (CDC-115MH) was submitted to Mental Health Services because Turner is a participant in the Mental Health Services Delivery System (MHSDS) at the Correctional Clinical Case Management System (CCCMS) level of care and his behavior at the time of the rule violation was deemed to have been bizarre, unusual, or uncharacteristic.  On 08-23-10, Clinician P. Ascosta, Ph.D conducted a non-confidential interview with Turner and formed the opinion that Turner's mental disorder did not appear to be a contributing factor in the actions that led to the RVR.  The following comments were noted on CDC-115MH: Inmate Turner understands rules concerning not covering cell door. Clinician P. Ascosta, Ph.D noted that if the inmate is found guilty of the charge, the SHO should consider the following mental health factors in assessing a penalty: "Denial of yard might cause deterioration of inmate's mental health."

| | | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|---|
| | | R. Harris, Correctional Lieutenant (SHO) | | 10/5/10 |
| ☐ | COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED 10/11/10 | TIME SIGNED 0900 |

CDC 115-C (4/09)                                                                                 T200 OSP 99 ELE25082

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

RULES VIOLATION REPORT - PART C                                       PAGE __2__ OF __4__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| G05794 | Turner | S10-06-0067 | CSP-LAC | 08-26-10 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF: ☐ CDC 115 CIRCUMSTANCES  ☒ HEARING  ☐ I.E. REPORT  ☐ OTHER:

**EFFECTIVE COMMUNICATION:** Effective communication means providing the inmate, to the extent possible, the means to understand and participate in the disciplinary process to the best of their ability (CCR 3000).. When Turner was served a copy of this RVR, it was determined that additional assistance would be required in order to achieve effective communication with Turner throughout the disciplinary process. Effective Communication with Turner was achieved through the assignment of a Staff Assistant who used simple English spoken slowly and clearly as indicated in the Staff Assistant Portion of this document. The SHO queried Turner to determine whether or not effective communication had been achieved with him throughout the disciplinary process. Turner reiterated in his own words what had been explained to him and provided appropriate, substantive responses to questions asked during the hearing. The SHO is satisfied that effective communication was achieved with Turner throughout the disciplinary process.

**STAFF ASSISTANT:** On 07-30-10, Officer M. Bell was assigned as a Staff Assistant (SA) for Turner. Officer M. Bell was present at the hearing and confirmed that the hearing procedures, disciplinary charges, the evidence supporting these charges, and the right to request confidentiality had been explained to Turner at least 24 hours prior to the hearing. Officer M. Bell remained at the hearing to assist Turner. Speaking slowly and using simple English, Officer M. Bell reviewed the disciplinary process with Turner in the presence of the SHO. The SHO then read each report to Turner and explained his appeal rights. Turner acknowledged to the SHO that he understood all evidence to be used and understood these proceedings. After the hearing concluded, Officer M. Bell reviewed the disciplinary process and the action taken with Turner to ensure he understood these proceedings and the outcome.

**INVESTIGATIVE EMPLOYEE:** On 07-30-10, Officer J. Venegas was assigned as an Investigative Employee (IE). Officer J. Venegas interviewed Turner, completed the investigation pursuant to CCR 3318(a) and submitted an IE report. The assigned SA was present to ensure effective communication was achieved during interview as previously stated. The SHO reviewed the IE report at the hearing and found it to be adequate.

**PLEA AND STATEMENT:** Turner entered a plea of Not Guilty and stated, "I'm not guilty."

**WITNESSES:** Turner requested that the following people be called as witnesses: Sergeant R. Franklin, Officer G. Diaz, Officer F. Spry, I/M Logan (A4-237) unidentified inmate in cell A4-230..
The SHO denied Turner's request to call Sergeant R. Franklin as a witness. SHO asked Turner what testimony could be expected from Sgt. Franklin if called to testify. **(Question):** Did you order me on 06-25-10, to be placed on BMU status? **(Question):** Did I board up after you placed me on BMU status on 06-25-10? SHO denied Turner's request to call this witness to answer these questions after determining Sgt. Franklin was not present at the time of incident, and this witness would have no relevant or additional information to add to these proceedings (CCR 3315(e)(1)(B)).

The SHO denied Turner's request to call Officer G. Diaz as a witness. SHO asked Turner what testimony could be expected from Officer Diaz if called to testify. **(Question):**: Did you tell me to pack my stuff because I was being placed on BMU status? SHO denied Turner's request to call this witness to answer this question after determining this witness would have no relevant or additional information to add to these proceedings (CCR 3315(e)(1)(B)).

The SHO denied Turner's request to call Officer F. Spry as a witness. SHO asked Turner what testimony could be expected from Officer Spry if called to testify. **(Question):** Did you tell me to pack my stuff because I was being placed on BMU status? SHO denied Turner's request to call this witness to answer this question after determining this witness would have no relevant or additional information to add to these proceedings (CCR 3315(e)(1)(B)).

