XAVIER BECERRA
Attorney General of California
GIAM M. NGUYEN
Supervising Deputy Attorney General
MINA CHOI
Deputy Attorney General
State Bar No. 210514
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6608
  Fax:  (213) 897-7604
  E-mail:  Mina.Choi@doj.ca.gov
*Attorneys for Defendants
Cash, Puckett, Spencer, Fears, Buechter, Lett,
Godina, Cain, Pollard, Cromwell, Romero,
Fernandez (Galpon), Thomas, Jr., Fortson,
Mendoza, Spencer, and Crawford*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **LAFONZO R. TURNER,**<br><br>                     Plaintiff,<br><br>v.<br><br>**B. M. CASH, et al.,**<br><br>                     Defendants. | 2:14-cv-04758 JVS (AGR)<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTE RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Courtroom:  550 (5th Floor)<br>Judge:       The Honorable Alicia G. Rosenberg<br>Trial Date:  None Set<br>Action Filed: June 19, 2014 |

     Defendants Cash, Puckett, Spencer, Fears, Buechter, Lett, Godina, Cain, Pollard, Cromwell, Romero, Fernandez (Galpon), Thomas, Jr., Fortson, Mendoza, Spencer, and Crawford (collectively, "Defendants") respond to Plaintiff's Statement of Genuine Dispute ("SGD") in Support of his Opposition to Defendants' Motion for Summary Judgment as follows:

| Defendants' Undisputed Fact | Plaintiff's Response and Evidence | Defendants' Reply |
|---|---|---|
| **Failure to Exhaust Available Administrative Remedies** | | |
| 1. Plaintiff was a prisoner incarcerated by the California Department of Corrections and Rehabilitation ("CDCR") when the original Complaint in this action was lodged on June 19, 2014. | Undisputed. | Undisputed. |
| 2. This action, *Turner v. Cash*, No. 2:14-cv-04758 JVS (AGR), has been brought with respect to prison conditions under federal law. | Undisputed. | Undisputed. |
| 3. This action proceeds on the operative Second Amended Complaint ("SAC") to the extent that it asserts Eighth Amendment claims under 42 U.S.C. § 1983 against Defendants in | Undisputed. | Undisputed. |

2

| | | |
|---|---|---|
| their individual capacities. | | |
| 4. The alleged factual basis of Plaintiff's claims involves a calculated cell extraction that took place on June 26, 2010, while Plaintiff was incarcerated at California State Prison, Los Angeles County. Plaintiff alleges that Defendants Fears, Godina, Pollard, Puckett, Romero, Spencer, and Thomas used excessive force against him during the cell extraction. Plaintiff alleges that Defendants Cain, Crawford, Cromwell, Fernandez, Fortson, Lett, and Mendoza were present during the cell extraction, but they | Plaintiff denies this is undisputed as Cain, Crawford, Cromwell, Fernandez, Forston, Lett and Mendoza where [sic] personally involved. See generally Compl. | Undisputed that Plaintiff's claims in this action are based on the June 26, 2010 cell extraction. Plaintiff cannot raise a genuine issue of material fact by now disputing the allegations that he set forth in his Second Amended Complaint. The Seconded Amended Complaint does not allege personal involvement of Defendants Cain, Forston, Fernandez, Cromwell, Lett, and Crowford. Concerning these Defendants, the Second Amended Complaint (SAC) alleges that "Cain, Forston, Fernandez, Cromwell, Lett, and Crawford all |

3

| | | |
|---|---|---|
| failed to intervene. Plaintiff alleges that Defendants Buechter and Cash "consented" to the excessive use of force and enforced policies that effectively ratified their subordinates' conduct.[1] | | where [sic] present and denied Plaintiff equal protection by failing to protect, intervien [sic] or stop the excessive force . . ." (ECF No. 94 at 9, ¶ 36.) |
| 5. At the latest, Plaintiff brought his claims related to the June 26, 2010 cell extraction when the Complaint was lodged on June 19, 2014. | Undisputed. | Undisputed. |
| 6. At the time when Plaintiff's claims arose on June 26, 2010, the CDCR had an administrative appeal process whereby a prisoner under the CDCR's jurisdiction, | Plaintiff denies this is undisputed, as Defs. Obscured, capricious and incomplete naked recitations of part and partial language to section 3084.1 which consist of | Undisputed that a grievance procedure was available. *See* Defendants' reply brief; ECF No. 136 at 98, 130-131; ECF No, 116 (Decl. Voong) at ¶ 12, Ex. A and ¶¶13(a)-(h), Ex. B-J. |

