XAVIER BECERRA
Attorney General of California
GIAM M. NGUYEN
Supervising Deputy Attorney General
MINA CHOI
Deputy Attorney General
State Bar No. 210514
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone: (213) 269-6608
  Fax: (213) 897-7604
  E-mail:  Mina.Choi@doj.ca.gov
*Attorneys for Defendants*
*Cash, Puckett, Fears, Buechter, Lett, Godina,*
*Cain, Pollard, Cromwell, Romero, Fernandez*
*(Galpon), Thomas, Jr., Fortson, Mendoza,*
*Spencer, and Crawford*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| **LAFONZO R. TURNER,**<br><br>Plaintiff,<br><br>v.<br><br>**B. M. CASH, et al.,**<br><br>Defendants. | 2:14-cv-04758 JVS (AGR)<br><br>**DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON NON-EXHAUSTION OF ADMINISTRATIVE REMEDIES**<br><br>Courtroom:    550 (5th Floor)<br>Judge:          The Honorable Alicia G. Rosenberg<br>Trial Date:   None<br>Action Filed: 6/19/2014 |

Defendants Cash, Puckett, Spencer, Fears, Buechter, Lett, Godina, Cain, Pollard, Cromwell, Romero, Fernandez (Galpon), Thomas, Jr., Fortson, Mendoza, Spencer, and Crawford (collectively, "Defendants") hereby submit the following Objections to Report & Recommendation of United States Magistrate Judge Alicia

Rosenberg filed on January 14, 2019. (ECF No. 167-1.)

**INTRODUCTION**

Defendants respectfully object to the Magistrate Judge's Report & Recommendation ("R&R") denying Defendants' Motion for Summary Judgment based on non-exhaustions of administrative remedies. (ECF No. 167-1) Specifically, Defendants object to the Magistrate Judge's findings that the administrative remedy process was unavailable to Plaintiff when his earlier attempts to file a timely grievance regarding his excessive force claims were frustrated and Plaintiff's inmate appeal, log no. LAC-A-10-1651, concerned only Plaintiff's disciplinary process arising from the June 26, 2010 cell extraction incident and did not include Plaintiff's claim of excessive force based on the incident. (ECF No. 167-1 at 13-14.)

Based on the evidence presented in Defendants' Motion and Reply, and for the reasons discussed below, Defendants respectfully request that the Court sustain Defendants' Objections and grant Defendants' Motion for Summary Judgment in its entirety.

**OBJECTIONS**

**I.    PLAINTIFF'S SUBMISSION OF INMATE APPEAL LOG NO. LAC-A-10-1651 INCLUDED BOTH HIS EXCESSIVE FORCE AND DUE PROCESS ALLEGATIONS AGAINST DEFENDANTS.**

Here, the undisputed evidence establishes that Plaintiff submitted inmate appeal, log no. LAC-A-10-1651, dated October 1, 2010, relating to the June 26, 2010 cell extraction incident. (ECF No. 165-1 at 4-6, 8-40.) This inmate appeal addressed multiple issues including (1) violation of Plaintiff's due process; (2) denial of access to the court without due process; and (3) excessive force from staff by means of chemical and physical force. (*Id*. at 8-14.)  This appeal contained a description of the June 26, 2010 cell extraction incident, named some of the Defendants involved, sought compensation for Plaintiff's injuries from the alleged use of force, and also addressed the disciplinary report issued to Plaintiff as a result

of the incident. (*Id.*) The Report & Recommendation, however, considered Plaintiff's grievance, log no. LAC-A-10-1651 as challenging the disciplinary proceeding arising out of the cell extraction, and therefore found that the grievance only pertained to Plaintiff's "due process claim challenging his disciplinary proceedings [which] is no longer in the action" even though Plaintiff specifically sought compensation for his injuries from the alleged use of force in his grievance. (*See* ECF No. 167-1 at 11-13; ECF No. 165-1 at 13-14.)

