UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFONZO R. TURNER,<br><br>          Plaintiff,<br><br>    v.<br><br>B.M. CASH, et al.<br><br>          Defendants. | NO. CV 14-4758-JVS (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records on file, the Report and Recommendation of the United States Magistrate Judge ("Report") and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Defendants have objected. The Court accepts the findings and recommendation of the Magistrate Judge.

The Report recommends that Defendants' motion for summary judgment based on failure to exhaust administrative remedies be denied. In the context of a motion for summary judgment based on failure to exhaust remedies, "the defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). Once the defendant has done so, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* at 1172. The "district court cannot

resolve disputed questions of material fact" on summary judgment. Rather, the court "must view all of the facts in the record in the light most favorable to the non-moving party and rule, as a matter of law, based on those facts." *Id.* at 1173.

The Report states that this civil rights case is based on a cell extraction on June 26, 2010. (Report at 8.) The Report found that, construing the evidence in the light most favorable to Plaintiff as the nonmoving party, there was a genuine issue of material fact as to whether there was an available administrative remedy. (*Id.* at 12.) "When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017). The Report cited evidence that prison staff refused to give Plaintiff a 602 appeals form after the cell extraction; Plaintiff obtained a 602 appeals form by making a fishing line to a neighbor; Plaintiff filed the 602 appeals form on June 29, 2010 in an envelope addressed to the appeals coordinator; Plaintiff was transferred to a crisis bed during July 2-8, 2010; Plaintiff's 602 appeals form was returned to him on July 13, 2010 (two days after the 15-day time limit expired) without response; Plaintiff added a note of explanation and handed the envelope back to custody for mailing to the appeals coordinator; Plaintiff filed a GA-22 "request for interview" form to the Warden on July 15, 2010 explaining that he filed the 602 appeals form on June 29, 2010 and received it back without any response on July 13, 2010; the prison "screened out" the appeal on July 29, 2010 stating he failed to meet time constraints and advising that if he filed the appeal again it would not be returned; Plaintiff responded by explaining why he met the time constraints on July 29, 2010; the prison failed to respond to that explanation; Plaintiff submitted a GA-22 form to the Warden on September 12, 2010 complaining that his appeal was "circumvented"; and the prison failed to respond. (*Id.* at 9-10; 13.)

Defendants do not dispute Plaintiff's evidence as to his appeal submitted on June 29, 2010 based on excessive force during the cell extraction.

Instead, Defendants argue that Plaintiff failed to exhaust his remedies as to a

different and later inmate appeal, Log No. LAC-A-10-1651, that Plaintiff filed after he had been found guilty in his disciplinary proceeding based on the cell extraction. Defendants argue that, because Plaintiff included an allegation of excessive force in this grievance and failed to exhaust it, Plaintiff failed to exhaust his remedies notwithstanding what occurred with his June 29, 2010 grievance specifically about excessive force.

Plaintiff filed Log No. LAC-A-10-1651 on October 1, 2010. He requested that the RVR "be fully dismissed" and that he be compensated for his injuries and immediately transferred. (Dkt. No. 136 at 130.) In reply, Defendants attached the second level response, which described the appeal issue as follows: "You are submitting this appeal relative to CDC-115, Rules Violation Report (RVR) Log # S10-06-0067, dated 6/26/2010, for the specific act of "Willfully Resisting any Peace Officer in the Performance of Duty." (Dkt. No. 165-1 at 8.) In the same section, the second level response described the specific due process rights that Plaintiff complained had been ignored or violated at the hearing. (*Id.*) In the section entitled findings, the second level response described Plaintiff's claim that "the RVR was written up as an attempt to cover the fact that LAC is 'subjecting prisoners to cruel and unusual punishment and corporal punishment primarily because prisoners are alleged of refusing to accept assigned housing and or a cellie.' Appellant presented no evidence in the appeal to support this claim." (*Id.* at 10.) The second level response found no evidence to support the claim of excessive force. (*Id.*) In the section entitled "appeal decision," the second level response was to deny the appeal "in that you have failed to provide any information that would warrant vacating the findings of the SHO." (*Id.*)

Defendants' objections are overruled. Defendants have not met their burden on summary judgment as to exhaustion. The appeal issue and appeal decision in the later-filed Log No. LAC-A-10-1651 were limited to Plaintiff's challenge to the disciplinary proceedings. The findings described Plaintiff's claim that the RVR was a

3

cover-up for excessive force and Eighth Amendment violations.

IT IS ORDERED that Defendants' motion for summary judgment based on exhaustion is DENIED.

DATED: March 18, 2019

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE