XAVIER BECERRA
Attorney General of California
GIAM M. NGUYEN
Supervising Deputy Attorney General
MINA CHOI
Deputy Attorney General
State Bar No. 210514
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013
  Telephone: (213) 269-6608
  Fax: (213) 897-7604
  E-mail: Mina.Choi@doj.ca.gov
*Attorneys for Defendants
Romero, Cash, Puckett, Spencer, Fears, Buechter, Lett, Godina, Cain, Pollard, Cromwell, Fernandez (Galpon), Thomas, Jr., Fortson, Mendoza, and Crawford*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **LAFONZO R. TURNER,**<br><br>                      Plaintiff,<br><br>v.<br><br>**B. M. CASH, et al.,**<br><br>                      Defendants. | 2:14-cv-04758 JVS (AGR)<br><br>**DEFENDANTS' STATUS REPORT TO THE COURT**<br><br>Courtroom: 550 (5th Floor)<br>Judge: The Honorable Alicia G. Rosenberg<br>Trial Date: None Set<br>Action Filed: June 19, 2014 |

Pursuant to the Court's June 19, 2017 Order Re Discovery and Motions [ECF No. 112] and Court's Minute Order lifting stay on discovery not related to exhaustion and ordering status reports [ECF No. 178], Defendants Romero, Cash, Puckett, Spencer, Fears, Buechter, Lett, Godina, Cain, Pollard, Cromwell, Fernandez (Galpon), Thomas, Jr., Fortson, Mendoza, Spencer, and Crawford (collectively, "Defendants") submit their Status Report.

///

///

1

A.    **SUMMARY OF THE PROCEEDINGS TO DATE AND A STATEMENT OF THE PRINCIPAL ISSUES RAISED IN THE CASE.**

Plaintiff is an inmate currently incarcerated at California State Prison-Los Angeles County (CSP-LAC), located in Lancaster, where the events in this action are alleged to have occurred. Proceeding pro se, Plaintiff sues Defendants under 42 U.S.C. § 1983 for using excessive force and, thereby, violating Plaintiff's Eighth Amendment right.

Plaintiff's excessive force claim against Defendants arises from Plaintiff's refusal to comply with orders to remove the coverings on his cell door, which Plaintiff asserts was a way to protest his allegations of "unlawful cell management assertions by custody." (ECF No. 94 at 6.) After Plaintiff's persistent refusal to comply with multiple orders to remove the cell door coverings and to come out of his cell, Plaintiff claims that the cell extraction team (Defendants Thomas, Romero, Spencer, Pollard, Fears, Puckett, Mendoza, and Godina) was called to remove Plaintiff from his cell on June 26, 2010. (ECF No. 94 at 6-12.) Plaintiff claims that Defendant Thomas administered multiple MK-9 "cell busters" under the cell door while Defendant Fears utilized the "X-10 barricade removal device." (*Id*. at 9-11.) Thereafter, the cell extraction team entered Plaintiff's cell and Defendants Romero and Pollard allegedly started to strike Plaintiff with their batons while Defendant Spencer kept Plaintiff down with a shield. (*Id*. at 11-12.) Plaintiff claims that Defendants Fears, Godina, and Puckett also entered his cell and started to punch, kick, and strike Plaintiff with their batons in his lower legs and body while Defendant Mendoza was video taping the entire incident. (*Id*. at 12-13.) Defendants Cash and Buechter allegedly "ratified" the "unlawful cell management practice, custom, policy and useage [sic]." (*Id.* at 13.)

Plaintiff filed his complaint on November 20, 2015 and, thereafter, his first amended complaint (FAC) on December 9, 2015. (ECF Nos. 20, 30.) On March 22, 2016, Defendants filed their motion to dismiss the FAC, and on May 6, 2016,

1  Plaintiff filed his Opposition to the motion to dismiss and a request to file a second
2  amended complaint (SAC). (ECF Nos. 68 and 81.)  On May 19, 2016, Defendants
3  filed their reply in support of the motion to dismiss the FAC and their partial
4  opposition to Plaintiff's request to file a SAC. (ECF No. 83.) On August 26, 2016,
5  Defendants filed their motion for protective order staying discovery until after
6  Defendants file an answer in this action, and on November 15, 2016, the Court
7  granted in part and denied in part the motion, and granted Defendants an extension
8  of time to respond to Plaintiff's discovery until twenty dates after the District
9  Judge's order on Defendants' motion to dismiss the FAC. (ECF No. 87 and 91.) On
10 November 2, 2016, the Magistrate issued a report and recommendation regarding
11 Defendants' motion to dismiss the FAC and recommended that Plaintiff be granted
12 leave to file the proposed SAC and that all official capacity and due process claims
13 in the SAC be dismissed without leave to amend and that Defendants' motion to
14 dismiss the FAC be denied in all other respects. (ECF No. 89.)

