XAVIER BECERRA
Attorney General of California
GIAM M. NGUYEN
Supervising Deputy Attorney General
GREGORY L. YOUNG
Deputy Attorney General
State Bar No. 226293
  300 S. Spring Street, Suite 1702
  Los Angeles, CA 90013
  Telephone: (213) 269-6192
  Fax: (916) 731-2147
  E-mail: Gregory.Young@doj.ca.gov
*Attorneys for Defendants*
*M. Buechter, A. Cain, B. Cash, L. Crawford,*
*T. Cromwell, A. Fears, J. Fernandez (Galpon),*
*C. Fortson, M. Godina, S. Lett, J. Mendoza,*
*B. Pollard, W. Puckett, N. Romero, C. Spencer,*
*and K. Thomas*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LAFONZO R. TURNER,**<br><br>                             Plaintiff,<br><br>**v.**<br><br>**B. M. CASH, et al.,**<br><br>                         Defendants. | 2:14-cv-04758 JVS (AGR)<br><br>**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:        December 3, 2019<br>Time:       10:00 a.m.<br>Courtroom:  550, 5th Floor<br>Judge:     The Honorable<br>                Alicia G. Rosenberg<br>Action Filed: June 19, 2014<br><br>**[*No Oral argument requested.*]** |

**TO PLAINTIFF LAFONZO R. TURNER, PRO SE:**

**PLEASE TAKE NOTICE** that on December 3, 2019 at 10:00 a.m., in

Courtroom 550, 5th Floor, Roybal Federal Building and United States Courthouse,

255 E. Temple St., Los Angeles, CA, 90012, or at a date and time ordered by this

Court, Defendants M. Buechter, A. Cain, B. Cash, L. Crawford, T. Cromwell, A. Fears, J. Fernandez (Galpon), C. Fortson, M. Godina, S. Lett, J. Mendoza, B. Pollard, W. Puckett, N. Romero, C. Spencer, and K. Thomas ("Defendants") will, and hereby do, move for a Judgment on the Pleadings, pursuant to Rule 12(c) of the *Federal Rules of Civil Procedure*.

Pursuant to the Court's December 5, 2016 Order, the Court dismissed all Due Process Claims and all Official Capacity claims without leave to amend.

The following claims should also be dismissed pursuant to *FRCP* R.12(c) as follows:  Plaintiff's Second Amended Complaint ("*SAC*") (1) fails to state an Eighth Amendment claim against Defendants Buechter and Cash, (2) in their individual capacities, Defendants Buechter and Cash are entitled to qualified immunity from Plaintiff's Eighth Amendment claim, and (3) the *SAC* fails to state an Eighth Amendment claim against Defendants Cain, Crawford, Cromwell, Fernandez, Fortson, Lett, and Mendoza.

Defendants base their Motion on this Notice of Motion and Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the *Federal Rules of Civil Procedure*; the accompanying Memorandum of Points and Authorities; all pleadings and papers on file in this action; and such other matters as the Court may deem appropriate.

///
///
///
///
///
///
///
///
///

Dated:  October 10, 2019

Respectfully submitted,

XAVIER BECERRA
ATTORNEY GENERAL OF CALIFORNIA
GIAM M. NGUYEN
SUPERVISING DEPUTY ATTORNEY
GENERAL


**/s/ Gregory L. Young**
Gregory L. Young
Deputy Attorney General
*Attorneys for Defendants*
*M. Buechter, A. Cain, B. Cash,*
*L. Crawford, T. Cromwell, A. Fears,*
*J. Fernandez (Galpon), C. Fortson,*
*M. Godina, S. Lett, J. Mendoza,*
*B. Pollard, W. Puckett, N. Romero,*
*C. Spencer, and K. Thomas*

# TABLE OF CONTENTS

**Page**

Memorandum of Points and Authorities.................................................................1

Introduction ...........................................................................................................1

Summary of Allegations ........................................................................................2

Grounds for Motion ...............................................................................................4

Argument ...............................................................................................................5

    I. The SAC Fails to State an Eighth Amendment Claim Against
       Defendants Buechter and Cash.......................................................................5

    II. Defendants Buechter and Cash Are Entitled to Qualified Immunity
        as to the Eighth Amendment Claim................................................................7

