Rob Bonta
Attorney General of California
Giam M. Nguyen
Supervising Deputy Attorney General
Gregory Young
Deputy Attorney General
State Bar No. 226293
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013
  Telephone: (213) 269-6192
  Fax: (916) 761-3641
  E-mail: Gregory.Young@doj.ca.gov
*Attorneys for Defendants
W. Puckett, B.. Cash, C. Spencer, A. Fears, M. Buechter, S. Lett, M. Godina, A Cain, B. Pollard, T. Cromwell, N. Romero, J. Fernandez, (Galpon), K. Thomas C. Fortson, J. Mendoza, C. Spencer and L. Crawford*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **LAFONZO R. TURNER,**<br><br>                                Plaintiff,<br><br>     v.<br><br>**B. M. CASH, et al.,**<br><br>                                Defendants. | 2:14-cv-04758 SB (AGR)<br><br>**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Date:         November 5, 2021<br>Time:        11:00 a.m.<br>Courtroom: 6C<br>Judge:       The Honorable Stanley Blumenfeld, Jr.<br>Trial Date: November 15, 2021<br>Action Filed: 6/19/2014 |

Defendants W. Puckett, B.. Cash, C. Spencer, A. Fears, M. Buechter, S. Lett, M. Godina, A Cain, B. Pollard, T. Cromwell, N. Romero, J. Fernandez, (Galpon), K. Thomas C. Fortson, J. Mendoza, C. Spencer and L. Crawford hereby set forth their contentions of fact and law as follows:

/ / /

/ / /

# DEFENDANTS CONTENTIONS OF FACT AND LAW

## A. Statement of Plaintiff's Claims

Claim 1 Excessive Force in violation of the Eighth Amendment Pursuant to 42 U.S.C. §1983 against all Defendants; and

Claim 2 Failure to Protect pursuant to 28 U.S.C. §1343 against all Defendants.

## B. Elements

Claim 1:

ELEMENTS REQUIRED TO ESTABLISH PLAINTIFF'S CLAIM FOR VIOLATION OF EIGHTH AMENDMENT—CONVICTED PRISONER'S CLAIM OF EXCESSIVE FORCE

1. the defendants used excessive and unnecessary force under all of the circumstances;

2. the defendants acted maliciously and sadistically for the purpose of causing harm, and not in a good faith effort to maintain or restore discipline; and

3. the act[s] of the defendants caused harm to the plaintiff

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 9.26 (2017).

Claim 2:

ELEMENTS REQUIRED TO ESTABLISH PLAINTIFF'S CLAIM FOR VIOLATION OF EIGHTH AMENDMENT—CONVICTED PRISONER'S CLAIM OF FAILURE TO PROTECT

1. the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

2. those conditions put the plaintiff at substantial risk of suffering serious harm;

3. the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have

appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

    4. by not taking such measures, the defendant caused the plaintiff's injuries.

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 9.28 (2017).

### C.    TO BE COMPLETED BY PLAINTIFF
### D.    AFFIRMATIVE DEFENSES

1.    Defendants assert that Plaintiff did not exhaust the available administrative remedies provided by the California Department of Corrections and Rehabilitation prior to bringing this lawsuit; therefore, his federal claims are barred under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

    Although Defendants did not prevail on this defense on summary judgment, Defendants assert that they will establish this defense at trial by a preponderance of the evidence.

2.    Defendants did not deprive Plaintiff of any clearly established right, privilege, or immunity guaranteed to him by the Constitution or laws of the United States. In light of established law, Defendants reasonably believed that their conduct was lawful. Defendants therefore assert their qualified immunity from monetary liability.

3.    Defendants' actions were reasonably related to achieving legitimate penological goals.

4.    To the extent that Plaintiff suffered any injuries or damages from the facts alleged in the SAC, such injuries or damages were the result of Plaintiff's own negligent, unlawful, or deliberate actions, and he is thereby estopped from seeking relief for such injuries or damages.

5.    If Plaintiff suffered any injuries or damages, Plaintiff failed to mitigate such

injuries or damages, thereby precluding or limiting recovery for such injuries or damages.

