1   Nicolette Glazer Esq. (CSB209713)
    nicolette@glazerandglazer.com
2   LAW OFFICES OF LARRY R GLAZER
    1999 Avenue of the Stars #1100
3   Century City, CA 90067
    T: 310-407-5353
4   F: 310-407-5354

5   PRO BONO ATTORNEY FOR
    PLAINTIFF TURNER
6

7

8

9                IN THE UNITED STATES DISTRICT COURT

10             FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                        WESTERN DIVISION

12

13  | **LAFONZO R. TURNER,** | 2:14-cv-04758 |
14  | | |
    | Plaintiff, | **PLAINTIFF'S MEMORANDUM** |
15  | | **OF CONTENTIONS OF FACT** |
    | **v.** | **AND LAW** |
16  | | |
17  | **B. M. CASH, et al.,** | FPC Date:    November 5, 2021 |
    | | Time:        11:00 a.m. |
18  | | Courtroom:   6C |
    | Defendants. | Judge:       The Honorable Stanley |
19  | |              Blumenfeld, Jr. |
    | | Trial Date:  November 15, 2021 |
20  | | Action Filed: 6/19/2014 |

21

22

23

24

25

26

27

28

1

1    TABLE OF CONTENTS

2    TABLE OF AUTHORITIES

**I. PLAINTIFFS' CLAIMS**

    A. **Summary of Claims Plaintiff Plans to Pursue**

       Plaintiff's 42 U.S.C. § 1983 operative Second Amended Complaint (Dkt 81-1) stated ten overlapping claims under the Eighth and Fourteenth Amendments against Defendants California State Prison-Los Angeles County, Warden Cash; Captain Buechter, Captain Fortson, Lieutenant Cain, Lieutenant Fernandez (sued as "Galpon"), Lieutenant Cromwell, Sergeant K. Thomas, Correctional Officers N. Romero, Pollard, Puckett, Spencer, Fears, Godina, and Mendoza, and psychiatric technicians Lett and Crawford (sued as "Crowford"). The Court granted Defendants' motion to dismiss as to Plaintiff's due process claims and all official capacity claims. Plaintiff thus intends to pursue the following claims against Defendants:

       Claim 1: Defendants, while acting in their individual capacity, violated 42 U.S.C. §1983 when they violated Plaintiff's Eight Amendment rights to be free from cruel and unusual punishment;

       Claim 2: Defendants Cash and Buechter, while supervisors and acting in individual capacity, violated Plaintiff's Eight Amendment rights to be free from cruel and unusual punishment.

    B. **Elements of Plaintiffs' Claims and Evidence in Support**

       "To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or federal law and (2) the defendant acted 'under color of state authority' in depriving the plaintiff of this

right." *Franklin v. Terr*, 201 F.3d 1098, 1100 (9th Cir. 2000).

### 1. Claim 1: Individual Capacity Excessive Force Claim

### (a). Elements

The elements of a §1983 claim are as follows: (1) the action occurred "under color of state law" and (2) the action resulted in the deprivation of a constitutional right or federal statutory right. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir.2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). In order to be individually liable under §1983, an individual must personally participate in an alleged rights deprivation. *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir.2010).

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." U.S. Const., Amend. VIII.  To establish that a Defendant deprived the Plaintiff of his Eighth Amendment right, the Plaintiff must prove the following elements: (1) the defendant used excessive and unnecessary force under all of the circumstances; (2) the defendant acted maliciously and sadistically for the purpose of causing harm, and not in a good faith effort to maintain or restore discipline; and (3) the act[s] of the defendant caused harm to the Plaintiff.  *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Furnace v. Sullivan*, 705 F.3d 1021, 1027 (9th Cir. 2013). A defendant's use of force violates the Eighth Amendment when he acts maliciously for the purpose of causing harm whether or not significant injury is evident. *Wilkins v. Gaddy*, 559 U.S. 34, 36-38 (2010)

(b). **Key Evidence**

Plaintiffs' key evidence in support of his claim consists of: (1) video of the cell extraction; (2) party testimony about the expressive, cruel, and unnecessary nature of Defendants' activities and use of force and chemical agents; (3) documentation of Plaintiff's status as a mental health prisoner in the CCCMS system of care at the time of the extraction and of Defendants' failure to follow established rules, regulations, and procedure to protect mentally ill prisoners.

