Nicolette Glazer Esq. (CSB209713)
nicolette@glazerandglazer.com
LAW OFFICES OF LARRY R GLAZER
1999 Avenue of the Stars #1100
Century City, CA 90067
T: 310-407-5353
F: 310-407-5354

PRO BONO ATTORNEY FOR
PLAINTIFF TURNER

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAFONZO R. TURNER,<br><br>                              Plaintiff,<br><br>v.<br><br>B. M. CASH, et al.,<br><br>                             Defendants. | 2:14-cv-04758<br><br>**PLAINTIFF'S SURREPLY IN OPPOSITION TO EX PARTE APPLICATION FOR AN EVIDENTIARY *ALBINO* HEARING**<br><br>FPC Date:   November 5, 2021<br>Time:        11:00 a.m.<br>Courtroom:  6C<br>Judge:       The Honorable Stanley Blumenfeld, Jr.<br>Trial Date:  November 15, 2021<br>Action Filed: 6/19/2014 |

//
//
//
//
//
//
//

1

Plaintiff, LaFonzo Turner, though counsel, files this surreply as ordered by the Court. Because Defendants have not responded to the majority of arguments raised in Plaintiff's Response (Dkt. 249) nor have Defendants filed a proper substantive motion[1], this surreply will address solely the arguments raised in Defendants' reply (Dkt. 252).

## I. Judicial Notice

Defendants request that the Court take judicial notice of the civil docket and "court filings and other matters of public records such as pleadings in" *Selvin O. Carranza v. Edmund G. Brown Jr., et al.*, No. 3:14-cv-00773-TWR-AGS (S.D. Cal.). (Dkt 252 at 2 & 8) Plaintiff agree that the Court can take judicial notice of the existence of the docket in said case. However, Defendants have not identified any particular pleading(s) or court filing(s) within said docket as subject to a judicial notice nor have they identified the "adjudicative facts" that are not subject to dispute. *Khoja v. Orexigan Therapeutics, Inc.,* 899 F.3d 988, 999 (9th Cir. 2018) ("But accuracy is only part of the inquiry under Rule 201(b). A court must also consider—and identify—which fact or facts it is noticing from such a transcript. Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth.") To the extent that Defendants are trying to use *Selvin O. Carranza v. Edmund G. Brown Jr., et al.*, No. 3:14-cv-00773-TWR-AGS (S.D. Cal.) as offensive collateral estoppel and/or issue preclusion, Defendants have no explained either the basis for such a request or the legal authority that would allow anything in said case to be used with preclusive effect in this case.

## II. **Defendants' waiver arguments are unpersuasive**.

---

[1] Counsel cannot guess what new evidence or substantive arguments Defendants intend to press or what arguments/legal theories were omitted in prior motion practice as Government counsel asserted during the 29 October 2021 hearing.

2

Defendants argue that they have not and cannot waive their exhaustion defense because they have asserted it in their answer: once asserted in the answer it cannot be waived, Defendants argue. (Dkt 252 at 2-3).

*First*, the authorities cited do not support Defendants' arguments. In *Alcantar v. Hobart Serv.*, No. ED CV 11-1600 PSG, 2013 WL 228501, at *5 (C.D. Cal. Jan. 22, 2013) the court found no waiver of the affirmative defense of exhaustion in a PAGA claim where a defendant did not assert the defense in its first motion for summary judgment. This is not a PAGA claim, and Defendants filed and lost their motion for summary judgment on the issue. Defendants elected not to file a successive Rule 56 motion, as such the case is of no help. In *Giraldes v. Prebula*, No. CIV. S-01-2110, 2012 WL 4747240, at *4 (E.D. Cal. Oct. 4, 2012) the Court granted the defendants' motion for reconsideration despite the fact they "had re-asserted their non-exhaustion argument after substantial delays, after the close of the law and motion deadline, and on the 'eve of trial.'" But the *Giraldes* Court justified its action because the court had "re-open[ed] discovery and re-set[] the law and motion deadline …". Here, by contrast discovery has not been reopened.

In *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001). the court found no waiver where the defendant asserted the defense in its answer but failed to raise it in a motion. Here, Defendants extensively litigated their defense in a Rule 56 motion that took over two years to decide, never conducted discovery on the issue, presented no new evidence or discovery on their exhaustion defense, and have not filed a substantive motion to meet their burden of proof and persuasion on said defense. In *Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002), the 8th Circuit found no waiver "[b]ecause the ISP officials raised the exhaustion issue at the first opportunity they have not waived their right to raise it here." Here, Defendants raised the defense in 2017 and lost the motion for summary judgment in 2019. If Defendants desire to try once more, they first have to seek to reopen the law and

motion calendar and deadlines and file a proper motion under Rule 56, allowing Plaintiff an opportunity to respond.