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | R. Harris, Correctional Lieutenant (SHO) | 10/5/10 |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | | 10/14/10 | 0 90 v |

CDC 115-C (4/09)                                                        T200 OSP 99 ELE25082

STATE OF CALIFORNIA

RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE __3__ OF __4__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| G05794 | Turner | S10-06-0067 | CSP-LAC | 08-26-10 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF: ☐ CDC 115 CIRCUMSTANCES   ☒ HEARING   ☐ I.E. REPORT   ☐ OTHER:

The SHO denied Turner's request to call I/M Logan (A4-237) as a witness. SHO asked Turner what testimony could be expected from Inmate Logan if called to testify. **(Question):** Did staff come to my cell and tell me to pack my stuff to go on BUM status? SHO denied Turner's request to call this witness to answer this question after determining this witness would have no relevant or additional information to add to these proceedings (CCR 3315(e)(1)(B)).

The SHO denied Turner's request to call a unidentified inmate in cell A4-230. as a witness  SHO asked Turner what testimony could be expected from this unidentified inmate in cell A4-230 if called to testify. **(Question):** Did staff come to my cell and tell me to pack my stuff to go on BUM status? SHO denied Turner's request to call this witness to answer this question after determining this witness would have no relevant or additional information to add to these proceedings (CCR 3315(e)(1)(B)).

**FINDING:** Guilty of the Division 'D' Offense WILLFULLY RESISTING ANY PEACE OFFICER IN THE PERFORMANCE OF DUTY (CCR §3323(f)(7)). This offense requires evidence that the defendant took a deliberate action that qualifies as resisting a staff member, this action affected the ability of the staff member to perform his or her assigned duties, and this staff member was a peace officer. This finding is based upon a preponderance of the following evidence:

1) The Reporting Employee's Report (CDC-115) authored by Lieutenant A. Cain, wherin, On Saturday, June 26, 2010 at approximately 0745 hours, I was informed by Sergeant K. Thomas that Inmate Turner (G05794 in FAB4-136L had barricaded himself in his cell by covering the cell door and was unresponsive. At 0750 hours I made verbal contact with Inmate Turner and ordered him to remove the door coverings and be placed in handcuffs. Inmate Turner continued to refuse orders to take down the barricade. I ordered Sergeant Thomas to assemble a cell extraction team and I notified the Administrative Officer of the Day Captain C. Fortson of the incident. Captain Fortson gave authorization to utilize force to extract Inmate Turner if he continued to refuse orders. After a cool down period of approximately three hours, at 1300 hours I read Inmate Turner his cell extraction admonishment and ordered Sergeant Thomas to conduct the cell extraction. Sergeant Thomas gave continuous orders for Inmate Turner to remove the barricade. Inmate Turner refused. Sergeant Thomas utilized OC pepper spray cell buster, Z505, and T16 grenades and the X-10 barricade removal device over the next 45 minute period. At approximately 1345 hours, the cell extraction team made entry into the cell. The Team utilized Physical Force out of my line of sight to gain compliance of Inmate Turner. Inmate Turner was escorted to the AD-Seg yard for decontamination and medical evaluation.

2) The Supplemental Report (CDC 837-C) authored by Sergeant K. Thomas Jr., wherein, On Saturday, June 26, 2010 at approximately 0745 hours, I was conducting security checks within the building, and approached cell 136. As I approached cell 136, solely occupied by Inmate Turner (G05794 in FAB4-136L, I noticed that the cell door was completely covered with his blanket and mattress.  I made several attempts to make contact with Tuner to find out why he was covering his door. Turner did not respond. I contacted Lieutenant A. Cain and informed him of what was taken place. At approximately 0745 hours Cain went to cell 136 and made contact with Turner, but could not convince Turner to remove his door covering. Lieutenant Cain instructed me to assemble a cell extraction team for a possible extraction, to which I did. I observed Lieutenant Cain I read Inmate Turner his cell extraction admonishment. Turner still refused to uncover the door…At approximately 1305 hours, I sprayed MK-9 cell buster into the cell from under the door, and gave orders to Turner to remove the door cover. I again gave orders to remove the door covering, and warned him that chemical agents would be utilized if he did not comply. Turner refused. At approximately 1306,1308 and 1309, I administered a burst of the MK-9 cell buster into the cell. Turner continued to ignore my orders….