---

[1] By including this summary of Plaintiff's allegations, Defendants do not admit any of the allegations nor do they concede that the allegations are undisputed, material, or state cognizable claims for relief. This summary is presented for the limited purpose of establishing what Plaintiff has alleged in this action.

| | | |
|---|---|---|
| such as Plaintiff, could appeal any departmental decision, action, condition, or policy that had an adverse effect upon the inmate's welfare. | (a)(b)(c)(d)(e)(f) and (g). Defs uncontroverted fact and its unsuccessful (Voong Decl.) attempts to infer Pl. fail to exhaust his ("available") remedies, but fails to use the core term "available," as 3084.1(a) does not by it's self set out availability the Pl. right to appeal pacifically as does (c) and (e). Furthermore Defs. have not presented one Decl. from one Def. or departmental staff that they offered Pl. an administrative appeal, and/or that Pl. refused to ask for one as Pl. was in administrative segregation. See Plaintiff's Decl. ¶¶ 1,2; 1-9. (Availability) | Plaintiff had access to the administrative appeals process and also has great expertise in this process, as demonstrated by his filing of over 186 CDCR appeals over 20 years. *See* ECF 136-1 (Pl.'s Decl.) at 3, ¶ 12 and 5, ¶ 19. Plaintiff's argument that the administrative appeals process was unavailable to him, without reference to reliable supporting evidence, is insufficient to create a genuine dispute of material fact. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."); |

| | | |
|---|---|---|
| | | *Villarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (finding no "genuine issue" of fact if only evidence presented is the "uncorroborated and self-serving" testimony of the opposing party.) |
| 7. The CDCR's Office of Appeals ("OOA"), formerly known as the Inmate Appeals Branch ("IAB"), receives and processes all non-medical inmate appeals submitted to the third and final level of the CDCR's administrative appeal process. | Plaintiff denies this is undisputed. See generally Plaintiff's Decl. and Attached Exhibits. Furthermore the term ("all") implies every appeal an inmate files is processed through the first and second levels, to receive third level review, such a contention assume's [sic] Defendants, including the Chief Voong who has worked in calculated concercert [sic] Defendants as a chief "mechinationer," forming | Undisputed that an inmate completes the exhaustion requirement under the appeal regulations by completing the appeal process through Third Level of review by OAA. Plaintiff's argument that Chief of the Inmate Appeals Office (Voong) worked in concert with the Defendants and overlooked errors are insufficient to create a genuine dispute of material fact. *See Taylor v. List*, 880 F.2d 1040, |

6

| | | |
|---|---|---|
| 1 | | |
| 2 | mechanism to thwart, discourage and manipulate as to effect process, exhaustion of (OOA) and availability. See Plaintiff's decl. and Exhibits pacifically ( ) who (OAA) (l) veriable of Voong's concerted action's, as said appeal had mechanisum of Pl. not having a tab score to hold Pl. Appeal pass its time limit's, aswell has plain forged and falsified date entries, all of which it is the Chief's job to do within processing. But Chief M. Voong purpos[e]fully overlooked these errors and sol[e]ly placed fault on Plaintiff whom had done everything correctly, and it was obvious on the face of the appeal, as well Plaintiff | 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."); *Villarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (finding no "genuine issue" of fact if only evidence presented is the "uncorroborated and self-serving" testimony of the opposing party.) |

7

| | | | |
|---|---|---|---|
| | | submitted a signed Form 22 by the issuing officer. | |
| | 8. To administratively exhaust the CDCR's appeal process that was in effect prior to January 28, 2011, an appeal typically had to be both accepted for review at the third level and provided with a decision, which constituted the CDCR director's decision on the appeal. | Plaintiff denies this is undisputed as Def.'s contend to exhaust CDCR's appeals process a appeal had to be both excepted [sic] and provided with a decision. This was and still is CDCR's erroneous appeal process, but it is not within the (PLRAs) context on content with not only Def policies, but upon Defs. practices of how they operated their process, wherein, wherefore Defs. made remedies unavailable, uncapable of use at their discretion pacifically [sic] by not utilizing their own policy adhearing to 3084.1(c) and (e) and by asserting machination/mechanism | Undisputed that an inmate completes the exhaustion requirement under the appeal regulations by completing the appeal process through the Third Level of review. Disputed, that Plaintiff was excused from the exhaustion requirement because he had an available remedy—to submit an appeal of the cancellation decision or to appeal the denial to the Third Level of review. Plaintiff's argument is insufficient to create a genuine dispute of material fact. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be |