A grievance need not include legal theories or contain every fact necessary to prove an eventual legal claim, but it must "alert[] the prison to the nature of the wrong for which redress is sought." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (*quoting Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009)). A "prisoner need only provide the level of detail required by the prison's regulations" to sufficiently exhaust administrative remedies. *Sapp*, 623 F.3d at 824 (*citing Jones v. Bock*, 549 U.S. 199, 218 (2007).) While Plaintiff's grievance partly addressed his disciplinary proceeding that was the basis of his now dismissed due process claim under the Fourteenth Amendment, Plaintiff also repeatedly stated that Defendants and other staff used excessive force during the cell extraction and requested compensation for his injuries. (ECF No. 165-1 at 8-14.) Plaintiff's grievance provides details of the use of force incident. (*See id.*) "In states like California, where prison regulations are 'incomplete as to the factual specificity [required in an inmate's grievance], a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" 2017 WL 3124185 at *7 (C.D. Cal. Apr. 24, 2017).

Here, a review of Plaintiff's grievance, log no. LAC-A-10-1651, indicates that, as a result of Plaintiff's description of the excessive force incident, prison officials were on notice of the alleged use of excessive force upon Plaintiff during the cell extraction on June 26, 2010. Additionally, the Rules Violation Report that was attached to and referenced in the grievance described the use of force by some

of the Defendants and correctional staff for Plaintiff's willful resisting any peace officer in the performance of duty. (ECF No. 165-1 at 16-14.) In his grievance, Plaintiff complained that "LAC is subjecting prisoners to cruel and unusual punishment & corporal punishment primarily because prisoner[s] [] allege of refusing to accept assigned housing and/or a celly…" (*Id*. at 11.) Additionally, the Second Level reviewed and provided a response to Plaintiff's grievance which had alleged that "staff used excessive force by means of chemical and physical force" and specifically found that Plaintiff presented no evidence in the appeal to support his excessive force claim. (ECF No. 165-1 at 10.) Therefore, Plaintiff's grievance put authorities on notice that Plaintiff was contending some of the Defendants used excessive force during the June 26, 2010 incident, in addition to challenging the disciplinary proceeding.

Thus, while Plaintiff may not have specifically labeled his grievance as an excessive force issue, his grievance contained sufficient facts relating to his allegations of excessive force during the June 26, 2010 cell extraction and put the prison authorities on notice of his claim. *Griffin*, 557 F.3d at 1120. As a result, Plaintiff's grievance, log no. LAC-A-10-1651 not only addressed his issues with the disciplinary proceeding, but also his allegations of excessive force on June 26, 2010.

## II.    PLAINTIFF HAS NOT EXHAUSTED HIS ADMINISTRATIVE REMEDIES OR SHOWN HIS ADMINISTRATIVE REMEDIES WERE EFFECTIVELY UNAVAILABLE FOR HIS EXCESSIVE FORCE CLAIM.

Plaintiff's appeal, log no. LAC-A-10-1651, was cancelled and also denied after Plaintiff elected not to participate in the interview process for his appeal. (ECF No. 165-1 at 8-14.) On January 6, 2011, Correctional Lieutenant Frank attempted to interview Plaintiff about his appeal to give him the opportunity to provide any additional information or documentation, but Plaintiff elected not to participate in the interview process. (*Id*. at 8-9.) Plaintiff's refusal to participate was witnessed by

another officer, and the lack of cooperation was considered an "Appeal System Abuse in accordance with CCR Title 15, § 3084.4." (*Id.*) The appeal was forwarded to the Appeals Coordinator for cancellation. (*Id.*) Additionally, the appeal was denied after an assigned staff member reviewed the appeal, and found that Plaintiff failed to provide any information that would warrant vacating the findings of the SHO and also failed to present any evidence to support his excessive force allegations. (*Id.* at 8-10.) The Second Level Response to Plaintiff's appeal, log no. LAC-A-10-1651, was signed by Lonnie Jackson, Jr., Chief Deputy Warden (A) at CSP-LAC, and dated January 14, 2011. (*Id.*) Thereafter, the Second Level Response was returned to Plaintiff on January 18, 2011. (*Id.* at 14.) After receiving the Second Level Response to his appeal, Plaintiff appealed neither the cancellation[1] nor the Second Level Response to the Third Level of review. (Def.'s SUF ¶¶ 9-11; Decl. Voong, ¶ 12, Ex. A, ¶ 13 (a)-(h) and ¶ 14; ECF No. 165-1 at 6 (¶ 11, Ex. B).)