15      Plaintiff's SAC was filed on December 5, 2016 (ECF No. 94.)  Defendants'
16 filed their answer to the SAC on June 16, 2017 and filed their motion for summary
17 judgment based on non-exhaustion of administrative remedies on July 7, 2017.
18 (ECF Nos. 111 and 115.)  On October 5, 2017, Plaintiff filed his "statement of
19 genuine issues in opposition to motion for summary judgment" and on December 6,
20 2017, the Magistrate issued a report and recommendation denying Defendants'
21 motion for summary judgment based on non-exhaustion of administrative remedies.
22 (ECF Nos. 138-139.) On February 12, 2018, Defendants filed their objections to the
23 report and recommendation.  On March 7, 2018, the Court vacated the report and
24 recommendation and directed the establishment of a briefing schedule for a reply
25 brief. (ECF Nos. 146-147.) On September 13, 2018, Defendants filed their reply to
26 Plaintiff's opposition to motion for summary judgment based on non-exhaustion of
27 administrative remedies. (ECF No. 165.) On January 14, 2019, the Magistrate
28 Judge issued her report and recommendation denying Defendants' motion for

summary judgment based on non-exhaustion. On March 8, 2019, Defendants filed their objections to the report and recommendation. (ECF Nos. 166-167 and 174.) On March 18, 2019, the District Judge accepted the report and recommendation and denied Defendants' motion for summary judgment based on non-exhaustion. (ECF No. 177.)

The remaining principal issues raised by this action include:

1. Whether Plaintiff exhausted his administrative remedies relating to his excessive force claim against each of the Defendants. *Woodford v. Ngo*, 548 U.S. 81-83-84 (2006); *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 n.5 (2001).

2. Whether Plaintiff failed to comply with orders (to remove cell door coverings and to come out of his cell on June 25-26, 2010) and all Defendants used reasonable force necessary to in a good faith effort to maintain and restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010) (per curiam); *Hudson v. McMillan*, 503 U.S. 1, 6-7 (1992); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Whitley v. Albers*, 475 U.S. 312, 327 (1986).

3. Whether Defendants are entitled to qualified immunity. *Pearson v. Callahan*, 555 U.S. 223 (2009); *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

**B. WHETHER ALL PARTIES HAVE BEEN SERVED AND, IF NOT, A PROPOSED DEADLINE BY WHICH SERVICE WILL BE COMPLETED.**

All parties named in the SAC have been served and have appeared in this case.

**C. A DESCRIPTION OF ANY DISCOVERY COMPLETED AND SCHEDULE FOR ANY FUTURE DISCOVERY.**

Plaintiff propounded production requests limited to exhaustion and Defendants responded to Plaintiff's production requests on or about December 23, 2016. Defendants intend to propound written discovery and take Plaintiff's deposition prior to the discovery cut-off. Defendants propose a discovery cut-off date of January 28, 2020 and discovery motion cut-off date of February 28, 2020 in order

to have the adequate time to conduct discovery after Defendants file a motion for judgment on the pleadings.

### D. A LIST OF CONTEMPLATED MOTIONS, IF ANY, ALONG WITH PROPOSED DATES FOR THE FILING AND HEADING OF SUCH MOTIONS.

Defendants intend to file a motion for judgment on the pleadings, if possible, some time in July or August of 2019. Defendants also intend to file a substantive motion for summary judgment after discovery is completed. Defendants propose a dispositive motion cut-off date of April 8, 2020.

### E. AN ESTIMATE OF THE TIME LIKELY TO BE REQUIRED FOR TRIAL, AND A STATEMENT AS TO WHETHER TRIAL BY JURY IS DESIRED AND HAS BEEN PROPERLY REQUESTED.

Defendants estimate four to seven days would be required for trial due to the number of Defendants in the case. Defendants have requested a jury trial.

### F. A DESCRIPTION OF ANY SETTLEMENT NEGOTIATIONS THAT HAVE OCCURRED, AND A RECOMMENDATION AS TO THE FORM OF SETTLEMENT CONFERENCE OR OTHER METHOD OF ALTERNATIVE DISPUTE RESOLUTION THAT WOULD BE MOST APPROPRIATE GIVEN THE NATURE OF THIS CASE.

While present counsel was not involved in the case, prior counsel (Danielle Hemple) participated in mediation on May 8, 2017. Parties did not reach an agreement. Presently, counsel believes that a settlement proceeding would be productive in this matter and Defendants elect mediation through the Central District's Prisoner Settlement Program. Since the last mediation on May 8, 2017, Plaintiff has not made any settlement demand offers.

### G. ANY SUGGESTIONS THE PARTIES MAY WISH TO MAKE REGARDING THE MANAGEMENT OF THIS ACTION.

None at this time.

///
///
///
///

5

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: April 10, 2019 | Respectfully submitted, |
| 3 | | XAVIER BECERRA<br>Attorney General of California<br>GIAM M. NGUYEN |
| 4 | | Supervising Deputy Attorney General |
| 5 | | |
| 6 | | */s/ **Mina Choi*** |
| | | MINA CHOI<br>Deputy Attorney General |
| 7 | | *Attorneys for Defendants*<br>*Romero, Cash, Puckett, Spencer,* |
| 8 | | *Fears, Buechter, Lett, Godina, Cain,*<br>*Pollard, Cromwell, Fernandez* |
| 9 | | *(Galpon), Thomas, Jr., Fortson,*<br>*Mendoza, and Crawford* |
| 10 | LA2016600251 | |
| 11 | 53316256.docx | |

# CERTIFICATE OF SERVICE

Case Name: **Turner, R, Lafonzo v. B. M. Cash, et al.**     No. **2:14-cv-04758 JVS (AGR)**

I hereby certify that on **April 10, 2019**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## DEFENDANTS' STATUS REPORT TO THE COURT

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On **April 10, 2019**, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Lafonzo R. Turner, CDCR No. G05794
California State Prison – LAC
P.O. Box 4670
Lancaster, CA 93539

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 10, 2019**, at Los Angeles, California.

|  |  |
|---|---|
| M. Martin | */s/ M. Martin* |
| Declarant | Signature |

LA2016600251
53333964.docx