        A.    A State Official Who Has Not Violated a Clearly
               Established Constitutional Right Is Entitled to Qualified
               Immunity. ...............................................................................8

        B.    Defendants Did Not Violate a Constitutional Right..................8

        C.    Defendants Did Not Violate a Clearly Established Right. .........8

Conclusion............................................................................................................14

# TABLE OF AUTHORITIES

**Page**

CASES

*Ashcroft v. al-Kidd*
    563 U.S. 731 (2011)..................................................................9

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)...............................................................6, 7

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)..................................................................5

*Baker v. McCollan*
    443 U.S. 137 (1979)..................................................................6

*Berg v. Kincheloe*
    794 F.2d 457 (9th Cir. 1986).....................................................11

*Brazil v. U.S. Dep't of Navy*
    66 F.3d 193 (9th Cir. 1995)........................................................6

*Carrillo v. Cty. of L.A.*
    798 F.3d 1210 (9th Cir. 2015).....................................................7

*Chaparro v. Carnival Corp.*
    693 F.3d 1333 (11th Cir. 2012)...................................................5

*Chavez v. United States*
    683 F.3d 1102 (9th Cir. 2012).....................................................4

*Clement v. Gomez*
    298 F.3d 898 (9th Cir. 2002).....................................................11

*Corder v. Lewis Palmer School Dist.*
    566 F.3d 1219 (10th Cir. 2009)...................................................4

*Davis v. City of Las Vegas*
    478 F.3d 1048 (9th Cir. 2007).....................................................8

*Doe v. MySpace, Inc.*
    528 F.3d 413 (5th Cir. 2008).......................................................4

# TABLE OF AUTHORITIES
### (continued)

Page

*Farmer v. Brennan*
    511 U.S. 825 (1994).................................................................10, 11

*Fleming v. Pickard*
    581 F.3d 922 (9th Cir. 2009).............................................................4

*Grajales v. Puerto Rico Ports Auth.*
    682 F.3d 40 (1st Cir. 2012)...............................................................4

*Hamilton v. Brown*
    630 F.3d 889 (9th Cir. 2011)...........................................................11

*Hearns v. Terhune*
    413 F.3d 1036 (9th Cir. 2005)....................................................10, 11

*Hudson v. McMillian*
    503 U.S. 1 (1992).........................................................................11

*Hunter v. Bryant*
    502 U.S. 224 (1991) (*per curiam*) ...................................................8

*Johnson v. Rowley*
    569 F.3d 40 (2nd Cir. 2009)..............................................................4

*Jordan v. Gardner*
    986 F.2d 1521 (9th Cir. 1993) (*en banc*) .........................................11

*Lacey v. Maricopa Cty.*
    693 F.3d 896 (9th Cir. 2012) (*en banc*) ............................................8

*Mitchell v. Washington*
    --- F.3d --- (9th Cir. 2016)..............................................................8

*Morgan v. Morgensen*
    465 F.3d 1041 (9th Cir. 2006).........................................................10

*Mullenix v. Luna*
    136 S. Ct. 305 (2015) (*per curiam*) ...............................................8, 9

*Pearson v. Callahan*
    555 U.S. 236 (2009).......................................................................8

iii

**TABLE OF AUTHORITIES**
(continued)

Page

*R.J. Corman Derailment Services, LLC v. Int'l Union of Operating*
  *Engineers, Local Union 150, AFL-CIO*
  335 F.3d 643 (7th Cir. 2003)..................................................................4

*Rodriguez v. County of Los Angeles*
  891 F.3d 776 (9th Cir. 2018)................................................................11

*Starr v. Baca*
  652 F.3d 1202 (9th Cir. 2011)...............................................................6

*Taylor v. List*
  880 F.2d 1040 (9th Cir. 1989)...............................................................6

*Voest-Alpine Trading USA Corp. v. Bank of China*
  142 F.3d 887 (5th Cir. 1998)................................................................4

*Whitley v. Albers*
  475 U.S. 312 (1986)......................................................................11, 12

**STATUTES**

42 U.S.C.
  § 1983..............................................................................1, 6, 7, 8

**CONSTITUTIONAL PROVISIONS**

Eighth Amendment.......................................................................*passim*

**COURT RULES**

Fed. R. Civ. P.
  8.......................................................................................6
  8(a)(2)................................................................................6
  12(b)(6)...............................................................................4
  12(c).................................................................................1, 4

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants M. Buechter, A. Cain, B. Cash, L. Crawford, T. Cromwell, A. Fears, J. Fernandez (Galpon), C. Fortson, M. Godina, S. Lett, J. Mendoza, B. Pollard, W. Puckett, N. Romero, C. Spencer, and K. Thomas ("Defendants") respectfully submit the following Memorandum of Points and Authorities in support of their Motion for Judgment on the Pleadings.