6. Defendants assert that, to the extent that Plaintiff seeks attorney's fees, his entitlement to such fees is limited in whole or in part by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(d)

### E. THE ELEMENTS REQUIRED TO ESTABLISH DEFENDANTS' AFFIRMATIVE DEFENSES.

1. Elements Required to Establish Defendant's Affirmative Defense of Failure to Exhaust Administrative Remedies
   a. That there was an administrative remedy procedure available to Plaintiff; and
   b. That Plaintiff did not raise in the administrative remedy procedure the claim he brings in this lawsuit.
2. Elements Required to Establish Defendants' Affirmative Defense of Qualified Immunity from monetary liability.
   a. Whether the facts adduced constitute the violation of a constitutional right; and
   b. Whether the constitutional right was clearly established at the time of the alleged violation.
      *Mitchell v. Washington*, --- F.3d ---, No. 13-36217, 2016 WL 945677, at *3 (9th Cir. Mar. 14, 2016) (*citing Pearson v. Callahan*, 555 U.S. 223, 232 (2009)).
3. Elements Required to Establish Defendants' Affirmative Defense that Defendants' actions were reasonably related to achieving legitimate penological goals.
   a. Any deprivation of any clearly established right, privilege, or immunity guaranteed to Plaintiff

4

      b.      by Defendant;

      c.      were reasonably related to

      d.      legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security."

*Kingsley v. Hendrickson*, 576 U.S. 389, 397

*Bell v. Wolfish*, 441 U.S. 520, 540

4. Elements Required to Establish Defendant's Affirmative Defense that Plaintiff's injuries or damages were the result of Plaintiff's own negligent, unlawful, or deliberate actions, and he is thereby estopped from seeking relief for such injuries or damages.

      a.      Were Plaintiff's injuries or damages

      b.      the result of Plaintiff's own actions

      c.      Plaintiff's actions were negligent, unlawful, or deliberate

5. Elements Required to Establish Defendant's Affirmative Defense that if Plaintiff suffered any injuries or damages, Plaintiff failed to mitigate such injuries or damages, thereby precluding or limiting recovery for such injuries or damages.

      a.      The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. The defendant has the burden of proving by a preponderance of the evidence:

          1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

          2. the amount by which damages would have been mitigated

*Ninth Circuit Manual of Model Civil Jury Instructions 5.3.*

6. Elements Required to Establish Defendants' Affirmative Defense that to the extent that Plaintiff seeks attorney's fees, his entitlement to such fees is limited in

whole or in part by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(d)

    a.    In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 1 of this title, such fees shall not be awarded, except to the extent that—

        1.    the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 1 of this title; and

        2.    the amount of the fee is proportionately related to the court ordered relief for the violation; or

        3.    the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

### F. BIFURCATION OF ISSUES

Defendants ask that the Court bifurcate the issue of Plaintiff's non-exhaustion of administrative remedies, and will bring a separate ex parte motion asking the Court to decide the non-exhaustion issue pre-trial in an *Albino* evidentiary hearing, pursuant to *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc) (When possible, the issue of exhaustion should be decided "before reaching the merits of a prisoner's claim.") If Defendants prevail on the non-exhaustion issue, then a jury trial on the substantive issues will become moot.

In addition, Defendants submit that the issue of punitive damages, if any such issue remains, should be bifurcated pursuant to *Mathews v. Eldridge*, 424 U.S. 319 (1976).

### G. JURY TRIAL

Other than the non-exhaustion issue, all issues are triable by jury as a matter of right and Defendants made a timely demand for jury trial in the Answer to the operative complaint (as well as to the earlier complaints).

### H. ATTORNEYS' FEES

Defendants seek an award of attorney's fees, to the extent that the Court

deems they are justified.

## I. ABANDONMENT OF ISSUES

There are no current issues that have been abandoned.

Dated: October 8, 2021

Respectfully submitted,

ROB BONTA
Attorney General of California
GIAM M. NGUYEN
Supervising Deputy Attorney General


/s/Gregory Young
GREGORY YOUNG
Deputy Attorney General
*Attorneys for Defendants W. Puckett, B.. Cash, C. Spencer, A. Fears, M. Buechter, S. Lett, M. Godina, A Cain, B. Pollard, T. Cromwell, N. Romero, J. Fernandez, (Galpon), K. Thomas C. Fortson, J. Mendoza, C. Spencer and L. Crawford*

LA2016600251

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Turner, R, Lafonzo v. B. M. Cash, et al.** | No. | **2:14-cv-04758** |

I hereby certify that on <u>October 8, 2021</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 8, 2021</u>, at Los Angeles, California.

| | |
|---|---|
| Diane Beltoya | */s/ D. Beltoya* |
| Declarant | Signature |

LA2016600251
64599023