2. **Claim 2: Supervisory Liability while acting in individual capacity**

(a). **Elements**

A defendant may be held liable as a supervisor under §1983 if there exists either (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). The causal connection may be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, that the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. *Id*. at 1207–08. "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1208 (citation omitted).

**(b). Key Evidence**

Plaintiffs' key evidence in support of his claim consists of: (1) video of the cell extraction; (2) party testimony about the expressive, cruel, and unnecessary nature of Defendants' activities; (3) documentation of Plaintiff's status as a mental health prisoner in the CCCMS system of care at the time of the extraction and of Defendants' failure to train, supervise, and follow established rules, regulations, and procedure to protect mentally ill prisoners.

## II. DEFENDANT'S COUNTERCLAIMS & AFFIRMATIVE DEFENSES

A. **Summary of Defenses Defendants Asserted**

The Defendants did not plead any counterclaims against Plaintiff. Defendants pled the following affirmative defenses:

1. Failure to exhaust the available administrative remedies provided by the California Department of Corrections and Rehabilitation prior to bringing this lawsuit. 42 U.S.C. § 1997e(a).

2. Qualified immunity from monetary liability.

3. Defendants acted within the scope of their discretion with due care and with the good-faith belief that their actions comported with all applicable federal and state laws.

4. Defendants' actions were reasonably related to achieving legitimate penological goals.

5.  Defendants cannot be liable for damages based on vicarious liability.

6.  Estoppel.

7.  Failure to mitigate injuries or damages

8.  Defendants did not act with malicious intent to deprive Plaintiff or any other person of any constitutional right or to cause any other injury

9.  Attorney's fees are limited in whole or in part by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(d).

10. Reservation of right to amend Answer.

B. **Elements Required to Establish Defendant's Affirmative Defenses and Plaintiffs' Evidence in Rebuttal**.

1. Defendants' Fifth, Eighth, Ninth, and Tenth, "Affirmative Defense" for are not cognizable affirmative defenses but each "asserts a defect in [plaintiff's] case and should properly be brought as a motion to dismiss." *Ross v. Morgan Stanley Smith Barney, LLC*, 2013 WL 1344831, *3 (C.D. Cal. 2013). Because neither is a cognizable affirmative defense, there are no elements or evidence to identify individually apart from the evidence Plaintiff intends to use to prove his claims.

2.  Failure to Exhaust: The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §1983] of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §

1997e(a). Under §1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). In rebuttal Plaintiff will show he requested a 602 appeals form from prison staff beginning the day after the cell extraction and was denied because he was on cell management status. Despite roadblocks placed by Defendants he filed an appeal regarding the cell extraction on June 29, 2010, by placing it in a "U-Save-Em envelope" addressed to the appeals coordinator.  On July 13, 2010, Plaintiff's appeal was returned to him unopened. Plaintiff resubmitted the appeal and on July 15, 2010, he filed a GA-22 "Request for Interview" regarding the June 26, 2010 incident. On September 12, 2010, Plaintiff filed a GA-22 form to the Warden complaining that his appeal was "circumvented" and improperly screened out on July 29 for not meeting time constraints. A Level 3 submission was made but no response was ever received. In denying Defendants' motion for summary judgment the Court found that "Plaintiff's evidence regarding the frustration of his earlier attempts to file a timely grievance regarding his excessive force claims remains uncontroverted." (Dkt. 166 at 14).