The only authority cited that is illuminative is *Drippe v. Tobelinski*, 604 F.3d 778, 783-86 (3d Cir. 2010). There a scheduling order required all dispositive motions to be filed by 3 March 2008. On 10 November 2008, Gototweski filed his second motion for summary judgment on the grounds that none of Drippe's grievances reached the final stage of the grievance review procedure. On 17 November 2008, *after additional documents came to light*, Gototweski made an oral motion for summary judgment — after jury selection, on the eve of trial — premised on a new theory of failure to exhaust. The district court entertained oral argument but gave Drippe's counsel no opportunity to present a considered response by brief. The 3rd Circuit reversed the district court's decision and explained: "The resolution of this issue — failure to exhaust administrative remedies — was highly fact-intensive and required a judgment by the District Court whether the specific grievances complied with the specific prison's grievance procedure. Drippe's counsel should have been given the opportunity both to research and to brief the issue." *Drippe v. Tobelinski*, 604 F.3d at 783-86. As in *Drippe* Defendants here made the strategic decision to let the deadline for a substantive motion lapse. With the purpose of ambushing Plaintiff they made an "ex parte" request for an *Albino* hearing in the last minute. But an *Albino* hearing is only appropriate where there are disputed material issues of fact. Magistrate Rosenberg found no such disputed issues of fact with respect to Mr. Turner's ***initial efforts to exhaust his remedies***. None is presented with the ex parte request or the reply. Defendants must first bring a proper motion to either prove their affirmative defense or establish material factual issues. *Ross v. Blake*, 136 S. Ct. 1850 (2016) ("An inmate need exhaust only such administrative remedies that are 'available.' "). There is no authority or grounds for bypassing the threshold requirement to establish material facts necessitating an *Albino* evidentiary hearing.

*Second*, the 9th Circuit and district courts within its jurisdiction has taken a more restrictive approach to the procedure to be used to decide the issue of exhaustion after *Albino*. "[T]he defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). The failure of a defendant to do so results in a waiver of the defense. *Lira v. Herrera*, 427 F.3d 1164, 1171 (9th Cir. 2005); *Tapia Fierro v. Wilmot*, No. CV 19-03096-PHX-JAT (ESW), 2020 WL 8483004, at *3 (D. Ariz. June 23, 2020); accord *Gutierrez-Valencia v. Corizon Utilization Mgmt.* (D. Ariz. 2021).

*Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 4277666, at *2 (D. Ariz. Sept. 16, 2008), is instructive:

> After Defendant's first Motion to Dismiss was denied, he was given two, arguably three, more bites at the apple. Yet he failed to raise the nonexhaustion argument either within 10 days of the Order denying the first motion, within the . . . motions to dismiss deadline, or even within the . . . dispositive motions deadline. On this record, Defendant has waived the affirmative defense of nonexhaustion. And, as set out by Plaintiff, there is no right to a jury determination on exhaustion; rather, the issue should be decided early in litigation.
>
> The Court concludes that Defendant waived the exhaustion defense by failing to raise it within the proper time period and, with this issue decided, it would be improper to raise it at trial. *Id*. at *3.

*Third,* even if waiver is not present. The issue remains whether Defendants forfeited their ability to relitigate the issue of exhaustion – which pretermit the case – as an exercise of their strategic preferences. Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a known right." *Johnson v. Zerbst*, 304 U. S. 458, 464 (1938); *Freytag v. Commissioner*, 501 U. S. 868, 894, n.

2 (1991) (SCALIA, J., concurring in part and concurring in judgment) (distinguishing between "waiver" and "forfeiture").

"To the extent evidence in the record permits, the appropriate device is a motion for summary judgment under Rule 56. If summary judgment is not appropriate, the district judge may decide disputed questions of fact in a preliminary proceeding." *Albino*, 747 F.3d at 1168. "[T]he exhaustion question in PLRA cases should be decided as early as feasible." *Id*. Defendants were on notice that they have the burden of proof, that the issue of exhaustion is to be decided as early as feasible, but never acted to refile a rule 56 motion or request a reconsideration. They have abandoned a known right, the very reason for the existence of a forfeiture. *Google Tech. Holdings LLC*, Case No. 19-1828 (Fed. Cir. Nov. 13, 2020) (Chen, J.)