3) The Supplemental Report (CDC 837-C) authored by Officer B. Pollard, wherein, On Saturday, June 26, 2010 at approximately 1300 hours, I was assigned by Sergeant K. Thomas Jr, to be the baton Officer for the calculated cell extraction of Inmate Turner (G05794 in FAB4-136L. I along with the rest of the extradition team assembled in front OF CELL 136. I observed Sergeant Thomas give Turner verbal orders to submit to handcuffs. Turner did not respond. Sergeant Thomas instructed the Control Booth Officer to open cell 136, with negative results due to a barricade preventing

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | R. Harris, Correctional Lieutenant (SHO) | | 10/5/10 |
| ☑ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME/SIGNED |
| | | 10/14/10 | 0900 |

CDC 115-C (4/09)

T200 OSP 99 ELE25082

STATE OF CALIFORNIA

RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE  4  OF  4

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| G05794 | Turner | S10-06-0067 | CSP-LAC | 08-26-10 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ CDC 115 CIRCUMSTANCES   ☒ HEARING   ☐ I.E. REPORT   ☐ OTHER: _____

the cell from fully opening. I observed Officer A. fears remove a state issue mattress that was preventing the door from opening. Once the mattress was removed and the cell door fully opened, I sung my baton to remove a state issued blanket that was hanging from the light fixture, and obstructing the view inside the cell. I followed Office C. Spencer into the cell and saw Turner on the bottom bunk. Turner began to violently kick his legs, striking the shield and me in the stomach. I assisted Officer Spencer by using all my body weight to pin Turner to the bunk. Turner continued to kick his legs, until Officer N. Romero applied handcuffs to him. Officer W. Puckett Jr. applied leg restraints onto Turner's legs... Once turner was placed in restraints, Officer fears and Officer E. Stewart escorted for decontamination...

4) Turner entered a plea of not guilty but presented no evidence to refute the written reports submitted at the hearing.

5) The Mental Health Assessment (CDC-115MH). Clinician P. Ascosta, Ph.D made no indication that Turner was not responsible for his actions at the time of the offense or that he was incapable of understanding right from wrong. Turner appeared at the hearing with a coherent demeanor and appeared to understand all relevant information.

SHO COMMENTS: Based on the information presented at the hearing, SHO finds it reasonable to conclude that Turner did in fact commit the act of Resisting a Peace Officer. Accordingly, the charge is appropriate and supported by the evidence presented at this hearing.

DISPOSITION: The SHO has reviewed the Mental Health Assessment and considered the recommendations of the clinician as they pertain to the assessment of penalties. In accordance with CCR 3315(f), the following penalties have been assessed:

*   No Forfeiture of Credit was assessed due to the time constraint violation noted at the commencement of this hearing.

*   Counseled regarding future behavioral expectations and reprimanded.

*   Referred to the Institutional Classification Committee for program/housing review.

ENEMY CONCERN: No enemy concern has resulted from this incident.

APPEAL RIGHTS: Turner was advised of the finding in this matter. Turner was also advised that he may appeal any portion of the hearing, finding, or disposition and that to do so, he must attach the final copy of the CDC-115 to his inmate appeal form. Turner was advised that the results of this hearing would not become final until they are reviewed and approved by the chief disciplinary officer (CDO) and that after review and approval, he would receive the a copy of the completed CDC-115. Turner is referred to CCR 3084.1 for further information.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| R. Harris, Correctional Lieutenant (SHO) | 10/5/10 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | | 10/14/10 | 0900 |

CDC 115-C (4/09)

T200 OSP 99 ELE25082

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date:   July 28, 2010

To:   M. Buechter
Facility 'A' Captain

Subject:   DISCIPLINARY HEARING WHERE TIME CONSTRAINTS WERE NOT MET
FOR RVR LOG #S10-06-0067 INMATE TURNER CDC#G05794

This is to advise you that time constraints were not met during the disciplinary process for the above referenced Rules Violation Report. Specifically, a disciplinary hearing was not held within 30 days from the date of the 1st copy of the CDC-115 was issued to the charged inmate Turner of (Willfully Obstructing any Peace Officer in the Performance of Duty), per CCR 3320(a) due to inmate transferring to Mule Creek State Prison on July 02, 2010. On July 08, 2010, Inmate Turner transferred back to CSP-LAC. On July 12, 2010, the MCSP Records Office received RVR Log#S10-06-0067 from LAC. MCSP sent back RVR Log # S10-06-0067 on July 20, 2010 via Golden State over-night mail for processing. On July 26, 2010, I Disciplinary Officer N. Romero received a call from C&PR Sectary Pam that RVR Log# S10-06-0067 to pick and hear. Due to inmate Turner transfer status time constraints were lost.

N. Romero
Disciplinary Officer
Administrative Segregation Unit 1
California State Prison – Los Angeles County

*Noted (not served within 15 days)*

*[signature] cdo*
*10-12-10*

OCT 21 2010

MEMO TEMPLATE - Time Constraint Violation
CDC 1617 (07/05)

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:   July 7, 2010

To:     Classification and Representative Desk
        California State Prison - Los Angeles County

Subject:   COMPLETION OF DISCIPLINARY PROCESS
           RVR LOG NUMBER S10-06-0067 ISSUED TO INMATE TURNER G05794

On 07/02/10, Inmate Turner transferred to Mule Creek State Prison. It was subsequently discovered that the disciplinary process for Rules Violation Report Log Number S10-06-0067 was not completed.