8

| | | |
|---|---|---|
| | to avoid the obligated mandatory language of 3084.1(c) and (e) which is the most pertinent to 3084.1 Plaintiff's right to appeal Pl. request judicial notice [RJN] PL. was in administrative segregation See Exhibit (A)(1) Furthermore Def.'s and their Decl. with citation of 3084.5(d) and 3084.5(e)(2) does not show how appeal forms where readily available or how Defs. ensured Pl. had "timely assistance necessary to participate throughout the appeal process, especially as PL. was in ad/seg. See Plaintiffs Dec. generally and all exhibits, 3084.1(c)(e). | defeated by relying solely on conclusory allegations unsupported by factual data."); *Villarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (finding no "genuine issue" of fact if only evidence presented is the "uncorroborated and self-serving" testimony of the opposing party.) |
| 9. Eight appeals from Plaintiff were accepted for third-level review | Plaintiff denies this is undisputed, as Def's appeals system is being | Undisputed that Plaintiff exhausted eight appeals between June 26, 2010 |

9

| | | |
|---|---|---|
| between June 26, 2010, and June 19, 2014, and subsequently provided a decision. | operated on defective-discretion. See exhibit (E) in Pl. Decl. Exhibits A 602 appeal, filed on 10-20-16-assigned on 10-21-16 interview date 11.29.16 date mailed back 12.1.16, First level done within 30 working days. Pl. returns for Second Level Review on 12-28-16 within 30 days, therein said appeal was not given an assigned date, but a due date of 2-9-17, and a interview date of 11-29-16. Wherein this appeal reads "an interview was conducted at the second level 11-29-16. How? When Pl. had not even yet submitted said appeal for Second Level Review, and aswell above interview date is before the assignment due date of 2-9-17 | and June 19, 2014 and used the generally available inmate appeal process to submit grievances. (Decl. Voong, ¶¶ 13(a)-13(h).) Disputed as to the appeals system operating on defective discretion. The evidence referred to by Plaintiff is immaterial for resolution of this Motion as it refers to appeals in 2016-2017 and not in 2010-2011. Plaintiff's argument is insufficient to create a genuine dispute of material fact. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."); *Villarimo v.* |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | Appeal was returned on 203017 say the date stamp but plaintiff contends and provided documentary proof by Form 22 of the officer who issued Pl. the returned appeal which was on 4-24-17 Chief M. Voong and CDCR's appeals process can only apply to submittal, accepted and given a decision id Def.'s choose not to effectuate defective, negligent practices, mechanism, thwart and impeedments [sic] such as no log no.#, unlawful screening, misinformation, as P'. Appeals can not be tracked by (IATS) for Defendants to even say whether Pl. filed an appeal or if said appeal was returned. See | *Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (finding no "genuine issue" of fact if only evidence presented is the "uncorroborated and self-serving" testimony of the opposing party.) |

11

|  |  |  |
|---|---|---|
|  | Plaintiff's Decl. and Exhibit B-1 A 695 screenout by (SVSP) with a log no.# [an a note] all appeals are given log no.# ad B-5,7,8,9, 10 are 695 from LAC Defs with no log no.# and a [note] screened out appeals or informal level, but a appellant must send huis appeal to [a] appeals coordinator who only has to screen it out to lose it. Again see B-11 A (PBSP) assignment notice and B-12 a LAC assignment notice with no log no# Lastly see B-13 a Form 22 to (SVSP) appeals coordinator, state all appeal receive log no.# |  |
| 10. None of the appeals referenced in No. 9, above, pertain to allegations that Plaintiff | Plaintiff denies this is undisputed, as Plaintiff opposed in no. 9, above and throughout Pl.'s | Undisputed that Plaintiff's eight appeals decided at Third-Level review between June 26, |