Now, Plaintiff attempts to create an issue of fact, stating that he did not receive a response after he mailed the appeal, log no. LAC-A-10-1651, to the Third Level of review and that this is just another example of Defendants "having complete control of [the] 602 appeal availability to exhaust at (LAC)." (ECF No. 136 at 98, Ex. II, 130-131.) The prison's records show that Plaintiff's appeal, log no. LAC-A-1651, was cancelled and returned to Plaintiff on January 18, 2011. (ECF No. 136 at 131; Decl. Curiel, ¶ 9(a), Ex. A.) Plaintiff received the Second Level Response to his appeal on January 18, 2011; he cannot legitimately dispute

---

[1] Plaintiff does not claim to have submitted a new appeal relating to the cancellation of his grievance, log no. LAC-A-10-1651. Plaintiff had an administrative remedy still available to him for this claim. *See Wilson v. Soto*, No. CV 15-9546-PSG (JPR), 2017 WL 3275966, at *4 (C.D. Cal. June 13, 2017) ("If a plaintiff contends that his appeal was improperly cancelled at any level, he must file a new appeal challenging the cancellation decision and exhaust that appeal in order to satisfy the PLRA's exhaustion requirement."). Having failed to appeal the cancellation, "[Plaintiff] cannot now contend that he exhausted available administrative remedies when his appeal was cancelled." (*See Gallegos v. Troncoso*, No. EDCV 12-00547-GW (MAN), 2013 WL 6732870, at *5 (C.D. Cal. Dec. 19, 2013).)

1   receipt of this document, because he attached this appeal in his Statement of

2   Genuine Issues in Opposition to Motion for Summary Judgment. (ECF No. 136 at

3   98, 130-131.)

4       Plaintiff's argument that he mailed his appeal, log no. LAC-A-10-1651, to

5   the third level and did not hear back does not excuse exhaustion, or make

6   administrative remedies unavailable to him. (ECF No. 136 at 98.) Plaintiff was

7   required to make reasonable efforts to exhaust his administrative remedies. *Nunez v.*

8   *Duncan*, 591 F.3d 1217 (9th Cir. 2010). Plaintiff provided many documents with

9   his Statement of Genuine Issues that show that he has responded to and followed-

10   up on other unrelated appeals that were rejected, incomplete, and/or unclear. (ECF

11   No. 136 at 33-54, 133, 135.) Plaintiff, likewise, should have followed-up on the

12   status of his appeal, log no. LAC-A-10-1651, when he allegedly did not hear back

13   or receive any documents or response from the Third Level, but Plaintiff failed to

14   do to. Instead, Plaintiff argues that the inmate appeals process was unavailable to

15   him.

16       Here, while Plaintiff filed an appeal relating to the disciplinary report from

17   the June 26, 2010 events, he does not provide any evidence that he made a

18   reasonable effort to follow through on his excessive force and/or failure-to-

19   intervene claims against Defendants. Rather than showing that he was diligent in

20   following-up on the said appeal with the Third Level, Plaintiff remained

21   unreasonably idle by saying that he simply never received any response back even

22   though he was pursuing other unrelated appeals at the same time[2]. (*See* ECF No.

23   136 at 98, 130-131.)

24       Plaintiff has not met his burden of demonstrating that the grievance process

25   was unavailable to him through no fault of his own. *Sapp v. Kimbrell*, 623 F.3d

26        [2] Around the time period Plaintiff filed his appeal, log no. LAC-A-10-1651
(with a submitted date of October 1, 2010), Plaintiff filed two appeals, log no.

27   LAC-10-1509 (dated October 14, 2010) and log no. LAC-10-1524, and thereafter
exhausted these two appeals to the Director's Level. (Decl. Voong at ¶ 13 (d), Ex.