## INTRODUCTION

Plaintiff Lafonzo R. Turner ("Plaintiff") is a prison inmate currently confined by the California Department of Corrections and Rehabilitation ("CDCR") at California State Prison, Sacramento, located in Represa, California. Proceeding pro se, Plaintiff brings this civil rights action under 42 U.S.C. § 1983 against Defendants, who were employed by the CDCR at California State Prison, Los Angeles County ("LAC"), located in Lancaster, California, on June 26, 2010, when the events alleged in this lawsuit took place. Defendants Buechter, Cain, Cash, Crawford, Fortson, and Lett are sued in both their individual and official capacities. Defendants Cromwell, Fears, Fernandez, Godina, Mendoza, Pollard, Puckett, Romero, Spencer, and Thomas are sued in their individual capacities only.

Pursuant to the Court's December 5, 2016 Order, the Court dismissed all Due Process Claims and all Official Capacity claims without leave to amend.

The following claims of Defendants should also be dismissed pursuant to *FRCP* R.12(c) as follows: (1) the *SAC* fails to state an Eighth Amendment claim against Defendants Buechter and Cash, (2) in their individual capacities, Defendants Buechter and Cash are entitled to qualified immunity from Plaintiff's Eighth Amendment claim, and (3) the *SAC* fails to state an Eighth Amendment claim against Defendants Cain, Crawford, Cromwell, Fernandez, Fortson, Lett, and Mendoza.

1

**PROCEDURAL POSTURE**

Pursuant to the Court's December 5, 2016 order (ECF No. 93), this action now proceeds on the Second Amended Complaint (*SAC*) to the extent that it asserts Eighth Amendment claims against Defendants in their individual capacities, and all official-capacity and due-process claims were dismissed without leave to amend. Defendants answered the *SAC* on June 16, 2017. (ECF No. 111.)

On August 1, 2019, Plaintiff filed a motion for appointment of counsel and on August 9, 2019, the Magistrate granted in part Plaintiff's motion (Court issued an order re referral to pro bono panel for appointment of counsel for the purpose of locating counsel who is willing to accept appointment in this case) (ECF No. 190). No counsel has appeared for Plaintiff in this case, as of the court-ordered deadline. (ECF 192).

**SUMMARY OF ALLEGATIONS**

The following section summarizes Plaintiff's allegations in the operative *SAC* (ECF No. 94) that pertain to excessive force.

Starting on June 25, 2010, while incarcerated at LAC, Plaintiff "peaceful[ly] protest[ed] . . . unlawful cell management." On June 26, 2010, at 7:20 a.m., Defendant Thomas, a correctional sergeant, approached Plaintiff's cell, made derogatory remarks, and warned Plaintiff that officers would be coming into his cell. At 7:45 a.m., Defendant Thomas returned to Plaintiff's cell with Defendant Cain, a correctional lieutenant, and asked Plaintiff to remove the covering from his cell door. Plaintiff expressed his willingness to comply but refused to "cuff-up" because he believed that he was being improperly deprived of his property by placement on cell management status. Defendant Cain directed Defendant Thomas to assemble a cell extraction team.

At 9:00 a.m., Defendants Crawford and Lett, both licensed psychiatric technicians, came to Plaintiff's cell and asked him to voluntarily exit. Defendants Crawford and Lett walked away after speaking with Plaintiff for approximately one

2

and a half minutes, telling him that he "was coming out one way or another." At 11:00 a.m., Defendant Cromwell, a correctional lieutenant, explained Plaintiff's rights to him and again asked him to "cuff-up." At 12:00 p.m., Defendant Fernandez, also a correctional lieutenant, came to Plaintiff's cell and requested his compliance. At 12:30 p.m., Defendant Fortson, a correctional captain, explained Plaintiff's rights to him, asked him to comply with cell management status, and warned him that he would otherwise be subjected to a cell extraction.