     3. **Affirmative Defenses Two through Four**. "The doctrine of qualified immunity protects government officials from liability for civil damages 'unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the

challenged conduct.'" *Wood v. Moss*, 572 U.S. 744, 757 (2014). The plaintiff bears the burden of proving that the right allegedly violated was clearly established at the time of the violation; if the plaintiff meets this burden, then the defendant bears the burden of establishing that the defendant reasonably believed the alleged conduct was lawful. *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002); *Frudden v. Pilling*, 877 F.3d 821, 831 (9th Cir. 2017) ("Qualified immunity is an affirmative defense that the government has the burden of pleading and proving."); *Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1109 (9th Cir. 2011) ("The plaintiff bears the burden to show that the contours of the right were clearly established.").

Defendants knew that following a trial overseen by Magistrate Judge John Moulds the *Coleman* court found in 1995 that California Prison Official, including California State Prison-Los Angeles County, were systemically violating the Eighth Amendment rights of mentally ill prisoners. *Coleman v. Wilson*, 912 F.Supp. 1282 (E.D.Cal.1995). Defendants were ordered to remedy the constitutional violations under the supervision of a Special Master. *Id*. at 1323–24. One decade later in 2006, however, the Special Master found that defendants had wholly failed to remedy the constitutional violations. "Worse yet, there was a backward slide in progress, attributable largely to the growing overcrowding problem in the California prison system." *Coleman v. Brown*, 952 F. Supp. 2d 901, 905 (E.D. Cal. 2013). As a *Coleman* class member Defendants owed Plaintiff a court-imposed duty to refrain from engaging in the precise practices and acts they engaged in. There could not

have been a question that "'it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary. . . .'"*Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996) (quoting *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984)); *Thomas v. Bryant*, 614 F.3d 1288, 1310-11 (11th Cir. 2010) ("repeated non-spontaneous use of chemical agents" on mentally ill inmate "constituted an extreme deprivation sufficient to satisfy the objective prong" of Eighth Amendment deliberate indifference claim where inmate's "well-documented history of mental illness and psychotic episodes rendered him unable to comply at the times he was sprayed such that the policy was 'unnecessary' and 'without penological justification in his specific case.'")

Defendants knew that the Eighth Amendment, thus, requires clear and adequate constraints on the amount, if any, of pepper spray that may be used on mentally ill inmates especially when they are confined in a space such as a cell or a holding cage. Plaintiff will show though video and documentary evidence that Defendants' used excessive amount of chemical agents against plaintiff with knowledge that he suffers from asthma, was a Coleman class member, and engaged in a conduct previously enjoined by Court order for the specific purpose on inflicting severe pain and suffering on him for his inability to comply with orders.

4. **Tort based affirmative defenses**. Since only the "unnecessary and wanton infliction of pain" where wantonness consists of acting "maliciously and sadistically for the very purpose of causing harm", if Plaintiff proves his case the

assertion of tort-based affirmative defenses will fail as a matter of law and fact. *Wilson v. Seiter*, 501 U.S. 294, 297, 302 (1991); *Hudson v. McMillian*, 503 U.S. 1, 5-7 (1992).

## V. BIFURCATION OF ISSUES

The parties have not requested bifurcation of any issues at this time.

## VI. DEMAND FOR JURY TRIAL

Defendants made a timely demand for a jury trial in their answer as to all issues so triable.

A. Issues Triable to the Jury: All factual issues and damages.

B. Issues Triable to the Court: Entitlement to and amount of attorneys' fees.

## VII. ATTORNEYS' FEES

Plaintiffs seek an award of attorneys' fees, costs, and expenses under 28 U.S.C. § 2412 and 42 U.S.C. § 1988. Under these statutes, if Plaintiff is the "prevailing party" on his 42 U.S.C. § 1983 claim(s), he is entitled to reasonable costs and attorneys' fees

## VIII. ABANDONMENT OF ISSUES

Plaintiff has only abandoned those issues the Court expressly dismissed via its order partially granting the City's motion to dismiss. Plaintiff is unaware of any issues the Defendants may have abandoned.

Dated:  8 October 2021

Respectfully submitted,

LAW OFFICES OF LARRY R. GLAZER

*s/Nicolette Glazer*
Nicolette Glazer
*Attorneys for Plaintiff LaFonzo Turner*