### III. The Court cannot decide "Defendants' motion of the merits" because Defendants have not filed a proper motion.

Defendants assert that "[g]iven the apparent urgency, the Court should still consider the motion on the merits even if Defendant's *ex parte* motion is procedurally deficient." (Dkt 252 at 6). But Defendants have not filed a "motion". The deadline for filing of dispositive motion has lapsed. Rule 6(b) mandates that "any *post* deadline extension must be `upon motion made,' and is permissible only where the failure to meet the deadline `was the result of excusable neglect.'" *Lujan v. National Wildlife Federation*, 497 U.S. at 895-896 at 896, 110 S.Ct. 3177 (*quoting* Rule 6(b)). Defendants cannot simply file an ex parte "request" and obtain the relief they should have sought in a proper Rule 12(b) and Rule 56 motion. *Id*. at 896 n. 5 (Rule 6(b) establishes a clear distinction between "requests" and "motions,") Surely the post-deadline "request," to be even *permissibly* treated as a "motion," must contain a high degree of formality and precision, and explain the excusable neglect claimed. *Smith v. District of Columbia*, 430 F.3d 450, 456 (D.C. Cir. 2005) ("In [ *Lujan*], the Supreme Court noted the distinction between this

6

provision and Rule 6(b)(1), which allows a court to grant an extension if a `request' is made before the time for filing expires."); *Jones v. Cent. Bank*, 161 F.3d 311, 314 n. 2 (5th Cir. 1998) ("[R]ule 6(b)(2) requires that, once a deadline has expired (as occurred in the instant case), leave to file late can be granted only `upon motion made.' The Supreme Court said so explicitly in construing rule 6(b) in [ *Lujan*]. . . . In other words, there is no discretion to grant a post-deadline extension absent a motion and showing of excusable neglect." (*citing Lujan*, 497 U.S. at 896; *ADAPT of Phila. v. Phila. Hous. Auth.*, 511 F.Supp.2d 510, 515 (E.D.Pa. 2007) ("If the moving party does not seek an extension until after the time limit has expired, the court may exercise its discretion only if a motion is made and the moving party proves its failure to comply with the applicable deadline was the result of excusable neglect." (*citing Lujan*, 497 U.S. at 896 n. 5, 110 S.Ct. 3177)).

  Here Defendants must first make a formal motion for extension of time and the district court must make a finding of excusable neglect, under the *Pioneer* factors, before permitting an untimely substantive motion. *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993). Under *Pioneer*, the excusable neglect inquiry must consider "all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

  That Defendants view Mr. Turner's case as a nuisance and imposition is not sufficient ground to relax rules of procedures without a proper showing.

  IV. **Defendants are not entitled to engage in forum shopping**.

  Defendants do not address the law of the case doctrine but posit that "The exercise of [the court's] inherent power [to revisit a prior erroneous interlocutory order] is especially appropriate when the case was reassigned to a different judge – as it was in this case – who is charged with the responsibility of conducting the trial

to its conclusion." (Dkt 252 at 6). *First*, the attack on Magistrate Rosenberg's jurisdiction is meritless. The authority that a magistrate judge exercises is the jurisdiction of the district court itself, delegated to the magistrate judge by the district judge under governing statutory authority and local rules of court. 28 U.S.C. § 636 and 18 U.S.C. § 3401. Here Hon. Rosenberg did not conduct a Trial to which Defendants have not consented, F.R.C.P. Rule 73, but made a Report and Recommendation in accordance with delegation by the court: Defendants had the ability to object and received a decision by Judge Selna. *Second*, Defendants do not faithfully describe *Castner v. First Nat'l Bank of Anchorage*, 278 F.2d 376, 379-80 (9th Cir. 1960). In *Castner*, the Ninth Circuit held that the preclusive effect of an interlocutory holding by another court in the same case may not apply where either cogent reasons or exceptional circumstances exist such that a second judge may set aside or reverse a prior ruling by a colleague in the same case. *Id*. *Preaseau v. Prudential Ins. Co. of Am*., 591 F.2d 74, 7980 (9th Cir. 1979). The Ninth Circuit cautioned however: "We note[] that generally one judge should not overrule the prior decisions of another sitting in the same case because of the "principles of comity and uniformity [which] . . . preserve the orderly functioning of the judicial process." Castner, 278 F.2d at 379-80. However, one judge may "overrule the order of another under proper circumstances," and where the successor judge is asked to overrule the earlier order, "the question becomes one of the proper exercise of judicial discretion. " *Id*. at 380. Defendants have not filed a proper motion for reconsideration and have not explained what cogent or exceptional reasons exist to overturn not one but two judges' decisions.

On 14 January 2019 Hon. Magistrate Judge Rosenberg issued a Report and Recommendation recommending that Defendants' motion be denied, (Dkt. No. 166), and specifically found as follows:

Construing the evidence in the light most favorable to Plaintiff, he has

submitted evidence that prison staff refused to give him a 602 Form after the cell extraction. After he obtained a 602 form from a neighboring inmate through a fishing line and submitted it on June 29, three days after the incident, Plaintiff states that he did not receive a response. He tried to follow up with two GA-22 forms to the Warden but received no response. 'When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies.'