Please forward the enclosed Rules Violation Report to the Records Office where Inmate Turner Central File has been forwarded to, so disciplinary process can be completed.

N. Romero   07/07/10
Disciplinary Officer
Administrative Segregation Unit
California State Prison–Los Angeles County

cc: Facility ASU Disciplinary Register
    Institutional Register

OCT 21 2010

Transfer Memo
CDC 1617 (07/05)

State of California                                          Department of Corrections and Rehabilitation

# Memorandum

Date    :   July 20, 2010

To      :   Lancaster State Prison – C&PR
            44750 60th Street West
            Lancaster, CA. 93536

Subject :   NON-ADJUDICATED 115'S FOR INMATE TURNER G05794

Inmate Turner was received at MCSP on July 2, 2010.  He transferred back to LAC on July 8, 2010.  On July 12, 2010, the MCSP Records Office received three, non-adjudicated RVR's from LAC,  Log #S10060067 dated  6-26-10, Log #S10060047, dated 6-22-10, and Log #S10060043, dated 6-18-10.

They are being returned to Lancaster via Golden State over-night mail for processing.


J. MOLINELLI
Classification and Parole Representative
Mule Creek State Prison


Enclosure


A 4-113C

OCT 2 1 2010

Page: 1 Document Name: untitled

```
KMHQ1M02            OFFENDER BASED INFORMATION SYSTEM           07/13/2010
KMHQ1P01       MOVEMENT HISTORY of J05794 - TURNER,LAFONSO,RAY      3:45 PM
Page  01                                          Report Date: 07/08/2010


07/08/2010   TRANSFERRED     TO LAC   ADSEG    FROM IONE

07/02/2010   TRANSFERRED     TO IONE          FROM LAC
                             ENROUTE TO  LAC
                             F/PSYCH & RETRN

06/27/2010   TEMP RELEASE    TO MED   FROM LAC    CUSTODY: CDC/LANCA RET SAME DAY
                             LANCASTER COMMUNITY HOSPITAL/LANCASTER

10/28/2009   CHANGED UNIT    NEW UNIT: ADSEG    OLD UNIT: IV

09/28/2009   TEMP RELEASE    TO MED   FROM LAC    CUSTODY: CDC/LANCA RET SAME DAY
                             LANCASTER COMMUNITY HOSPITAL/LANCASTER

02/09/2009   CHANGED UNIT    NEW UNIT: IV       OLD UNIT: ADSEG

01/10/2009   CHANGED UNIT    NEW UNIT: ADSEG    OLD UNIT: IV


KMHQ1P01: The most recent movement is listed first.
```

OCT 21 2010

# EXHIBIT B

**Institution:**  LAC

California Department of Corrections and Rehabilitations

9/5/2018

**Inmate / Parolee Appeals Tracking System - I & II**

**Appeals Listing Report**

| CDC Number | Last Name | Area of Origin | Issue | Log Number |
|---|---|---|---|---|
| G05794 | TURNER | FACILITY D | FUNDS | LAC-D- |
| G05794 | TURNER | FACILITY D | LIVING CONDITIONS | LAC-D- |
| G05794 | TURNER | FACILITY D | PROPERTY | LAC-D-08-01915 |

**Level I Review:** **Received Date: 12/23/2008** **Due Date: 2/6/2009** **Completed Date: 2/5/2009** **GRANTED IN PART**

**Level II Review:** **Received Date: 3/9/2009** **Due Date: 4/7/2009** **Completed Date: 4/9/2009** **DENIED**

| CDC Number | Last Name | Area of Origin | Issue | Log Number |
|---|---|---|---|---|
| G05794 | TURNER | FACILITY D | PROPERTY | LAC-D- |
| G05794 | TURNER | FACILITY D | PROPERTY | LAC-D- |
| G05794 | TURNER | FACILITY D | PROPERTY | LAC-D- |
| G05794 | TURNER | FACILITY D | MAIL | LAC-D- |
| G05794 | TURNER | FACILITY D | MAIL | LAC-D- |
| G05794 | TURNER | FACILITY D | PROPERTY | LAC-D- |
| G05794 | TURNER | FACILITY D | MAIL | LAC-D- |
| G05794 | TURNER | FACILITY D | STAFF COMPLAINTS | LAC-D- |
| G05794 | TURNER | FACILITY D | PROPERTY | LAC-D-09-00647 |