| | | |
|---|---|---|
| was subjected to excessive force on June 26, 2010, in connection with a calculated cell extraction. | (SGI), decl. and Exhibits, aswell on June 26, 2010 Plaintiff enter peaceful protest was about Def.s asserting their intent to deprive Pl. of his liberty intress [isc] to access the courts, utilize Pl. medical assistive divices, and the basic human necessities such as clothing, beding, etc. It should not be in question whether or not Def.s are capable not making their administrative process available as Pl. has shown, See also the fact that Defs. themselves can not dispute their own police/radified regulation 3084.1 (c) and (e) which condoin with every Title 15 section code the Defs. have cited. Furthermore Plaintiff [RJN] of the [U.O.F.] Use of Force | 2010, and June 19, 2014 did not pertain to allegations that Plaintiff was subjected to excessive force on June 26, 2010, in connection with a calculated cell extraction. (Decl. Voong, ¶¶ 13(a)-13(h).) Disputed that the appeals system operated on defective discretion. Plaintiff's "dispute of fact," to the extent it can be deciphered, appears to make allegations regarding other appeals he submitted, and which are irrelevant to Defendants' stated fact. |

| | | |
|---|---|---|
| | video which is also a notice to the Defendants, and another qualifying administrative remedy add-orded Pl. which was made available, wherein Pl. did use such on June 26, 2010 per Title 15 3268.1(d)(1) and (2)(e)(1) and (2) and (A)(B)(C)(D)and (E) but pacifically (d)(1) and (2) as Pl. repeated over and over what each Defs did and that Pl. had excessive force used on his person, see Plaintiff's Decl. and Exhibit ( ). Evidence a U.O.F. video exist and numerous reports and reviews which could have had a remedial result. | |
| 11. No decisions on appeals submitted by Plaintiff to the third level, which would exhaust Plaintiff's | Plaintiff denies this is undisputed as referred to by reference:6-11 wherein Defs. made the written administrative | Undisputed that the administrative grievance process was available to Plaintiff as he submitted appeal log no. LAC-A- |

14

| | | |
|---|---|---|
| administrative remedies, were issued between June 26, 2010, and June 19, 2014. | process unavailable, but plaintiff file a video grievance placing Defs. on notice See Pl. Decl. Generally and permitting administrative measure's per 3268(d)(1) and (2) for remedies through a hos of review, reports, comittys, etc. | 10-1651 relating to the events on June 26, 2010 and received a cancellation and denial response from the Second Level reviewer. (ECF No. 136 at 98, 130-131). Plaintiff failed to exhaust his administrative remedies relating to the June 26, 2010 cell extraction incident at the Third Level. (Decl. Voong, ¶¶ 13(a)-13(h) and 14.) |

Plaintiff's argument that the administrative appeals process was unavailable to him, without reference to reliable supporting evidence, is insufficient to create a genuine dispute of material fact. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."); *Villarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (finding no "genuine issue" of fact if only evidence presented is the "uncorroborated and self-serving" testimony of the opposing party.) Defendants' Statement of Uncontroverted Facts and Conclusions of Law should be deemed admitted.

| | |
|---|---|
| Dated: September 13, 2018 | Respectfully submitted, |
| | XAVIER BECERRA<br>Attorney General of California<br>GIAM M. NGUYEN<br>Supervising Deputy Attorney General |
| | /s/ Mina Choi |
| | MINA CHOI<br>Deputy Attorney General<br>*Attorneys for Defendants Cash, Puckett, Spencer, Fears, Buechter, Lett, Godina, Cain, Pollard, Cromwell, Romero, Fernandez (Galpon), Thomas, Jr., Fortson, Mendoza, Spencer, and Crawford* |

LA2016600251
53064087.docx

# CERTIFICATE OF SERVICE

Case Name: **Lafonzo R. Turner v. B. M. Cash, et al.**  No. **2:14-cv-04758-JVS-AGR**

I hereby certify that on **September 13, 2018**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' REPLY TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTE RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On **September 13, 2018**, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Lafonzo R. Turner**
**CDCR# G-05794**
**Corcoran State Prison**
**P.O. Box 3459**
**Corcoran, CA 93212**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 13, 2018**, at Los Angeles, California.

| K. Hynds | */s/ K. Hynds* |
|---|---|
| Declarant | Signature |

LA2016600251
53071763.docx