28   E; ¶ 13 (e), Ex. F.)

813, 822-23 (9th Cir. 2010) (determining that exhaustion was not excused because prison officials did not improperly screen any grievances). Plaintiff did not complete the grievance process in accordance with the procedural rules, and has not demonstrated that he was obstructed from doing do because procedures for processing grievances were not followed. *See Jones v. Bock*, 549 U.S. 199, 218 (2007) ("[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined . . . by the prison grievance process itself.") Plaintiff's claim that the appeals process was unavailable to him and that he was prevented from exhausting should be rejected.

Further, Plaintiff cannot show that his administrative remedies were effectively unavailable—or even create a factual dispute on that question—based on self-serving assertions that prison officials stole or destroyed a grievance that would have fully exhausted his claims. *See, e.g., Crayton v. Hedgpeth*, No. C 08-00621 WHA PR, 2011 WL 1988450, at *7 (E.D. Cal. May 20, 2011) ("Plaintiff's allegations of lost, stolen, and destroyed grievances are too vague to effectively rebut defendants' claim that plaintiff has failed to exhaust his administrative remedies."); *Rodgers v. Reynaga*, No. CV 1-06-1083-JAT, 2009 WL 2985731, at *3 (E.D. Cal. Sept. 16, 2009) ("To grant Plaintiff an exception to PLRA's demand for exhaustion based solely on Plaintiff's self-serving testimony that his grievance was surreptitiously destroyed by prison officials would completely undermine the rule."), aff'd, 393 F. App'x 447 (9th Cir. 2010); *Todd v. Johnson*, No. 1:12-CV-02083-LJO, 2014 WL 348463, at *4 (E.D. Cal. Jan. 31, 2014); *Hendon v. Baroya*, No. 105CV00838-OWWSMSPC, 2007 WL 3034263, at *3 (E.D. Cal. Oct. 16, 2007), report and rec. adopted, 2008 WL 482868 (E.D. Cal. Feb. 20, 2008), aff'd, 320 F. App'x 717 (9th Cir. 2009); *Rupe v. Beard*, No. CV-08-2454-EFS PC, 2013 WL 2458398, at *18 (E.D. Cal. June 6, 2013); *Jeffries v. Fields*, No. CV 12-1351 R JC, 2014 WL 994908, at *18 (C.D. Cal. Mar. 10, 2014).

1    Plaintiff's excessive force claim against Defendants should be dismissed

2    because he failed to pursue this claim through the Third Level and, therefore, did

3    not properly exhaust the claim. (*Id.*)

4

5    Dated:  March 8, 2019                                  Respectfully submitted,

6                                                           XAVIER BECERRA
                                                            Attorney General of California
7                                                           GIAM M. NGUYEN
                                                            Supervising Deputy Attorney General
8

9                                                           */s/Mina Choi*
                                                            MINA CHOI
10                                                          Deputy Attorney General
                                                            *Attorneys for Defendants*
11                                                          *Cash, Puckett, Fears, Buechter, Lett,*
                                                            *Godina, Cain, Pollard, Cromwell,*
12                                                          *Romero, Fernandez (Galpon),*
                                                            *Thomas, Jr., Fortson, Mendoza,*
13                                                          *Spencer, and Crawford*

14   LA2016600251
     63180809.docx
15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

# CERTIFICATE OF SERVICE

Case Name:   **Turner, R, Lafonzo v. B. M.**        No.     **2:14-cv-04758 JVS (AGR)**
                        **Cash, et al.**

I hereby certify that on **March 8, 2019**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON NON-EXHAUSTION OF ADMINISTRATIVE REMEDIES

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On **March 8, 2019**, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Lafonzo R. Turner, CDCR No. G-05794
Deuel Vocational Institution
P.O. Box 600
Tracy, CA 95378-0600

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **March 8, 2019**, at Los Angeles, California.

M. Martin                                              */s/ M. Martin*
_____                    _____
Declarant                                                  Signature

LA2016600251
63180766.docx