At 1:00 p.m., Defendant Fortson authorized the cell extraction. Defendants Cain and Thomas read Plaintiff the cell extraction admonishments. Defendant Thomas deployed chemical agents into Plaintiff's cell at 1:05 p.m., 1:06 p.m., 1:08 p.m., 1:09 p.m., 1:13 p.m., 1:16 p.m., 1:20 p.m., 1:24 p.m., 1:27 p.m., 1:30 p.m., and 1:38 p.m. At 1:43 p.m., Defendant Thomas "instructed the cell extraction team to enter Plaintiff's cell," which they did at 1:48 p.m.

Defendants Romero and Pollard entered the cell and repeatedly struck Plaintiff in the head and upper body with batons, as Defendant Spencer used his shield to pin Plaintiff down. Defendants Fears, Godina, and Puckett entered the cell and began to punch, kick, and strike Plaintiff. After Plaintiff was placed in leg restraints and handcuffs, Defendants continued to strike Plaintiff for approximately two and a half minutes.

Defendants Cain, Fortson, Fernandez, Cromwell, Lett, and Crawford were present during the cell extraction, but they failed to intervene. Defendant Mendoza, a correctional officer, video recorded the cell extraction but did not intervene. Defendant Cash, LAC's warden, and Defendant Buechter, a correctional captain, "consented" to the excessive use of force and enforced policies that effectively ratified their subordinates' conduct.

Plaintiff alleges that he suffered cuts and bruises to his face, chest, back, arms, and legs, as well as chest pain from the use of chemical agents, and emotional distress.

**GROUNDS FOR MOTION**

The following claims should be dismissed pursuant to FRCP R.12(c) as follows: (1) the *SAC* fails to state an Eighth Amendment claim against Defendants Buechter and Cash, (2) in their individual capacities, Defendants Buechter and Cash are entitled to qualified immunity from Plaintiff's Eighth Amendment claim, and (3) the *SAC* fails to state an Eighth Amendment claim against Defendants Cain, Crawford, Cromwell, Fernandez, Fortson, Lett, and Mendoza.

**STANDARD ON RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS**

The standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule 12(b)(6) motions: i.e., judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard* (9th Cir. 2009) 581 F3d 922, 925; *Doe v. MySpace, Inc.* (5th Cir. 2008) 528 F3d 413, 418.

As with a Rule 12(b)(6) motion, most courts have held that, to survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Chavez v. United States* (9th Cir. 2012) 683 F3d 1102, 1108-1109; *Johnson v. Rowley* (2nd Cir. 2009) 569 F3d 40, 43-44; *Corder v. Lewis Palmer* School Dist. No. 38 (10th Cir. 2009) 566 F3d 1219, 1223-1224; but see also *Grajales v. Puerto Rico Ports Auth.* (1st Cir. 2012) 682 F3d 40, 45-46 (questioning whether *Twombly/Iqbal* plausibility standard applies to Rule 12(c) motion when substantial discovery has already been conducted).

As with Rule 12(b)(6) motions, the court must assume the truthfulness of the material facts alleged in the complaint. Moreover, all inferences reasonably drawn from these facts must be construed in favor of the responding party. *Fleming v. Pickard, supra*, 581 F3d at 925; *Voest-Alpine Trading USA Corp. v. Bank of China* (5th Cir. 1998) 142 F3d 887, 891; *R.J. Corman Derailment Services, LLC v.*

*International Union of Operating Engineers, Local Union 150, AFL-CIO* (7th Cir. 2003) 335 F3d 643, 647.

### ARGUMENT

### I. THE *SAC* FAILS TO STATE AN EIGHTH AMENDMENT CLAIM AGAINST DEFENDANTS BUECHTER AND CASH.

Because the *SAC* fails to allege that either Defendant Buechter or Cash was personally involved in the events of June 26, 2010, Plaintiff cannot maintain an Eighth Amendment claim against these Defendants.