(*Id*. (quoting *Andres,* 867 F.3d at 1079 and collecting cases)).

Of relevance to this ex parte application, Magistrate Rosenberg explicitly denied Defendants' request for an *Albino* evidentiary hearing:

Defendants' new evidence, however, pertains to the exhaustion of a claim that has been dismissed. **Plaintiff's evidence regarding the frustration of his earlier attempts to file a timely grievance regarding his excessive force claims remains uncontroverted. Accordingly, an evidentiary hearing to decide disputed factual questions is unnecessary**. (Dkt. No. 166 at 14) (emphasis added).

Defendants' filed objections and Hon. Judge Selna overruled the objections in full finding that "**Defendants do not dispute Plaintiff's evidence as to his appeal submitted on June 29, 2010 based on excessive force during the cell extraction**." (Dkt 177 at 2). Defendants continue to insist that both are incorrect. The two declarants, however, strategically elected not to address or disprove Plaintiff's uncontroverted assertions made under penalty of perjury regarding the 29 June 2010 grievance. Ms. Voong, implied that Mr. Turner did not exhaust at all his remedies relying only on her search of level III appeals: "By reviewing the IATS database, I am able to verify the status of an appeal *received by the OOA*." (Dkt. 116 ¶¶11, 14) (emphasis added) Only after Mr. Turner provided evidence of consistent prescreening at institutional levels I and II and referenced as an example

9

appeal log no. LAC-A 10-1651, (ECF No. 136 at 76-78, 98, 130-131), did Defendants change tune. Presenting a declaration from Ms. Curiel, Defendants claimed that the 1 October 2010 grievance is the one that Plaintiff has submitted in relation to the cell extraction incident. (Dkt 165-1) Yet, the evidence show that the RVR allegedly issued on 6-26-2010 was not served on Mr. Turner until 30 July 2010, thus after he submitted the mysteriously "missing" initial grievance. (Dkt 165-1 PAGE ID 1445, 1461) But the evidence presented by Ms. Curiel clearly show that Mr. Turner's many grievances --informal and at the I and II institutional levels-- we not assigned log number and the printout does not reflect those that were screened out and returned. (Dkt 165-1 PAGE ID 1469). Furthermore, Defendants evidence show that every II level decision that Mr. Turner pursued that was denied he appealed and exhausted at the 3rd level. Plaintiff's pattern of action clearly support that he would have exhausted any claim regarding the 26 June 2010 excessive force if he had received a response. Defendants have still presented no evidence to controvert the account by Plaintiff regarding his thwarted efforts to file a grievance on and after 29 June 2010. Neither Ms. Voong nor Ms. Curiel assert how they did perform a search to determine that the original grievance was not returned. Neither declaration asserts that they inquired of the individuals in the unit that would have dealt with Mr. Turner or what safeguards were in place in 2010 and early 2011 to prevent the grievance-process abuse pattern and practice Mr. Turner complaint of. Of note: an OIG report included in Mr. Turner's MSJ fully corroborates the deficiencies and problems with screening out of meritorious grievances by prison officials. (Dkt 136 at 108) ("Most noticeably, the system lacked accountability: it did not provide a means by which inmates could prove they had filed an appeal nor a means by which employees could refute inmates' claims of lost or mishandled appeals.")

**Conclusion**

The court should deny Defendants' ex parte request. Plaintiff waives further

oral arguments on said issue. Should the Court find that waiver or forfeiture did not occur, the Court must order Defendants to file a proper motion to explain the reason for a post-deadline motion and/or reopen discovery and re-set the motion deadline. If so, Plaintiff requests 90 days to conduct the following discovery: (1) no more than 5 request for document production and (2) the deposition of Ms. Voong and Ms. Curiel on the issue of the procedure use to "search" for the missing 29 June 2010 grievance and safeguards in place to prevent improper screening. Each deposition to last no more than 90 minutes each.

NOTICE

The undersigned, Nicolette Glazer, is currently self-isolating for 10 days due to symptoms consistent with COVID-19 infection that first occurred on Sunday, 31 October 2021 and have persisted, including but not limited to fever. Substitute counsel will be present at 5 November 2021 hearing. Absent complications, counsel will be ready to proceed at trial as currently scheduled on 15 November 2021 (on trailing docket)

Dated: 3 November 2021

Respectfully submitted,

LAW OFFICES OF LARRY R. GLAZER

*s/Nicolette Glazer*
Nicolette Glazer
*Attorneys for Plaintiff LaFonzo Turner*