**Level I Review:** **Received Date: 6/25/2009** **Due Date: 8/7/2009** **Completed Date: 8/13/2009** **CANCELLED**

| CDC Number | Last Name | Area of Origin | Issue | Log Number |
|---|---|---|---|---|
| G05794 | TURNER | FACILITY D | PROGRAM | LAC-D- |
| G05794 | TURNER | FACILITY D | PROPERTY | LAC-D- |
| G05794 | TURNER | FACILITY D | STAFF COMPLAINTS | LAC-D- |
| G05794 | TURNER | FACILITY D | PROPERTY | LAC-D- |
| G05794 | TURNER | FACILITY D | STAFF COMPLAINTS | LAC-D-09-00664 |

**Level II Review:** **Received Date: 6/25/2009** **Due Date: 8/7/2009** **Completed Date: 8/7/2009** **WITHDRAWN**

| CDC Number | Last Name | Area of Origin | Issue | Log Number |
|---|---|---|---|---|
| G05794 | TURNER | FACILITY D | LEGAL | LAC-D- |
| G05794 | TURNER | FACILITY D | ADA | LAC-D-09-00961 |

**Level I Review:** **Received Date: 9/14/2009** **Due Date: 10/12/2009** **Completed Date: 10/6/2009** **GRANTED IN PART**

**Institution:** LAC         California Department of Corrections and Rehabilitations         9/5/2018

## Inmate / Parolee Appeals Tracking System - I & II

## Appeals Listing Report

| CDC Number | Last Name | Area of Origin | Issue | Log Number |
|---|---|---|---|---|
| G05794 | TURNER | FACILITY D | MEDICAL | LAC-D- |
| G05794 | TURNER | FACILITY D | DISCIPLINARY | LAC-D- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | FUNDS | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | MAIL | LAC-A- |
| G05794 | TURNER | FACILITY A | CUSTODY/CLASS. | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | DISCIPLINARY | LAC-A- |
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A- |
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | PROGRAM | LAC-A- |
| G05794 | TURNER | FACILITY A | ADA | LAC-A-10-00248 |
| **Level I Review:** | **Received Date: 2/10/2010** | **Due Date: 3/4/2010** | **Completed Date: 3/4/2010** | **CANCELLED** |
| G05794 | TURNER | FACILITY A | PROGRAM | LAC-A-10-00290 |
| **Level I Review:** | **Received Date: 2/10/2010** | **Due Date: 3/25/2010** | **Completed Date: 3/26/2010** | **GRANTED IN PART** |
| **Level II Review:** | **Received Date: 4/1/2010** | **Due Date: 4/29/2010** | **Completed Date: 5/3/2010** | **GRANTED IN PART** |
| G05794 | TURNER | FACILITY A | PROGRAM | LAC-A- |
| G05794 | TURNER | FACILITY A | STAFF COMPLAINTS | LAC-A-10-00324 |
| **Level II Review:** | **Received Date: 2/10/2010** | **Due Date: 3/25/2010** | **Completed Date: 3/17/2010** | **WITHDRAWN** |

Institution:  LAC               California Department of Corrections and Rehabilitations              9/5/2018

### Inmate / Parolee Appeals Tracking System - I & II

#### Appeals Listing Report

| CDC Number | Last Name | Area of Origin | Issue | Log Number |
|---|---|---|---|---|
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A-10-00361 |
| **Level II Review:** | **Received Date: 2/22/2010** | **Due Date: 4/29/2010** | **Completed Date: 4/28/2010** | **GRANTED IN PART** |
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A- |
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A-10-00397 |
| **Level I Review:** | **Received Date: 3/1/2010** | **Due Date: 4/13/2010** | **Completed Date: 3/29/2010** | **WITHDRAWN** |
| G05794 | TURNER | FACILITY A | TRANSFER | LAC-A- |
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A- |
| G05794 | TURNER | FACILITY A | TRANSFER | LAC-A- |
| G05794 | TURNER | FACILITY A | FUNDS | LAC-A- |
| G05794 | TURNER | FACILITY A | MAIL | LAC-A- |
| G05794 | TURNER | FACILITY A | CUSTODY/CLASS. | LAC-A- |
| G05794 | TURNER | FACILITY A | STAFF COMPLAINTS | LAC-A-10-00854 |
| **Level II Review:** | **Received Date: 5/21/2010** | **Due Date: 7/6/2010** | **Completed Date: 6/23/2010** | **GRANTED IN PART** |
| G05794 | TURNER | FACILITY A | ADA | LAC-A- |
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | ADA | LAC-A-10-00934 |
| **Level I Review:** | **Received Date: 6/18/2010** | **Due Date: 7/12/2010** | **Completed Date: 7/12/2010** | **DENIED** |
| G05794 | TURNER | FACILITY A | STAFF COMPLAINTS | LAC-A- |