Apart from naming Defendant Buechter as a defendant in both her individual and official capacities, Plaintiff does not allege any factual allegations against her, other than wholly conclusory statements that Buechter somehow "ratified and maintained" the conduct of others, without offering any specificity whatsoever as to how this was accomplished, or even what it means. (*SAC* at p. 6, ¶ 21, p. 11, ¶ 45, p. 13, ¶ 56, p. 13, ¶ 56, p. 15, ¶ 62-64). Plaintiff also contends that Buechter had advance notice and condoned unreasonable use of force against Plaintiff and failed to afford him equal protection by "failing to ensure his due process…." (*SAC* at ¶ 45). That allegation, too, however, is a mere conclusion, offered up with no specificity, and is alleged purely as a due process violation, all of which have been dismissed without leave to amend by this Court. (ECF 93). Courts are not bound to accept as true allegations that are legal conclusions, even if cast in the form of factual allegations. *Ashcroft v. Iqbal*, 556 US 662, 681, 129 S.Ct. 1937, 1951 (2009). It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth. *Chaparro v. Carnival Corp.* 693 F3d 1333, 1337 (11th Cir. 2012) ("[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth.")

"Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum

5

threshold in providing a defendant with notice of what it is that [she] allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). By alleging no factual allegations regarding Defendant Buechter's actions or omissions, Plaintiff fails to satisfy this "minimum threshold," *id.*, and violates the pleading requirements set forth in Federal Rule of Civil Procedure 8, which demand that a plaintiff set forth a short and plain statement of each of his claims showing that he is entitled to relief, as well as allegations that are simple, concise, and direct, Fed. R. Civ. P. 8(a)(2). Accordingly, Plaintiff's claims against Defendant Buechter must be dismissed on this basis as well.

The factual allegations against Defendant Cash—which appear to be based exclusively on her supervisory role as LAC's former warden—suffer the same deficiencies as those against Buechter, and are also insufficient to state a claim. Liability under 42 U.S.C. § 1983 requires the personal participation of the defendant in the alleged deprivation of rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Baker v. McCollan*, 443 U.S. 137, 142 (1979) ("[A] public official is liable under Section 1983 only 'if he *causes* the plaintiff to be subjected to deprivation of his constitutional rights.'") (citation omitted). Thus, supervisory officials cannot be held liable under § 1983 based solely on theories of vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("*Iqbal*").

To establish liability under § 1983, the supervisor must have been personally involved in the constitutional violation, or there must be "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (quotation marks omitted). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor*, 880 F.2d at 1045. Even if a supervisor is aware of a violation actionable under § 1983, merely pleading knowledge is insufficient to

state a claim for the supervisor's personal liability for that violation. *See Iqbal*, 556 U.S. at 677 (rejecting argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution"). Notwithstanding an official's title, a defendant "is only liable for his or her own misconduct." *Id.*

Here, Plaintiff does not allege any plausible facts to suggest that supervisory liability is appropriate as to Defendant Cash. Plaintiff does not allege that Defendant Cash was personally involved in authorizing, planning, or effectuating the cell extraction on June 26, 2010. Plaintiff vaguely alleges that Defendant Cash "ratified and maintained" the use of force, had "advance notice" thereof, and "condoned" its use. (*SAC* at p. 6, ¶ 21, p.11, ¶ 45, p. 13, ¶ 56, p. 13, ¶ 56,  p. 15, ¶ 62-64). These allegations do not lead to the plausible inference that Defendant Cash *caused* an Eighth Amendment violation or any other constitutional wrongdoing.

These pleading deficiencies warrant dismissal of any claim against Defendants Buechter and Cash, including under the Eighth Amendment.

## II.   DEFENDANTS BUECHTER AND CASH ARE ENTITLED TO QUALIFIED IMMUNITY AS TO THE EIGHTH AMENDMENT CLAIM.

Defendant Buechter and Cash are entitled to qualified immunity as to Plaintiff's Eighth Amendment claim, because their alleged conduct did not violate clearly established rights. "Qualified immunity shields . . . officers from liability under 42 U.S.C. Section 1983 unless they have violated a statutory or constitutional right clearly established at the time of the challenged conduct." *Carrillo v. Cty. of L.A.*, 798 F.3d 1210, 1218 (9th Cir. 2015) (citing *City & Cty. of S.F. v. Sheehan*, --- U.S. ---, 135 S. Ct. 1765, 1774 (2015)). Because qualified immunity is "both a defense to liability and a limited entitlement not to stand trial or face the other burdens of litigation," *Iqbal*, 556 U.S. at 672 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (internal quotation marks omitted), the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the

1   earliest possible stage in litigation," *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)

2   (*per curiam*). Under these standards, Defendants in their individual capacities

3   should be granted qualified immunity on these claims at this juncture.