Institution:  LAC

California Department of Corrections and Rehabilitations

9/5/2018

**Inmate / Parolee Appeals Tracking System - I & II**

## Appeals Listing Report

| CDC Number | Last Name | Area of Origin | Issue | Log Number |
|---|---|---|---|---|
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A-10-01002 |
| **Level I Review:** | **Received Date: 6/30/2010** | **Due Date: 8/12/2010** | **Completed Date: 8/18/2010** | **GRANTED IN PART** |
| **Level II Review:** | **Received Date: 8/25/2010** | **Due Date: 9/23/2010** | **Completed Date: 9/20/2010** | **GRANTED IN PART** |
| G05794 | TURNER | FACILITY A | TRANSFER | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A-10-01057 |
| **Level I Review:** | **Received Date: 7/14/2010** | **Due Date: 8/25/2010** | **Completed Date: 8/2/2010** | **GRANTED** |
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | PROGRAM | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | STAFF COMPLAINTS | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | TRANSFER | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | PROGRAM | LAC-A- |
| G05794 | TURNER | FACILITY A | DISCIPLINARY | LAC-A-10-01114 |
| **Level II Review:** | **Received Date: 7/27/2010** | **Due Date: 9/8/2010** | **Completed Date: 9/8/2010** | **DENIED** |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |

**Institution:** LAC

California Department of Corrections and Rehabilitations

9/5/2018

## Inmate / Parolee Appeals Tracking System - I & II

### Appeals Listing Report

| CDC Number | Last Name | Area of Origin | Issue | Log Number |
|---|---|---|---|---|
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | STAFF COMPLAINTS | LAC-A- |
| G05794 | TURNER | FACILITY A | PROGRAM | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | DISCIPLINARY | LAC-A- |
| G05794 | TURNER | FACILITY A | CUSTODY/CLASS. | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | MAIL | LAC-A- |
| G05794 | TURNER | FACILITY A | MEDICAL | LAC-A- |
| G05794 | TURNER | FACILITY A | DISCIPLINARY | LAC-A- |
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | PROGRAM | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | DISCIPLINARY | LAC-A-10-01201 |
| **Level II Review:** | **Received Date: 8/11/2010** | **Due Date: 9/23/2010** | **Completed Date: 9/15/2010** | **DENIED** |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | CUSTODY/CLASS. | LAC-A- |

**Institution:** LAC

California Department of Corrections and Rehabilitations

9/5/2018

### Inmate / Parolee Appeals Tracking System - I & II

## Appeals Listing Report

| CDC Number | Last Name | Area of Origin | Issue | Log Number |
|---|---|---|---|---|
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A- |
| G05794 | TURNER | FACILITY A | CUSTODY/CLASS. | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | STAFF COMPLAINTS | LAC-A- |
| G05794 | TURNER | FACILITY A | PROGRAM | LAC-A- |
| G05794 | TURNER | FACILITY A | PROGRAM | LAC-A- |
| G05794 | TURNER | FACILITY A | STAFF COMPLAINTS | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | STAFF COMPLAINTS | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | PROGRAM | LAC-A- |
| G05794 | TURNER | FACILITY A | PROGRAM | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A- |
| G05794 | TURNER | FACILITY A | CASE INFO./RECORDS | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | ADA | LAC-A- |

**Institution:** LAC

California Department of Corrections and Rehabilitations

9/5/2018

## Inmate / Parolee Appeals Tracking System - I & II

### Appeals Listing Report

| CDC Number | Last Name | Area of Origin | Issue | Log Number |
|---|---|---|---|---|
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | DISCIPLINARY | LAC-A-10-01509 |
| **Level II Review:** | **Received Date: 10/21/2010 Due Date: 12/14/2010** | | **Completed Date: 12/14/2010** | **DENIED** |
| G05794 | TURNER | FACILITY A | DISCIPLINARY | LAC-A- |
| G05794 | TURNER | FACILITY A | DISCIPLINARY | LAC-A-10-01524 |
| **Level II Review:** | **Received Date: 10/21/2010 Due Date: 12/24/2010** | | **Completed Date: 12/24/2010** | **GRANTED IN PART** |
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A-10-01683 |
| **Level I Review:** | **Received Date: 12/7/2010  Due Date: 1/19/2011** | | **Completed Date: 1/18/2011** | **GRANTED IN PART** |
| **Level II Review:** | **Received Date: 2/1/2011  Due Date: 3/16/2011** | | **Completed Date: 3/18/2011** | **WITHDRAWN** |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | CUSTODY/CLASS. | LAC-A- |
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A- |
| G05794 | TURNER | FACILITY A | FUNDS | LAC-A- |
| G05794 | TURNER | FACILITY A | PROGRAM | LAC-A-10-01613 |
| **Level I Review:** | **Received Date: 11/15/2010 Due Date: 12/29/2010** | | **Completed Date: 12/24/2010** | **DENIED** |
| **Level II Review:** | **Received Date: 1/18/2011  Due Date: 2/18/2011** | | **Completed Date: 2/18/2011** | **DENIED** |
| G05794 | TURNER | FACILITY A | DISCIPLINARY | LAC-A-10-01651 |
| **Level II Review:** | **Received Date: 11/24/2010 Due Date: 1/18/2011** | | **Completed Date: 1/18/2011** | **CANCELLED** |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | AD SEG | LEGAL | LAC-A- |
| G05794 | TURNER | AD SEG | PROPERTY | LAC-A- |
| G05794 | TURNER | AD SEG | PROGRAM | LAC-A- |