### A. A State Official Who Has Not Violated a Clearly Established Constitutional Right Is Entitled to Qualified Immunity.

6   To determine whether a defendant is entitled to qualified immunity, the court

7   "must determine whether: (1) the facts adduced constitute the violation of a

8   constitutional right; and (2) the constitutional right was clearly established at the

9   time of the alleged violation." *Mitchell v. Washington*, --- F.3d ---, No. 13-36217,

10   2016 WL 945677, at *3 (9th Cir. Mar. 14, 2016 (citing *Pearson v. Callahan*, 555

11   U.S. 223, 232 (2009))). The order of this analysis may be determined by the court,

12   *Pearson*, 555 U.S. at 236, but both inquiries must be answered in the affirmative to

13   defeat qualified immunity, *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053 (9th

14   Cir. 2007).

### B. Defendants Did Not Violate a Constitutional Right.

16   Plaintiff has failed to plead facts sufficient to state a claim against Defendants

17   Buechter and Cash for violating a Constitutional right.  If an official has not

18   violated a constitutional right, "then the [official's] . . . conduct was constitutional,

19   and there can be no violation of Section 1983." *Lacey v. Maricopa Cty.*, 693 F.3d

20   896, 915 (9th Cir. 2012) (*en banc*). Accordingly, "[t]he [official] . . . has no need

21   for immunity; he is innocent of the alleged infractions." *Id.*  Defendants Buechter

22   and Cash are entitled to qualified immunity as to Plaintiff's Eighth Amendment

23   claim.

### C. Defendants Did Not Violate a Clearly Established Right.

25   Should the Court exercise its discretion to begin with or proceed to the second

26   prong of the qualified immunity inquiry, Defendants are still entitled to immunity.

27   "A clearly established right is one that is 'sufficiently clear that every reasonable

28   official would have understood that what he is doing violates that right.'" *Mullenix*

1  *v. Luna*, --- U.S. ---, 136 S. Ct. 305, 308 (2015) (*per curiam*) (quoting *Reichle v.*
2  *Howards*, --- U.S. ---, 132 S. Ct. 2088, 2093 (2012)). A court should "not…define
3  clearly established law at a high level of generality," *Ashcroft v. al-Kidd*, 563 U.S.
4  731, 742 (2011) ("*al-Kidd*"); rather, "the dispositive question is 'whether the
5  violative nature of *particular* conduct is clearly established,'" *Mullenix*, 136 S. Ct.
6  at 308 (quoting *al-Kidd*, 563 U.S. at 742).

7      A reasonable official in the position of Defendants Buechter or Cash, faced
8  with analogous case factors, would not know that their actions, lacking personal
9  involvement in the events of June 26, 2010, would violate the Eighth Amendment.
10  Thus, these Defendants are entitled to qualified immunity as to these claims.

11
12  **III.  PLAINTIFF HAS NOT PLEADED CLAIMS ON WHICH RELIEF MAY BE GRANTED AS TO DEFENDANTS CAIN, CRAWFORD, CROMWELL, FERNANDEZ, FORTSON, LETT, AND MENDOZA.**
13

14      Plaintiff has pled no cognizable claims as to Defendants Cain, Crawford,
15  Cromwell, Fernandez, Fortson, Lett, and Mendoza.  Specifically, as to each of those
16  Defendants, the allegations in the *SAC* accuse these Defendants of Due Process
17  violations already dismissed by this Court without leave to amend, and/or do not
18  rise to the level of viable Eighth Amendment claims.

19      **A.  Due Process Claims**
20      As noted herein, this Court has already dismissed all of Plaintiff's claims of
21  due process violations without leave to amend in its Order Accepting Findings and
22  Recommendations of United States Magistrate Judge (ECF No. 93) pursuant to
23  Defendants' Motion to Dismiss (ECF 68).  Notwithstanding that fact, the bulk of
24  Plaintiff's allegations against Defendants Cain, Crawford, Cromwell, Fernandez,
25  Fortson, Lett, and Mendoza are expressly for alleged due process violations.  As
26  such claims are already dismissed, there are no due process claims remaining as
27  part of this action.