Institution:   LAC                      California Department of Corrections and Rehabilitations                      9/5/2018

### Inmate / Parolee Appeals Tracking System - I & II

**Appeals Listing Report**

| CDC Number | Last Name | Area of Origin | Issue | Log Number |
|---|---|---|---|---|
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A- |
| G05794 | TURNER | FACILITY A | MAIL | LAC-A- |
| G05794 | TURNER | FACILITY A | LIVING CONDITIONS | LAC-A- |
| G05794 | TURNER | FACILITY A | PROGRAM | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A- |
| G05794 | TURNER | FACILITY A | PROGRAM | LAC-A- |
| G05794 | TURNER | FACILITY A | DISCIPLINARY | LAC-A- |
| G05794 | TURNER | FACILITY A | MAIL | LAC-A- |
| G05794 | TURNER | FACILITY A | MAIL | LAC-A- |
| G05794 | TURNER | FACILITY A | MEDICAL | LAC-A- |
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A- |
| G05794 | TURNER | FACILITY A | TRANSFER | LAC-A- |
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | LEGAL | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | MEDICAL | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |
| G05794 | TURNER | FACILITY A | STAFF COMPLAINTS | LAC-A- |
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A- |

**Institution:** LAC

California Department of Corrections and Rehabilitations

9/5/2018

## Inmate / Parolee Appeals Tracking System - I & II

### Appeals Listing Report

| CDC Number | Last Name | Area of Origin | Issue | Log Number |
|---|---|---|---|---|
| G05794 | TURNER | FACILITY A | PROPERTY | LAC-A-11-00439 |
| **Level I Review:** | **Received Date: 6/24/2011** | **Due Date: 8/16/2011** | **Completed Date: 8/16/2011** | **DENIED** |
| G05794 | TURNER | FACILITY A | DISCIPLINARY | LAC-A- |
| G05794 | TURNER | FACILITY A | DISCIPLINARY | LAC-A- |
| G05794 | TURNER | FACILITY A | DISCIPLINARY | LAC-A-11-00589 |
| **Level II Review:** | **Received Date: 8/29/2011** | **Due Date: 10/11/2011** | **Completed Date: 10/11/2011** | **DENIED** |
| G05794 | TURNER | FACILITY A | PROGRAM | LAC-A- |
| G05794 | TURNER | FACILITY A | PROGRAM | LAC-A- |
| G05794 | TURNER | FACILITY A | PROGRAM | LAC-A- |
| G05794 | TURNER | FACILITY D | PROPERTY | LAC-D- |
| G05794 | TURNER | FACILITY D | PROPERTY | LAC-D-12-00556 |
| G05794 | TURNER | FACILITY D | PROPERTY | LAC-D-12-00560 |
| G05794 | TURNER | FACILITY D | LIVING CONDITIONS | LAC-D-12-01273 |
| G05794 | TURNER | FACILITY D | DISCIPLINARY | LAC-D-12-01360 |
| **Level II Review:** | **Received Date: 4/16/2012** | **Due Date: 6/15/2012** | **Completed Date: 6/13/2012** | **DENIED** |
| G05794 | TURNER | AD SEG | TRANSFER | LAC-S-12-01507 |
| G05794 | TURNER | AD SEG | LEGAL | LAC-S-12-01525 |
| G05794 | TURNER | FACILITY D | LIVING CONDITIONS | LAC-D-17-01194 |
| G05794 | TURNER | FACILITY D | PROPERTY | LAC-D-17-01692 |
| G05794 | TURNER | SVSP | PROPERTY | LAC-X-17-03161 |
| **Level I Review:** | **Received Date: 6/30/2017** | **Due Date: 8/14/2017** | **Completed Date: 7/21/2017** | **GRANTED** |
| G05794 | TURNER | SVSP | PROPERTY | LAC-X-17-03197 |
| G05794 | TURNER | FACILITY D | PROPERTY | LAC-D-17-05944 |
| **Level I Review:** | **Received Date: 11/16/2017** | **Due Date: 1/3/2018** | **Completed Date: 12/28/2017** | **DENIED** |