28

Specifically, in paragraph 21 of the SAC, Plaintiff pleads that Defendants Cain, Cromwell, Fernandez, and Fortson deprived him of life and property interest based on his cell management status, without affording him a disciplinary hearing prior to such deprivation.  (*SAC* p. 6, ¶ 21).

Similarly, in paragraph 36 of the SAC, Plaintiff accuses Defendants Cain, Crawford, Cromwell, Fernandez, Fortson, and Lett of both equal protection and due process violations.  (*SAC* p.9, ¶ 36).

Further, paragraph 45 is difficult to decipher, but seems to allege that Plaintiff was entitled to a hearing before Defendants Cain, Cromwell, Fernandez, Lett and Mendoza failed to protect, train, be trained or intervene.  (*SAC* p.11, ¶ 45).

Additionally, Plaintiff explicitly asserts that Defendants Cain, Cromwell, Fernandez, and Fortson denied him due process.  (*SAC* p.15, ¶¶ 62-66).  Plaintiff makes the same assertion as to Defendant Mendoza separately.  (*SAC* p.16, ¶ 67).

As noted, all the due process claims were already dismissed.  (Order Accepting Findings and Recommendations of United States Magistrate Judge (ECF No. 93)).  Most significantly, the aforementioned due process allegations in the *SAC* are the only allegations that are even remotely comprehensible as to what Plaintiff was attempting to say in the *SAC* related to Defendants Cain, Crawford, Cromwell, Fernandez, Fortson, Lett, and Mendoza.

**B.   Eighth Amendment Claims**

The Eighth Amendment protects prisoners from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 128 L. Ed. 2d 811 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse, id. at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005), and the failure of prison officials to

protect inmates may rise to the level of an Eighth Amendment violation where
prison officials are deliberately indifferent to a substantial risk of serious harm to
the plaintiff, *e.g., Farmer*, 511 U.S. at 847; *Hearns*, 413 F.3d at 1040.  It is
important to note here, however, that where prison officials have acted in response
to an immediate disciplinary need, because of the risk of injury to inmates and
prison employees and because prison officials will not have time to reflect on the
nature of their actions, the "malicious and sadistic" standard," as opposed to the
"deliberate indifference" standard applies.  *See Whitley v. Albers*, 475 U.S. 312,
320-21 (1986); *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 796 (9th Cir.
2018) ("A plaintiff cannot prove an Eighth Amendment violation without showing
that force was employed 'maliciously and sadistically' for the purpose of causing
harm."); *Hamilton v. Brown*, 630 F.3d 889, 897 (9th Cir. 2011); *Clement v. Gomez*,
298 F.3d 898, 903-904 (9th Cir. 2002); *Jordan v. Gardner*, 986 F.2d 1521, 1528
(9th Cir. 1993) (*en banc*); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986).

Plaintiff asserts his Eighth Amendment excessive force claims based on the
cell extraction. The question of whether Defendants' conduct violates the Eighth
Amendment "ultimately turns on whether force was applied in a good faith effort to
maintain or restore discipline or maliciously and sadistically for the very purpose of
causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992).  Factors considered
include: (1) the "extent of injury suffered by an inmate," (2) the "need for
application of force;" (3) the "relationship between that need and the amount of
force used;" (4) the "threat reasonably perceived" by the officer; and (5) "'any
efforts made to temper the severity of a forceful response.'"  Id. at 7 (citation
omitted).

In this case, Plaintiff had, by his own admission, covered his cell door and
refused to be handcuffed multiple times.  Thus, his extraction from the cell was
necessary and any force that had to be used was solely because Plaintiff would not
accede to the reasonable instructions of staff members.  When, as here, the use of

force relates to the prison official's legitimate interest in maintaining security and order, the Court must be deferential when reviewing the necessity of using force. *Whitley v. Albers*, 475 U.S. 312, 321-22.  Accordingly, there was nothing for Defendants Cain, Crawford, Cromwell, Fernandez, Fortson, Lett and Mendoza to prevent.  Other than using the terms in a wholly conclusory fashion there is nothing pled by Plaintiff that even approaches the requisite "malicious and sadistic" standard necessary to require the named Defendants to intervene.  Indeed, here, Plaintiff's *SAC* does not describe anything more as to Defendants Cain, Crawford, Cromwell, Fernandez, Fortson, Lett and Mendoza, than they were present and did not prevent necessary and reasonable force from being used to extract Plaintiff from his cell.