**Institution:** LAC

California Department of Corrections and Rehabilitations

9/5/2018

### Inmate / Parolee Appeals Tracking System - I & II

## Appeals Listing Report

| CDC Number | Last Name | Area of Origin | Issue | Log Number |
|---|---|---|---|---|
| G05794 | TURNER | FACILITY D | ADA | LAC-D-17-06381 |
| **Level I Review:** | **Received Date: 12/19/2017** | **Due Date: 1/19/2018** | **Completed Date: 1/12/2018** | **GRANTED IN PART** |
| G05794 | TURNER | FACILITY D | DISCIPLINARY | LAC-D-18-00302 |
| **Level II Review:** | **Received Date: 2/9/2018** | **Due Date: 3/26/2018** | **Completed Date: 3/13/2018** | **DENIED** |
| G05794 | TURNER | FACILITY D | DISCIPLINARY | LAC-D-18-00945 |
| **Level II Review:** | **Received Date:** | **Due Date:** | **Completed Date:** | |
| G05794 | TURNER | FACILITY D | DISCIPLINARY | LAC-D-18-01349 |
| G05794 | TURNER | FACILITY D | 1824 | LAC-D-18-01499 |
| **Level I Review:** | **Received Date: 3/21/2018** | **Due Date: 4/20/2018** | **Completed Date: 4/18/2018** | **DENIED** |
| G05794 | TURNER | FACILITY D | STAFF COMPLAINTS | LAC-D-18-01641 |
| **Level II Review:** | **Received Date: 3/20/2018** | **Due Date: 5/1/2018** | **Completed Date: 4/24/2018** | **WITHDRAWN** |
| G05794 | TURNER | FACILITY D | 1824 | LAC-D-18-01913 |
| **Level I Review:** | **Received Date: 4/11/2018** | **Due Date: 5/11/2018** | **Completed Date: 4/26/2018** | **GRANTED IN PART** |
| G05794 | TURNER | FACILITY A | DISCIPLINARY | LAC-D-18-02390 |
| **Level I Review:** | **Received Date: 5/3/2018** | **Due Date: 6/15/2018** | **Completed Date: 5/10/2018** | **DENIED** |
| **Level II Review:** | **Received Date: 5/17/2018** | **Due Date: 6/29/2018** | **Completed Date: 6/22/2018** | **DENIED** |
| G05794 | TURNER | FACILITY D | LIVING CONDITIONS | LAC-D-18-02537 |
| G05794 | TURNER | FACILITY C | 1824 | LAC-D-18-02744 |
| **Level I Review:** | **Received Date: 5/22/2018** | **Due Date: 6/22/2018** | **Completed Date: 6/1/2018** | **DENIED** |
| G05794 | TURNER | FACILITY D | VISITING | LAC-D-18-02842 |
| **Level I Review:** | **Received Date: 5/30/2018** | **Due Date: 7/12/2018** | **Completed Date: 6/18/2018** | **DENIED** |
| G05794 | TURNER | FACILITY D | LIVING CONDITIONS | LAC-D-18-02899 |
| **Level I Review:** | **Received Date: 5/31/2018** | **Due Date: 7/13/2018** | **Completed Date: 6/13/2018** | **GRANTED IN PART** |
| **Level II Review:** | **Received Date: 6/21/2018** | **Due Date: 8/3/2018** | **Completed Date: 7/18/2018** | **GRANTED IN PART** |

**Institution:** LAC

California Department of Corrections and Rehabilitations

9/5/2018

## Inmate / Parolee Appeals Tracking System - I & II

### Appeals Listing Report

| CDC Number | Last Name | Area of Origin | Issue | Log Number |
|---|---|---|---|---|
| G05794 | TURNER | FACILITY D | LIVING CONDITIONS | LAC-D-18-03377 |
| **Level I Review:** | **Received Date: 6/29/2018** | **Due Date: 8/13/2018** | **Completed Date: 7/24/2018** | **DENIED** |
| G05794 | TURNER | FACILITY D | 1824 | LAC-D-18-03642 |
| **Level I Review:** | **Received Date: 7/16/2018** | **Due Date: 8/16/2018** | **Completed Date: 7/23/2018** | **DENIED** |
| G05794 | TURNER | COR | STAFF COMPLAINTS | LAC-X-18-04123 |
| **Level II Review:** | **Received Date: 8/7/2018** | **Due Date: 9/19/2018** | **Completed Date:** | |
| G05794 | TURNER | COR | STAFF COMPLAINTS | LAC-X-18-04382 |

**Total:** **207**

9/5/2018 2:05:43 PM          11

# CERTIFICATE OF SERVICE

Case Name: **Lafonzo R. Turner v. B. M. Cash, et al.**   No.   **2:14-cv-04758-JVS-AGR**

I hereby certify that on **September 13, 2018**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**REPLY DECLARATION OF J. CURIEL, APPEALS COORDINATOR, IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES; EXHIBITS A-B**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On **September 13, 2018**, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Lafonzo R. Turner
CDCR# G-05794
Corcoran State Prison
P.O. Box 3459
Corcoran, CA 93212**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 13, 2018**, at Los Angeles, California.

| K. Hynds | /s/ K. Hynds |
|----------|--------------|
| Declarant | Signature |

LA2016600251
53071796.docx