While Plaintiff has set forth arguably colorable excessive force claims against some of the Defendants in the case, the same cannot be said as to Defendants Cain, Crawford, Cromwell, Fernandez, Fortson, Lett, and Mendoza.  Plaintiffs pleads no factual allegations sufficient to state any Eighth Amendment claims against these seven Defendants.  The following are all of the allegations against the seven Defendants, excluding the purported due process violations discussed previously.

### 1.   Cain

Defendant Cain is alleged to have "ratified and maintained": Plaintiff's cell management status.  (*SAC* p.6, ¶ 21).  He is also alleged to have stated to Defendant Thomas to assemble the cell extraction team and read the cell extraction admonishments.  (*SAC* pp.8-9, ¶¶ 28, 34).

### 2.   Crawford

Defendant Crawford is alleged to have asked Plaintiff to come out of his cell. (*SAC* p.8, ¶ 28).  Crawford is also alleged to have been present at the time of the cell extraction.  (*SAC* p.9, ¶ 36).

### 3.   Cromwell

Defendant Cromwell is alleged to have "ratified and maintained": Plaintiff's cell management status.  (SAC p.6, ¶ 21).  Cromwell is alleged to have asked Plaintiff to "cuff-up" because Plaintiff was on cell management status.  (*SAC* p.8, ¶ 30).  Cromwell is also alleged to have been present at the time of the cell extraction.  (*SAC* p.9, ¶ 36).

### 4.   Fernandez

Defendant Fernandez is alleged to have been present at the time of the cell extraction.  (*SAC* p.9, ¶ 36).

### 5.   Fortson

Defendant Fortson is alleged to have asked Plaintiff to comply with the cell management status and "gave the ok" to Defendants Thomas and Cain to read the cell extraction admonishments, as well as being present for the extraction.  (*SAC* p. 9, ¶¶ 33, 34, 36).

### 6.   Lett

There are essentially no allegations made against Defendant Lett.  Plaintiff contends Lett was present at the time of the cell extraction, but attributes no actions to Lett.  (*SAC* p.9, ¶ 36).  Plaintiff also accuses Lett of a due process violation, which was already dismissed. (*SAC* p.11, ¶ 45).

### 7.   Mendoza

Defendant Mendoza is alleged to have been a part of the extraction team in that he recorded the extraction with a video camera.  (*SAC* p.9, ¶ 35, p.13, ¶ 55). No other acts are attributed to Mendoza save for the purported due process claims dismissed by this Court.

Accordingly, the Court should grant Defendants' motion as to the Eighth Amendment claims against each of these seven Defendants.  Plaintiff has not pled sufficient facts to sustain such claims as to any of these Defendants.

13

1

## CONCLUSION

2    For the reasons set forth above, Defendants' Motion for Judgment on the

3 Pleadings should be granted as to Defendants Buechter, Cash, Cain, Crawford,

4 Cromwell, Fernandez, Fortson, Lett, and Mendoza.

5

6    Dated:  October 10, 2019                    Respectfully submitted,

7                                               XAVIER BECERRA
                                                Attorney General of California
                                                GIAM M. NGUYEN
8                                               Supervising Deputy Attorney
                                                General
9

10                                              **/s/ Gregory L. Young**
11                                              GREGORY L. YOUNG
                                                Deputy Attorney General
12                                              *Attorneys for Defendants*
                                                *M. Buechter, A. Cain, B. Cash,*
13                                              *L. Crawford, T. Cromwell, A. Fears,*
                                                *J. Fernandez (Galpon), C. Fortson,*
14                                              *M. Godina, S. Lett, J. Mendoza,*
                                                *B. Pollard, W. Puckett, N. Romero,*
15                                              *C. Spencer, and K. Thomas*

16   LA2016600251

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name:   **Turner, R, Lafonzo v. B. M.**   No.   **2:14-cv-04758 JVS (AGR)**
             **Cash, et al.**

I hereby certify that on <u>October 11, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>October 11, 2019</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Lafonzo R. Turner, CDCR# G-05794
California Health Care Facility - Stockton
P.O. Box 31960
Stockton, CA 95213
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>October 11, 2019</u>, at Los Angeles, California.

| R. Hill | /s/ R. Hill |
|---|---|
| Declarant | Signature |

LA2016600251
53813581.docx